*Fee Paid*

# 21 CV 01760

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Boris Gerasimov

_____

Write the full name of each plaintiff.

-against-

Amalgamated Housing Corporation

Norris McLaughlin & Marcus Law Firm

Morris Duffy Alonso & Faley Law Firm

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

## COMPLAINT

Do you want a jury trial?
☐ Yes   ☑ No

<table>
<tr><td>NOTICE</td></tr>
<tr><td>

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

</td></tr>
</table>

Rev. 1/9/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

28 USC 1331va,  violation of 14th AMENDMENT, DUE PROCESS and EQUAL PROTECTION CLAUSES
_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of


_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

**If the defendant is an individual:**

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

**If the defendant is a corporation:**

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

**If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.**

## II.   PARTIES

### A.   Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| Boris | | Gerasimov |
|---|---|---|
| First Name | Middle Initial | Last Name |

3985 Gouverneur Ave. Apt. 11B

Street Address

| Bronx | NY | 10463 |
|---|---|---|
| County, City | State | Zip Code |

| 718-548-1271 | borisgerasimov@yahoo.com |
|---|---|
| Telephone Number | Email Address (if available) |

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

Amalgamated Housing Corporation

First Name                          Last Name

Current Job Title (or other identifying information)
98 Van Cortland Park South
Current Work Address (or other address where defendant may be served)
Bronx                          NY                     10463
County, City                    State                  Zip Code

Defendant 2:

Norris McLaughlin & Marcus Law Firm

First Name                          Last Name

Current Job Title (or other identifying information)
7 Times Square, 21st Floor
Current Work Address (or other address where defendant may be served)
New York                       NY                     10022
County, City                    State                  Zip Code

Defendant 3:

Morris Duffy Alonso & Faley Law Firm

First Name                          Last Name

Current Job Title (or other identifying information)
101 Greenwich Street, 22nd Floor
Current Work Address (or other address where defendant may be served)
New York                       NY                     10006
County, City                    State                  Zip Code

**Defendant 4:**

| | |
|---|---|
| First Name | Last Name |

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| | | |
|---|---|---|
| County, City | State | Zip Code |

## III. STATEMENT OF CLAIM

Place(s) of occurrence: **Supreme Court of NY State, Bronx County**

Date(s) of occurrence: **February 26, 2019**

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

For five years defendant, Amalgamated Housing Co-op, legally represented by co-defendant Norris McLaughlin Law Firm (NMM) improperly used the Bronx Housing Court as an instrument for harassing plaintiff Boris Gerasimov and his wife Ekaterina Gerasimov with three fraudulent eviction proceedings based on frivolous matter, namely, not actionable playing piano in plaintiffs' apartment in permitted time misrepresented as actionable "noise" and "nuisance". The first #30891/12 was dismissed without prejudice. The second proceeding #32573/13 was dismissed with prejudice by the Hosing Court. The third Petition Holdover #16124/17 was filed and fully proceeded in violation of Res Judicata principle as the result of committed fraud upon the court by the NMM associate attorney Mr. Dean M. Roberts. The case was dismissed with prejudice on tangential ground. This outcome provided defendant with possibility to continue harassment of plaintiffs in the Bronx Housing Court. Plaintiffs filed Complaint with the Bronx County SUPREME COURT under index #300165/2018. In this action defendant Amalgamated Housing Corporation was legally represented by co-defendant Morris Duffy Alonso & Faley Law Firm. As a result of committed by attorney, MDAF partner Mrs. Elizabeth A. Filardi the next count of fraud on the court, the judge adjudicated and dismissed plaintiffs' Complaint without consideration. Plaintiffs filed Appeal with the APPELLATE DIVISION FIRST DEPARTMENT. As a result of committed by attorney, MDAF partner Mrs. Iryna S. Krauchanka the next count of fraud upon the court Plaintiffs-appellants' Brief was not considered by the Appellate Court, and on February 4, 2020 the Appeal #300165/2018 was dismissed on perjurious ground of plaintiffs' ostensible failure to comply with the prior Appellate Court's decision from October 1, 2019.

During this litigation plaintiffs were denied protection of the most basic tenets of jurisprudence: the Law of Evidence, the Doctrine of Res Judicata, the Doctrine of Unclean Hands, the statute NY Pen. § 210.10 /perjury/, 18 U.S. Code §1621 /Perjury generally/, the statute of Mail fraud 940. 18 U.S.C.  section 1341, and implicative protection by Elder law.

Plaintiff Boris Gerasimov believes that his constitutional right for fair trial guaranteed to all citizens of the United States by the United States Constitution, 14th Amendment, Due Process and Equal Protection Clauses was violated.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Emotional distress.  Plaintiff Ekaterina Gerasimov died in June 2020;
Damages to health. Both plaintiffs Boris and Ekaterina Gerasimov suffered with HBP;
Also, special injuries as stated in attached Complaint #300165/2018

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

1) To set aside for fraud on the court judgment on initial Complaint  #300165/2018 issued by the BRONX COUNTY SUPREME COURT on February 26, 2019;
2) Plaintiff claims payment of compensatory damages done to Plaintiffs by defendant Amalgamate Housing Corporation in amount of $1,000,000, done to Plaintiffs by co-defendant Norris McLaughlin Law Firm in amount of $1,000,000, done to Plaintiffs by co-defendant Morris Duffy Alonso & Faley Law Firm in amount of $1,000,000:  and
3) punitive damages to be paid to the USDC SDNY by co-defendant Norris McLaughlin Law Firm in amount of $9,000,000, and by co-defendant Morris Dufy Alonso & Faley Law Firm in amount of $9,000,000 for damages done to the New York State Judicial System.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| March 01 2021 | |
|---|---|
| Dated | Plaintiff's Signature |
| **Boris** | | **Gerasimov** |
| First Name | Middle Initial | Last Name |
| **3985 Gouverneur Avenue, Apartment 11B** | | |
| Street Address | | |
| **Bronx** | **NY** | **10463** |
| County, City | State | Zip Code |
| **(718)548-1271** | **borisgerasimov@yahoo.com** | |
| Telephone Number | Email Address (if available) | |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☑ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Sworn to and Subscribed before me
this 1st day of March 2021

Patrick Ezinwa

PATRICK EZINWA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01EZ6216964
Qualified in Bronx County
Commission Expires February 01, 2022

Page 7

UNITED STATES DISTRICT COURT
FOR THE SOTHERN DISTRICT OF NEW YORK

---

**BORIS GERASIMOV**
3985 Gouverneur Ave, Apartment 11B
Bronx, NY 10463
Tel: (718) 548-1271
e-mail: borisgerasimov@yahoo.com
      plaintiff *pro se*


against:


**AMALGAMATED HOUSING
CORPORATION**
98 Van Cortlandt Park South
Bronx, New York 10463
Tel: (718) 796-9300
      defendant,


**NORRIS MCLAUGHLIN LAW FIRM**
7 Times Square, 21st Floor
New York, NY 10022
(212) 808-0700
      co-defendant,


**MORRIS DUFFY ALONSO & FALEY
LAW FIRM**
101 Greenwich Street, 22nd Floor
New York, NY 10006
(212)766-1888
      co-defendant

---

Index No.

**28 USC §1331:**

**VIOLATION OF
US CONSTITUTION,
14th AMENDMENT**

with underlying

**CIVIL MALICIOUS PROSECUTION**
committed by defendant,

aggravated with imposition of

**MULTIPLE COUNTS OF
FRAUD ON THE COURT**
committed by co-defendants

# COMPLAINT

The complaint of plaintiff Boris Gerasimov respectfully shows
and alleges as following:

1

# TABLE OF CONTENTS

I.  LEGAL STANDARD AND DEFINITIONS (points i–xvi)............……................... **page** 3

II. INTRODUCTORY STATEMENT.  HISTORY OF UNDERLYING MATTER
     #300165/2018 (points 1-29) ..................................................................................... 8

III. FRAUD ON THE COURT IN PRIOR UNDERLYING CASES
     #31890/12, #32573/13, #16124/17 (points 30-35) ........................................ 23

IV. FRAUD ON THE COURT IN UNDERLYING MATTER
     #300165/2018 continued) (points 36-49).................................................... 27

V. FACTUAL CONTENT OF APPEAL #300165/2018 (point 50) ........................................ 36

VI. PROCEDURAL HYSTORY OF APPEAL #30165/2018 (points 51-59…….................... 38

        MULTIPLE PERJURIES IN DEFENDANT-APPELLEE'S
        MOTION TO DISMISS (#2) (points 60-97) ...................................................... 43

     PROCEDURAL HISTORY OF APPEAL #300165/2018 (continued) (points 98-107)..... 59

VII. INFERENCE (overview) (points 108-118) ................................................ 64

VIII. SUMMARY. FRAUD ON THE COURT IN APPEAL #300165/2018 (pts. 119-125).... 67

IX. CONCLUSION (points 126-130) ............................................................. 72

      VERIFICATION........................................................................................ 76

EXHIBIT "**A**" Plaintiffs' initial Complaint #300165/2018 (Excerpts)
EXHIBIT "**B**" Plaintiffs' motion to strike NMM's defense (#1) (Excerpts)
EXHIBIT "**C**" Plaintiffs' cross motion for Summary Judgment (#2) (Excerpts)
EXHIBIT "**D**" Plaintiffs cross motion to strike entire defense (#3) (Excerpts)
EXHIBIT "**E**" Appealed Decision on Complaint #300165/2018
EXHIBIT "**F**" Plaintiffs-appellants' Replacement Brief (Excerpts)
EXHIBIT "**G**" Replacement APPENDIX I (Excerpts)
EXHIBIT "**H**" Replacement APPENDIX II (Excerpts)
EXHIBIT "**I**" Plaintiffs-appellants' cross motion to strike (#1) (Excerpts)
EXHIBIT "**J**" Plaintiffs-appellants' motion for Default Judgment (#2) (Excerpts)
EXHIBIT "**K**" 22 NYCRR 1250.7: CPLR 5526
EXHIBIT "**L**" Plaintiffs-appellants' motion for Reconsideration (#3) (Excerpts)
EXHIBIT "**M**" Respondents' Excerpt and motion for *pre*-Answer Dismissal of case #16124/17
EXHIBIT "**N**" Co-defendant NMM's Verified Answer
EXHIBIT "**O**" Defendant's Verified Answer and Demands (Excerpts)
EXHIBIT "**P**" Defendant-appellee's motion to strike (#1) (Excerpts)
EXHIBIT "**Q**" Defendant-appellee's Affirmation in Support (#1) (Excerpts)
EXHIBIT "**R**" Defendant-appellee's motion to dismiss (#2) (Excerpts)
EXHIBIT "**S**" Case File #300165/2018; INDEX of entry 03.06.2019
EXHIBIT "**T**" E-mail exchanges between parties (evidence of mail fraud)
EXHIBIT "**U**" Affidavits of Service to plaintiffs' wrong address
EXHIBIT "**V**" Decision/Order on underlying eviction case #16124/17 (Excerpt)
EXHIBIT "**W**" Defendant AHC's Affirmation in Reply (Excerpt)
EXHIBIT "**X**" Co-defendant MDAF's Envelope (evidence of mail fraud)
EXHIBIT "**Y**" Plaintiffs' Damages as stated in Complaint #300165/2018
EXHIBIT "**Z**" Corruption of AHC Administration

# I. LEGAL STANDARD AND DEFINITIONS

Under Article III of the Constitution, federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States..." US Const, Art III, Sec 2. The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to hear any case in which there is a federal ingredient. Osborn v. Bank of the United States, 9 Wheat. (22 U.S.) 738 (1824).

28 USC 1331 - The Statutory Component

For federal question jurisdiction to exist, the requirements of 28 USC 1331 must also be met. This statute gives federal courts jurisdiction only to those cases which "aris[e] under" federal law. 28 USC 1331. This requirement has been found to be narrower than the requirements of the constitution. The Supreme Court has found that a "suit arises under the law that creates the cause of action," American Well Works v. Layne, 241 US 257 (1916), and therefore, only suits based on federal law, not state law suits, are most likely to create federal question jurisdiction, Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908).

... the plaintiff's initial complaint must contain the references to the federal question and the federal issue evoked. This requirement was established in *Louisville & Nashville R. Co. v. Mottley*, and as such it is often referred to as the "Mottley Rule."

## i. US CONSTITUTION, 14th AMENDMENT, DUE PROCESS AND EQUAL PROTECTION CLAUSES:

**Section 1**

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## ii. FRAUD UPON THE COURT:

(Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985)

"Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

(ROBERT BURKE v. UNITED STATES OF AMERICA, CIVIL ACTION NO. 96-3249):
Almost all of the principles that govern a claim of fraud on the court find their genesis in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). The principles are:

"In order to meet the necessarily demanding standard for proof of fraud upon the court ... there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. We further

3

conclude that a determination of fraud on the court may be justified only by "the most egregious misconduct directed to the court itself," and that it "must be supported by clear, unequivocal and convincing evidence."

### iii. the DOCTRINE OF RES JUDICATA:

The doctrine of *res judicata* is similar to the <u>criminal law</u> concept of <u>double jeopardy</u>, but in a <u>civil law</u> setting. *Res judicata* bars any party to a <u>civil lawsuit</u> from suing again on the same claim or issue that has previously been decided by the court. This includes any issue that was heard and decided in the first lawsuit, even if the subsequent lawsuit attempts to state different reasons the party should prevail.

### iv. the DOCTRINE OF UNCLEAN HANDS:

Also known as the "clean hands doctrine" and the "dirty hands doctrine." An equitable defense that bars relief to a party who has engaged in inequitable behavior (including fraud, deceit, unconscionability or bad faith) related to the subject matter of that party's claim. ... Although the unclean hands doctrine is typically an affirmative defense asserted by a defendant, it may also be asserted by a plaintiff in opposition to an equitable defense such as estoppel. ...
To prevail, a party must demonstrate that its opponent engaged in inequitable behavior that is related to the subject matter of the litigation.

### v. NY CPLR 3211 (a)(1)

A party may move for judgment dismissing one or more causes of action asserted against him on the ground that: 1. a defense is founded upon documentary evidence;

### vi. NY CPLR 3211 (a)(5)

the cause of action may not be maintained because of arbitration and award, collateral estoppel, discharge in bankruptcy, infancy or other disability of the moving party, payment, release, res judicata, statute of limitations, or statute of frauds;

### vii. <u>NY CPLR § 1001 (2012)</u>

§ 1001. Necessary joinder of parties. (a) Parties who should be joined.
Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so he may be made a defendant.

### viii. NYCRR §130-1.1 (c)

(c) For purposes of this Part, conduct is frivolous if:

(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;

(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or

(3) it asserts material factual statements that are false.

### ix. NY PENAL LAW - PEN § 210.10 (Perjury in the second degree)

A person is guilty of perjury in the second degree when he swears falsely and when his false statement is (a) made in a subscribed written instrument for which an oath is required by law, and (b) made with intent to mislead a public servant in the performance of his official functions, and

4

(c) material to the action, proceeding or matter involved.
Perjury in the second degree is a class E felony.

x. 18 U.S. Code § 1621. *Perjury generally*)
Whoever—
(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;
is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both.

xi. STATUTE OF MAIL FRAUD:
18 U.S. Code § 1341.Frauds and swindles:
Whoever, having devised or intending to devise any <u>scheme or artifice to defraud</u>, or for obtaining money or property by means of false or fraudulent pretenses, representations, ... for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service,... shall be fined under this title or imprisoned not more than 20 years, or both.

mail fraud is a criminal offense.


xii. LEGAL DEFINITIONS:

intrinsic fraud: an intentionally false representation that goes to the heart of what a given lawsuit is about, (source: https://en.wikipedia.org/wiki/Intrinsic_fraud )

extrinsic fraud: fraud that is not involved in the actual issues presented to a court and that prevents a full and fair hearing, called also *collateral fraud*, (source: https://dictionary.findlaw.com/definition/fraud.html )

fraud upon the court: fraud involving conduct that undermines the integrity of the judicial process (as by improperly influencing a judge, jury, or other court personnel) *also*: *extrinsic fraud* in this entry, (source: https://dictionary.findlaw.com/definition/fraud.html )

## LEGAL AUTHORITIES:

xiii.
CDR Creances S.A.S. v Cohen 2014 NY Slip Op 03294

Fraud on the court involves willful conduct that is deceitful and obstructionist, which injects misrepresentations and false information into the judicial process 'so serious that it undermines ... the integrity of the proceeding'. (Baba-Ali v. State, 19 NY3d 627, 634 [2012] [citation and quotations omitted] )                                             It strikes a discordant chord and threatens the integrity of the legal system as a whole, constituting 'a wrong against the institutions set up to protect and safeguard the public'. (Hazel-Atlas Glass Co. v. Hartford-Empire, 322 U.S. 238, 246 [1944]; see also Koschak v. Gates Const. Corp., 225 A.D.2d 315, 316 [1st Dept 1996]["The paramount concern of this Court is the preservation of the integrity of the judicial process"]).

The evidentiary standard applied by the federal courts is sufficient to protect the integrity of our judicial system, and discourage the type of egregious and purposeful conduct designed to

undermine the truth-seeking function of the courts, and impede a party's efforts to pursue a claim or defense. We adopt this standard and conclude that in order to demonstrate fraud on the court, the non-offending party must establish by clear and convincing evidence that the offending 'party has acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case and his adversary's defense of the action'. (McMunn, 191 F Supp 2d at 445, citing Skywark v. Isaacson, 1999 WL 1489038, 14 [SD N.Y. Oct. 14, 1999, No. 96 CIV. 2815(JFK) ] affd 2000 WL 145465, 1 [SD N.Y. Feb. 9, 2000).

A court must be persuaded that the fraudulent conduct, which may include proof of fabrication of evidence, perjury, and falsification of documents concerns 'issues that are central to the truth-finding process. (McMunn, 191 F Supp 2d at 445).

Essentially, fraud upon the court requires a showing that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense."

xiv.
**Brooklyn Law Review**
Volume 70 | Issue 2 Article 6
2005
Beyond a Bar of Double-Digit Ratios: *State Farm v. Campbell's* Impact on Punitive Damages Awards
Garrett T. Charon

538 U.S. at 421-22.

Concerning the maximum ratio of allowable punitive to compensatory damages, the Court refused to "impose a bright line ratio," explaining instead that there is:
A long legislative history, dating back over 700 years and going forward to today, providing for double, treble, or quadruple damages to deter and punish. (Citation omitted). While these ratios are not binding, they are instructive. They demonstrate what should be obvious:
        Single digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution ....538 U.S. at 425 (emphasis added).
        The Court made clear that "ratios greater than those we have previously upheld may comport with due process where a particularly egregious act has resulted in only a small amount of economic damages" and "that a higher ratio *might* be necessary where the injury is hard to detect or the monetary value of non-economic harm might have been difficult to determine." 538 U.S. at 425. On the other hand, the Court also explained that when compensatory damages are substantial (as in *Campbell,* where **one million dollars in compensatory damages was allowed for the emotional distress of facing the possibility of financial ruin**), "then a lesser ratio, perhaps only equal to compensatory damages, can reach the outermost limit of the due process guarantee." *Id.*
**The overarching principle is that the "precise award in any case, of course, must be based upon the facts and circumstances of the defendant's conduct and the harm to the plaintiff."** 538 U.S. at 424-25. (emphasis added)

xv. FRCP Rule 60. Relief from a Judgment or Order
        (d)(3) set aside a judgment for fraud on the court.

**B. INDEX** of papers from the entry dated

03/06/2019 Clerk's Minutes , 2 DECISION/ORDERS, STIPULATIONS, 2 AMENDED MOTIONS, 2
X-MOTIONS, AFFIRMATION,
AFFIDAVIT, OPPOSITION, REPLY, MEMORANDUM OF LAW & EXHIBITS

| | | |
|---|---|---|
| 1 | Decision and Order . | page 1 |
| 2 | Stipulation of Adjournment | page 7 |
| 3 | Affidavit of service . | 8 |
| 4 | Plaintiffs' Amended Notice of MSJ (#2) misnumbered as (#1) | 9 |
| 5 | Plaintiffs' Amended Affidavit in support of MSJ . | 11 |
| 6 | Affidavit of service . | 14 |
| 7 | Plaintiffs' Amended Notice of Motion to strike defense (#1) misnumbered as #2 | 15 |
| 8 | Plaintiffs' Amended Affidavit in support of Motion to strike defense (#1) . | 17 |
| 9 | Certificate of service. | 20 |
| 10 | Defendant's Motion for Summary Judgment (MSJ) (#2) misnumbered as #1 | 21 |
| 11 | Defendant's Affidavit of service to Plaintiffs' wrong address . | 37 |
| 12 | Defendant's Affirmation to Cross Motion to Preclude (#1) misnumbered as #2 | 38 |
| 13 | Defendant's Affirmation of Good Faith and Affidavit of service to Plaintiffs' wrong address stated as "designated by said Attorneys for that purpose" | 48 |
| 14 | Plaintiffs' Affirmation of Cross Motion to Strike Entire Defense (#3) | 51 |
| 15 | Plaintiffs' Combined Affidavit in Support of Cross Motion to Strike Entire Defense (#3) | 58 |
| 16 | Plaintiffs' Cross Motion to Strike Entire Defense (#3). | 90 |
| 17 | Defendant's Affirmation in Reply . | 98 |
| 18 | Defendant's Affidavit of Service to Plaintiffs' wrong address. | 107 |
| 19 | Plaintiffs' Memorandum of Law submitted with Cross Motion (#3), pages 2-6, 9 are missing | 109 |
| 20 | Plaintiffs' Memorandum of Law submitted with Cross Motion (#3) title page. | 127 |
| 21 | Plaintiffs' Exhibit "A" (Refutation of 24 Affirmative Defenses) related to Motion for Summary Judgment (MSJ) (#2) mistitled as related to "Amended Motion 1". | 128 |
| 22 | Plaintiffs' title page of Exhibits to MSJ (#2) mistitled as related to "Amended Motion 1". | 137 |
| 23 | Co-Defendant's (NMM) perverted Verification of VERIFIED ANSWER. | 138 |
| 24 | Plaintiffs' Exhibit "B" related to MSJ (#2) mistitled as related to "X-Motion 1". | 139 |
| 25 | Plaintiffs' SUMMONS and COMPLAINT #300165/2018. | 141 |
| 26 | Defendant's Verified Answer and Cross Claims. | 193 |
| 27 | Defendant's Demand for Bill of Particulars (wrong mailing address on the last page | 203 |
| 28 | Defendant's Notice to take Deposition with Plaintiffs' wrong mailing address on the last page | 211 |
| 29 | Defendant's Demand for Discovery with Plaintiffs' wrong mailing address on the last page | 213 |
| 30 | Co-Defendant's (NMM) Verified ANSWER (caption states AHC and NMM as Defendants | 223 |
| 31 | Plaintiffs' title page of non-amended Notice of Motion to Strike defense (#1). | 227 |
| 32 | Plaintiffs' title page of non-amended Notice of Motion for Summary Judgment (MSJ) (#2). | 228 |
| 33 | RJI . | 229 |
| 34 | Defendant's Notice of Cross Motion to preclude and to compel (#1) with Plaintiffs' wrong mailing address on the last page. | 232 |
| 35 | Miscellaneous Exhibits (redundant). | 235 |
| 36 | Redundant display of papers 25 - 33 (from Plaintiffs' SUMMONS to RJI). | 252 |
| 37 | Defendant's (AHC) letter to Co-Defendant (NMM) on outstanding Demand for Discovery | 343 |
| 38 | Plaintiff's electronic reply to the AHC letter raising the issue of serving Defendants' correspondence to Plaintiffs' wrong mailing address. | 345 |
| 39 | Exhibit: Plaintiffs' Motion for pre-trial dismissal of underlying Petition Holdover #16124/17 | 348 |
| 40 | Plaintiffs' Motion for Recusal of Resolution judge E.J Tao from underlying case #16124/17 | 358 |
| 41 | Memorandum of Law related to Motion for Recusal | |

## II. INTRODUCTORY STATEMENT

### HISTORY OF UNDERLYING MATTER #300165/2018

1. On September 25, 2018 plaintiffs *pro se* Boris and Ekaterina Gerasimov filed with the SUPREME COURT OF THE CITY OF NEW YORK COUNTY OF BRONX Complaint under docket #300165/2018 titled "MALICIOUS PROSECUTION with two counts of imposing FRAUD UPON THE COURT". (see details in Exhibit "A", page 5, points 1-2, Complaint #300165/2018, introductory statement).

2. Plaintiffs named two indispensable responsible parties bound by client/attorney relationship: defendant Amalgamated Housing Corporation (further "AHC" or "AMALGAMATED"), and co-defendant Norris McLaughlin & Marcus Law Firm (further "NMM"). (see details in Exhibit "A", pages 5 – 6, points 3-4; and Exhibit "F", pages 43-44, points 11-14).

Complaint was a *prima facie* document, eligible for summary judgment as a matter of law in plaintiffs' favor on the legal ground of NY CPLR 3211(a)(1)/*cause of action founded upon documentary evidence/*. Alleged in Complaint civil malicious prosecution of plaintiffs committed by defendant AHC, and aggravated with imposing two counts of fraud upon the court committed by co-defendant NMM in underlying fraudulent eviction proceedings, were supported by court papers – undeniable documentary evidence of committed by AHC/NMM legal violations.

The case was assigned to judge Hon. Lucindo Suarez.

8

3. Complaint was answered by defendant AHC and co-defendant NMM.

4. Co-defendant NMM's Verified Answer (Exhibit "N") dated by October 24, 2018, was served nine (9) days late, after written request addressed by plaintiff Boris Gerasimov to NMM Law Firm Chairman Mr. John N. Vanarthos on October 17, 2018:

jnvanarthos@norris-law.com

Re: Regarding the case #300165/2018 against NMM

On Wednesday, October 17, 2018, 08:13:29 PM EDT, Boris Gerasimov <borisgerasimov@yahoo.com> wrote:

Dear Mr. John N. Vanarthos,

This is to inform you for the second time as the Chairman of NMM Law Firm that on September 25, 2018 I have commenced a lawsuit #300165/2018 in the Bronx Supreme Court against NMM client the Amalgamated Housing Corporation (Defendant) and the NMM (Co-Defendant).

Initial papers were served to the NMM office in Manhattan to the attention of NMM associate Attorney Mr. Dean M. Roberts who is the Attorney for the record in the underlying case #16124/2017 in the Bronx Housing Court.

The return date for the Answer in instant case was set as October 15, 2018.
Today is October 17, 2018. So, the Co-Defendant is already late.

As the self-represented Plaintiff I will appreciate your reply informing me if there is any reason for the delay in serving the Answer, and, also, to whom if not you I should address further questions regarding the instant proceeding.

If this message is not replied, I will have no choice but pursuant to NY CPLR §3215 to move the Court for Default Judgment.

Thank you.
Sincerely,

Boris Gerasimov

3985 Gouverneur Ave., Apt. 11B
Bronx, NY 10463
Tel: (718)548-1271
e-mail: borisgerasimov@yahoo.com
Date: October 17, 2018

Plaintiff's message to Mr. John N. Vanarthos was responded with the NMM's actions explored here:

9

5.  Submitted by co-defendant NMM on October 24, 2018, Verified Answer was signed
and perversely verified by NMM associate attorney Mr. Dean M. Roberts. Point 13
(Tenth Affirmative Defense) in the Answer contained *perjury* (see accompanying
EXHIBITS, Exhibit "N", page 84, specifically page 86) (QUOTE):


```
"The Plaintiffs have breached their obligations under the
terms of their Occupancy Agreement and that has directly
caused damage to the Defendants."
```


6. Perjury in this statement is proven with the court paper: final Decision made by the
Bronx Housing Court on related underlying eviction proceeding #16124/17 commenced
by defendant AMALGAMATED co-op against its tenants Boris and Ekaterina
Gerasimov. (Exhibit "V", page 112). The verdict reads (Quote):


> The credible evidence adduced at trial proved that respondents play their
> piano only during hours permitted in their occupancy agreement.  While their
> piano playing annoys their neighbors in apartment 10C, it does not violate the
> occupancy agreement or constitute a nuisance and accordingly, as will be
> explored below, the petition is dismissed.


7.  Signed by attorney Mr. Dean M. Roberts VERIFICATION shows verification of
plaintiffs' Complaint instead of NMM's Answer. The trick, intended for shielding Mr.
Roberts from warranted felony charges for committed perjury, in no way could be taken
for unpremeditated accidental mistake, as, technically, key strokes consciously done by
Mr. Roberts' hand were necessary to do it:

10

## VERIFICATION

STATE OF NEW YORK        )
                                             ) ss.:
COUNTY OF NEW YORK   )

           Dean M. Roberts, being one of the attorneys for the Defendants herein, hereby affirms under the penalties of perjury and pursuant to CPLR 2106 that he has read the foregoing Complaint and knows the contents thereof, and that upon information and belief, the same are true.  The source of your affirmant's information and belief are oral statements, books and records furnished by the Defendants, its agents and/or employees and material contained in the office files.  This affirmation is made pursuant to CPLR 3020 (c)(3) as the Defendant is a corporation that maintains its offices in a county different than their attorneys.

Dated: New York, New York
      October 24, 2018

                                         Dean M. Roberts

Sworn to before me this
24th day of October 2018

Notary Public

MADELINE GONZALEZ
Notary Public, State of New York
Registration #01GO6354371
Qualified In Nassau County
Commission Expires Feb. 6, 2021

9694518_1

---

8.  Today in visible online (www.bronxcountyclerkinfo.com/law) Case File Summary #300165/2018  NMM's Verified Answer, displayed in the entry dated 12/10/2018, is missing page 4 containing attorney Mr. Roberts' perverse Verification. Evidently, the

11

case record was *purged*. Purged court record provides documentary evidence of violation – presumably by attorney Mr. Roberts – of NY PEN § 215.40, which reads:

A person is guilty of tampering with physical evidence when:

2.   Believing that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person.

Tampering with physical evidence is a class E felony.

9. Visible on the web site www.bronxcountyclerkinfo.com/law court copy of the NMM Verified Answer is *not verified* – therefore, by the Court Rules *is not admissible for filing*. (see in Exhibit "N", page 84, original paper *next* to the tampered version).

10. Tampered court record provides documentary evidence to the allegation that in proceeding case #300165/2018 in the BRONX SUPREME COURT fraud committed by co-defendant NMM was "directed to the judicial machinery itself..." (see point ii above: Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), so, that the Office of the Court Clerk became complicit.



11. NMM's perjurious and perversely verified Answer to Complaint was duly replied with plaintiffs' motion to strike defense (sequence #1) dated by December 6, 2018, requesting court "to strike entire defense against Complaint #300165/2018 stated by Attorney for Co-Defendant NMM Mr. Dean M. Roberts in his ANSWER". (see Exhibit

"**B**", pages 16-17).

12. Perversely verified Answer was the one and only document submitted to court by co-defendant NMM. In further proceeding matter #300165/2018 in the BRONX SUPREME COURT, and later in the APPELLATE COURT, co-defendant Norris McLaughlin Law Firm *disappeared from procedure as an acting party* (see details in points 46-48 below). Disappearance from proceeding #300165/2018 of NMM as an indispensable responsible party was a blatant violation of 2013 NY CPLR, Article 10, § 1001 (*necessary joinder of parties*), the FRCP Rule 19(A)(1)/*Required Joinder of Parties*/, and therefore, of the 14th Amendment, the DUE PROCESS Clause.

13. Later, in violation of NY Pen. Law §175.15 /*forgery in the first degree*/ (which is a class C felony), plaintiff's motion to strike defense (sequence #1) arguing perversely verified <u>Co-Defendant's</u> ANSWER was *mistitled* by the judge Hon. Lucindo Suarez as "Plaintiffs' motion to strike <u>Defendants'</u> defenses":

> [1] Plaintiffs' motion to strike Defendants' defenses and AHC's cross-motion to preclude and compel ("Motion Sequence # 1") are respectively denied as said motions were made in derogation of the published rules of the Labor Law, Products Liability, and Non-Medical Professional Malpractice Part Rules regarding discovery related-Motions. Therefore, Motion Sequence # 1 will not be addressed herein.

and not considered *on bogus legal ground* with using paralogism of *"fallacy of combination"*. (see Exhibit "E", page 34, Court Decision from 2/26/2019).



14. Submitted by defendant AHC Verified Answer combined with Demand for Bill of Particulars and Demand for Discovery, dated by October 18, 2018, (Exhibit "O", page

13

89) was served to plaintiffs about this date.

AHC's Verified Answer was signed by attorney for AMALGAMATED Mrs. Elizabeth

A. Filardi, a partner with co-defendant in instant Complaint MDAF Law Firm.

Court record shows that the AHC's Answer was actually filed with the Court almost two

months later, on December 10, 2018, on the same day as plaintiffs' RJI and perversely

Verified NMM's Answer (see www.bronxcountyclerkinfo.com/law).

15. Matter #300165/2018 was a paper case. Thus, AHC's and NMM's papers were held

in the Court Clerk's Office for about two months, and filed, presumably, *after being*

*directed* to do so. Thus, obviously, handling the documents submitted to court in case

#300165/2018 was *controlled from outside* the Office of Court Clerk and the Motion

Support Room 217.

⟺

16. AMALGAMATED's Demand for Bill of Particulars and Demand for Discovery

contained *perjury*, which is a class E felony (see www.bronxcountyclerkinfo.com/law, entry

titled "VERIFIED ANSWER & CROSS CLAIMS" dated 12/10/2018, and Exhibit "O", pages

93-95, points 1-12, point 7 specifically) as the *basis* for fraudulent demand from plaintiffs of

forty-three (43) documents with information about *unspecified car accident,* never alleged

in plaintiffs' Complaint. Thus, AHC's fraudulent Demands were *totally unrelated* to the

14

subject matter of Complaint, which was: civil malicious prosecution of plaintiffs committed by defendant AHC in the Bronx Housing Court and aggravated with two counts of fraud upon the court committed by co-defendant NMM.

Evidently, AHC's fraudulent papers were submitted in violation of CPRL 3211(a) (5)/*fraud*/, NY PEN § 210.10/perjury/, 18 U.S. Code § 1621 /*Perjury generally*/, and of the FRCP Rule 8. (b)(2) /*Responding to the substance*/, therefore, in violation of 14th Amendment, DUE PROCESS Clause.

17. AMALGAMATED's Verified Answer was duly replied with plaintiffs' motion for Summary Judgment (sequence #2) dated by December 13, 2018, which stated irrelevancy of the AHC Answer to the subject matter of Complaint #300165/2018. (see Exhibit "C", pages 18-19, point 18).

18. Plaintiffs' motion for Summary Judgment (sequence #2) was confronted with two AMALGAMATED's cross motions: 1) cross motion to Preclude and Compel (sequence #1), (see www.bronxcountyclerkinfo.com/law, entry dated 03/06/2019, page 38) *frivolously* requesting dismissal of Complaint on the *false ground* of plaintiffs' ostensible failure to respond to fraudulent AHC's Demands for Discovery and Bill of Particulars, and 2) cross motion (sequence #2), (see www.bronxcountyclerkinfo.com/law, entry dated 03/06/2019, page 21) requesting summary judgment with perjurious statement (QUOTE): "...there are no triable issues of fact in instant matter, thus warranting summary judgment for defendant AHC." (UNQUOTE) (Exhibit "G", page 49).

This falsity in AHC's cross motion (#2) was exposed in the "ENTITLEMENT" section

15

of followed plaintiffs' cross motion to strike entire defense (sequence #3)

(Exhibit "D", pages 22-24, Combined Affidavit in support), (QUOTE):

> 5. This statement is frivolous, as for defense to be entitled for summary judgment
> Defendant first must disprove all the allegations of material factual fraud and of
> Fraud Upon the Court stated in the Complaint #300165/2018. Failure to do so
> entitles entire defense in this lawsuit to nothing but to be stricken in pursuance to
> CPLR 3211(a)(5)/*fraud*/, as a pleading based on fraud "*cannot be maintained*."
>
> 6. Defendant failed to disprove allegations of material factual fraud and of Fraud
> Upon the Court stated in the Complaint #300165/2018, as the following proves.
>
>        Therefore, entire defense in instant lawsuit must be stricken pursuant
> to the legal statute CPLR § 3211(a)(5)/*fraud*/, which clearly states that a pleading
> based on fraud and falsity "*cannot be maintained*".

19. Both AMALGAMATED fraudulent cross-motions were dated by January 8, 2019
and filed on January 9, 2019. (see www.bronxcountyclerkinfo.com/law)

20. Plaintiffs' point by point "Response to Defendant's Combined Demand for Discovery
and Demand for Verified Bill of Particulars" presenting to Court exposure of *perjury* in
these AHC's papers was filed on January 14, 2019.  (see www.bronxcountyclerkinfo.com/law,
entry titled Response Plaintiffs', dated 01/15/2019).

21. Filing by AMALGAMATED two based on fraud cross motions was an act of
inequitable behavior against *non-represented* party. Judicially, this impropriety requires
invocation by unbiased judge of the principle of the Doctrine of Unclean Hands as the

legal basis for denial AHC's perjurious cross motion for Summary Judgment (#2).

Point 12 in plaintiffs' Response stated (QUOTE):

> 12    In context of claims in both these Cross-Motions - matter of Defendant's
> DEMAND FOR DISCOVERY and DEMAND FOR VERIFIED BILL OF
> PARTICULARS is nothing but material factual fraud which must be considered by
> Court as a constituent of an actual attempt to defraud the Court.

22. Perjurious nature of AMALGAMATED's cross motion for Summary Judgment (#2)

was exposed in detail by plaintiffs in mentioned above cross motion (#3) filed on

February 5, 2019, which requested Court "to strike entire defense against allegations in

Complaint as based on fraud." (Exhibit "D", pages 20-21) (see also next points 23-29

below).



23. (turning point)

   a) The body text of plaintiffs' cross motion (sequence #3) together with

accompanying Memorandum of Law and Exhibits *disappeared* from the court record,

and *reappeared after* Court Decision from February 26, 2019 was made.

   b) Today this plaintiffs' document is visible in the public record online displayed

ninety (90) pages below Decision/Order. (see www.bronxcountyclerkinfo.com/law, entry titled

Clerk's Minutes, dated by 03/06/2019, pages 90-97).

   c) In plain English, plaintiffs' cross motion (#3) was *hijacked* from judicial

consideration. Removal documents from the docket is a violation of NY Penal Law

17

§215.40 /*tampering with physical evidence*/, which constitutes a class E felony. (see documentary evidence in Exhibit "F", page 46, appellants' Brief, Fact 3, points 20-24).

d)  The entry dated by 03/06/2019 in the Case File Summary #300165/2018 displayed online shows judge Hon. Lucindo Suarez' Decision from 2/26/2019 on top of 367 pages containing case documents of controlling character displayed in chronological disorder, without pagination, without index of titles, *unsearchable* and, thus, *ultimately unusable* for the APPELLATE COURT to perform its judicial function of *seeking the truth*; (see www.bronxcountyclerkinfo.com/law)

e) Unusable condition of the court record #300165/2018 provides documentary evidence of complicity of the Bronx SUPREME COURT Clerk's Office in *obstruction of justice* and perpetration of fraud upon the court in proceeding Complaint #3001265/2018, done with violation of NY Penal Law §195.05 (i) /*obstructing governmental administration in the second degree*/, and of 18 U.S. Code § 1509 - *Obstruction of court orders.*

The *issue* of obstruction of justice was raised later in plaintiffs' Appeal (see Exhibit "F", page 47, appellants' Brief, point 35).

f) Unusable condition of the case record #300165/2018 proves beyond any doubt plaintiffs' allegation that issued later by the APPELLATE COURT Decision/Order from October 1, 2019, and Decision/Order from February 4, 2020, were made *prejudicially.*

18

24. Feloniously removed from judicial consideration plaintiffs' cross motion to strike

entire defense (sequence #3) contained undeniable documentary evidence of committed

by NMM associate attorney Mr. Dean M. Roberts imposition of fraud upon the court in

commencement and further *full-fledged proceeding* of underlying fraudulent eviction

case #16124/17.

Fraudulent eviction case #16124/17 was commenced and completely proceeded with

premeditated violation by attorney Mr. Roberts of NY CPLR 3211 (a)(5)/*res judicata/*,

and of NY PEN § 210.10 */perjury in the second degree/* (class E felony).

Petition Holdover #16124/17 stated as the probable cause of action *bogus violation* by

plaintiffs of New York City Administrative Code §§ 27-2005, 27-2013, and New York

Multiple Dwelling Laws § 309.

EXPOSURE:

25. Final Decision of the Bronx Housing Court's on Petition Holdover #16124/17

(Exhibit "V", page 112), issued on May 3, 2018, reads (Quote):

> Petitioner alleged that respondents violated New York Administrative Code
> §§ 27-2005 and 27-2013, Multiple Dwelling Law §309 and paragraphs Fourth
> and Fifth of their Occupancy Agreement and paragraph 14 of the Rules and
> Regulation of the Occupancy Agreement because of complaints received by the
> cooperative of loud and prolonged noise caused by respondents' piano playing.

26. Entry **5** in feloniously *hijacked* Memorandum of Law accompanying plaintiffs' cross

motion (**#3**) (see www.bronxcountyclerkinfo.com/law, entry Clerk's Minutes, dated 03/06/2019,

19

pages 109-110) cited complete texts of NYC Administrative Code §§ 27-2005, 27-2013,

and Multiple Dwelling Law § 309.  Cited here selected paragraphs read (Quote):

a) New York City Administrative Code 27-2005,

"d. The owner of a dwelling shall not harass any tenants or

persons lawfully entitled to occupancy of such dwelling as set

forth in paragraph 48 of subdivision a) of section 27-2004 of

this chapter."

b) New York City Administrative Code § 27-2013 inter
alia reads:

"owner: shall be deemed to (1) Paint or cover the walls and
ceilings with wallpaper or other acceptable wall covering;
and (2) Repaint or re-cover the walls and ceilings whenever
necessary to keep such surfaces sanitary."

c) Multiple Dwelling Law § 309 inter alia reads:

309. Repairs, vacation and demolition of buildings.

a.   The term "nuisance" shall be held to embrace
public nuisance as known at common law or in equity
jurisprudence. Whatever is dangerous to human life or
detrimental to health, ... are also severally, in
contemplation of this law, nuisances. All such nuisances
are unlawful."

Evidently, NYC Administrative Code §§ 27-2005, 27-2013, and Multiple Dwelling Law

§ 309 outline duties of building *owners,* that in no way could be violated by plaintiffs –

AMALGAMATED'S *tenants.* Housing Court Decision on case #16124/17 did not find

any violation by plaintiffs of the Occupancy Agreement. (see point 6 above).

27. Thus, as a result of committed by attorney Mr. Roberts *perjury*, <u>not actionable</u> matter *playing piano* by plaintiffs in apartment in permitted time, *misrepresented as* <u>actionable</u> *"noise"* and *"nuisance"*, has been tried by merits *for the second time*, and *for the second time* was dismissed by Housing Court *with prejudice.*

The probable cause of action #1624/17 stated in the TEN DAY NOTICE TO CURE (EXHIBIT "H", page 50), compared with the same in *prior case #32573/13* (EXHIBIT "H", page 52) shows that both AMALGAMATED's felonious documents demanded plaintiffs to cure the *very same* bogus violation: *playing piano in apartment in permitted time.*

28. Granted *fraudulent* AMALGAMATED's cross-motion for summary Judgment (sequence #2) (correct sequence number is displayed on the Title page of the Court Decision, see point 39 below) (see www.bronxcountyclerkinfo.com/law, entry dated by 03/06/2019, titled Clerk's Minutes, page 21, specifically page 28, or alternatively, Exhibit "G", pages 48/49)

proudly stated:

21

22.     Ultimately, the action under Index Number 16124/2017 was tried.  The Court issued an Order and Decision with regard to this trial on May 3, 2018, a copy of said Order is annexed hereto as **Exhibit "K"**. At trial, Jennifer Rankin testified on behalf of AHC. She testified regarding the termination of the plaintiff's lease as a result of noise complaints. *Id.* Specifically, she testified that Mr. Alfred Cuomo, a neighbor of the plaintiffs, complained about the plaintiff's piano playing in the apartment above his. *Id.* Moreover, these complaints were on going for six (6) or seven (7) ears. *Id.* Mr. Alfred Cuomo then testified on behalf of AHC. Mr. Cuomo testified regarding the plaintiff's piano playing and the time of day when the plaintiff played. *Id.*

23.     Also at the trial, the plaintiff, Boris Gerasimov, then testified on his behalf that he only plays the piano within "legal" hours for doing so. Plaintiff testified that he only plays piano between 10:00 a.m. and 9:00 p.m. for up to four (4) hours per day. After testimony, the Court reserved decision. *See* **Exhibit "K"**.

**NB: (take notice of peculiar writing style of this citation).**

**29. The very fact that *the same* matter was *"ultimately"* tried *twice* by the Bronx Housing Court on merits, and *twice* dismissed *with prejudice,* provides undeniable *documentary* evidence of *actually committed* by co-defendant NMM fraud upon the court resulted in violation of the 14th Amendment, DUE PROCESS and EQUAL PROTECTION Clauses in underlying case #16124/17.**

**(to be continued in point 36 below)**



## III. FRAUD ON THE COURT IN PRIOR UNDERLYING CASES

## #31890/12, #32573/13, and #16124/17

IN DETAIL:

30. Inappropriate use of the Bronx Housing Court as the instrument for harassment and malicious prosecution of plaintiffs by defendant/co-defendant lasted at that point in time for already 5 years.

31. Petition Holdover #16124/17 was the third in the sequence of fraudulent eviction proceedings commenced by AMALGAMATED against plaintiffs, all using the same fraudulent matter: not actionable *playing piano* by plaintiffs in apartment in permitted time *misrepresented* as actionable *"noise" and "nuisance"*.

The first, #31890/12, was commenced on June 4, 2012. In the course of that proceeding plaintiffs became victims of conspiracy between Attorney for AMALGAMATED Mr. Dean M. Roberts and hired by plaintiffs defense attorney Mr. Mark Lazarus. As a result of committed by Mr. Mark Lazarus double-crossing (see www.bronxcountyclerkinfo.com/law, entry titled Summons & Complaint dated 09/25/2018, pages 11-16, points 30-45), Petition Holdover #31890/12  containing *financial fraud* resulted from violation by defendant AHC of NY Penal Law §175.10 /*falsifying business record*/ in the first degree /a class E felony/, was dismissed by resolution judge without prejudice, and without going to the matter. This *pre-arranged* outcome – an evidence of committed fraud upon the court by attorney Mr. Roberts – opened for AMALGAMATED free way for future

23

harassment of plaintiffs in the Bronx Housing Court *ad infinitum*.

Allegedly, this malicious harassment tactics has been successfully practiced against AHC's tenants by the AHC Administration represented in the Bronx Housing Court by attorney Mr. Dean M. Roberts for two decades. (see point 35 below).

Thus, plaintiffs were forced into further pro se litigation.

32. The second underlying fraudulent eviction proceeding #32573/13 commenced in year 2013, presented to Housing Court exactly the same as in prior case #31890/12 facially frivolous probable cause. The case was successfully argued by plaintiffs *pro se*, and its fraudulent matter was discontinued by the Bronx Housing Court's final decision *with prejudice*. see www.bronxcountyclerkinfo.com/law, entry Memo of Law and EXHIBITS, dated 10/01/2018 page 45, points 62-63).

33. Later plaintiff Boris Gerasimov filed with the BRONX SUPREME COURT complaint #303171/2015 claiming Attorney Mr. Lazarus' legal malpractice. The case was assigned to judge Hon. Lucindo Suarez. Used by defense *perjury* was exposed by plaintiff in reply paper "Response in opposition to defendant's motion to dismiss". Plaintiff *pro se* at that time lacked procedural experience and had no idea about judge Hon. Lucindo Suarez' professional ethics. As the next opposition paper was served by defense the day before return date, and the next day was a holiday, plaintiff requested Hon. Lucindo Suarez' permission to adjourn submission of Affidavit over the phone. Judge did not direct plaintiff *pro se* to file the motion to leave the court together with (or prior to) his second reply paper. Thus, plaintiff failed to obtain written confirmation of

24

granted permission. As a result of this faux pas Mr. Lazarus' motion to dismiss *based on proven perjury* was granted, and plaintiff's "Reply affidavit in response" *exposing this very perjury,* was denied by the judge – as submitted *without the leave of court.* This way plaintiff got personal experience with Hon. Lucindo Suarez' professional ethics and integrity. Of course, attorney Mr. Dean M. Roberts was fully aware about case #303171/2015 outcome.



34. The third eviction proceeding #16124/17 commenced by AMALGAMATED against plaintiffs on March 13, 2017, presented to the Housing Court the same as discontinued *with prejudice* in prior case #32573/13 matter: *playing piano* in plaintiffs' apartment *misrepresented as "noise" and "nuisance"* – in blatant violation of CPLR 3211(a)(5)/*res judicata, fraud/* (see www.bronxcountyclerkinfo.com/law, entry titled Memo of Law AND EXHIBITS, dated 10/01/2018, page 22).

35. Unconscionable scheme, designed by attorney Mr. Dean M. Roberts for interference with the judicial system's ability to impartially adjudicate matter presented to the Bronx Housing Court by respondents Boris and Ekaterina Gerasimov in all three underlying eviction proceedings #30890/12, #32573/13, and #16124/17, was exposed in Complaint #300165/2018 in points 103-106 (QUOTE):

*103.*    Definition of tort crime of Malicious Prosecution cited in Memorandum of Law **1, 2** considers only "*the commencement or continuation of a prior proceeding by the defendant.*" The possibility of

total reproceeding in Court *'res judicata'* matter - up to final retrial it by merits - is deemed so remote that the Law does not consider it at all.

For such egregious legal violation to happen, the Court must be manifestly incompetent - which is absurd, or unduly *influenced/deceived* - which rises tort crime of Malicious Prosecution up to the next level of criminality involving imposition of Fraud Upon the Court.

*104.*     Presumably, the source of Defendant's/Co-Defendant's inspiration for initiation, procurement, and completion of tortious case #16124-17 which presented to Court *'res judicata'* matter, was a combination of special circumstances well known to Defendant: a) the fraudulent scheme did work successfully in case #31890/12, b) as alleged in point 44 above, it has been successfully used for 20+ years of continuous representation of AHC by Attorney Mr. D. M. Roberts in the Bronx Housing Court, c) Plaintiffs being not native English speakers, d) defending the case *pro se*, e) lacking background in Law,  f) have limited financial resources and no connections, and, in addition to all this, g) behind-the-scenes Defendant/Co-Defendant could entertain playing card of Plaintiffs' Russian descent. Briefly: assuming Plaintiffs' *total* helplessness under pressure of improperly influenced Court, conspired Defendant/Co-Defendant had no doubt whatsoever that under such a pressure two elderly victims will be broken, *give up and move out.* (see p. 105 below).

This inference explains why malodorous case #16124-17 was in the first place initiated, then procured, and finally brought to completion by Defendant/Co-Defendant, and why as *sui generis* it warrants imposition of punitive damages on Defendant/Co-Defendant in the instant case for all purposes.

DETAILED DESCRIPTION OF FRAUDULENT SCHEME USED BY

CO-DEFENDANT AGAINST PLAINTIFFS

26

*105.*    The *"systematic and pervasive scheme, designed* by Co-Defendant and used against

Plaintiffs *to undermine the judicial process and thwart Plaintiffs' efforts to assert defense"* is as

simple as effective: *1) put fraud into the matter of a case; 2) influence a Judge to overlook it; 3)*

*file it with deceived Court Clerk;* (now a hired Defense Attorney will collude. In case of Defense *pro*

*se* victims will file an Answer which *states committed fraud*, and, so, *the burden of proof is shifted from*

*the accuser to the accused). Improperly influenced Judge* takes care that Defense *pro se* never

"offers sufficient legal basis" (Exhibit 6b) to prove that fraud is fraud – as according to Judge

Tao, "the Court ultimately will not be the trier of fact." (see Exhibit 6 c) (To the best of Plaintiff's

knowledge this gem of judicial cynicism is *sui generis,* as by definition:

https://definitions.uslegal.com/b/bench-trial/ "in trials without jury the judge decides both questions of

facts and questions of law"). As a result, the victim helplessly watches irrefutable Defense

thwarted, the judicial process undermined up to total perversion, and Fraud imposed Upon the

Court finally winning fraudulent case. Next step, if needed, (in case, for example, when victims

are protected from immediate eviction by Elder Law), *4) repeat the first 3 steps persistently*

*until victims are financially broken or get harmed otherwise, give up and move out.*

*106.*    In initial case #31890/12 against Plaintiffs the *fraud* was *false financial claim*

camouflaging *frivolous* (point **22** above) *matter*; in underlying case #32573/13 it was *this very*

*fraud* concealed inside *perversely* stated reference to prior case #31890/12; in the third case

#16124-17 it was intentional and purposeful violation of statute 3211 (a)(5) of

CPLR *l'res judicata' l.* (UNQUOTE) (see www.bronxcountyclerkinfo.com/law, entry titled

Summons & Complaint dated 09/25/2018, pages 34-36)



## IV. FRAUD ON THE COURT IN UNDERLYING MATTER #300165/2018
### (continued from point 29)

36.  With documentary evidence of committed by Attorney Mr. Roberts fraud upon the court presented in plaintiffs' cross motion to strike (sequence #3), irrefutability of plaintiffs' cross motion (#2) requesting Summary Judgment on the matter of Complaint #300165/2018 in plaintiff's favor became unquestionable.

37. On February 26, 2019, judge Hon. Lucindo Suarez issued Decision/Order (see point 39 below) granting to AHC based on proven *perjury* cross-motion for summary judgment (#2) and dismissing plaintiffs' Complaint *without consideration*.

38. Unconscionable scheme used by conspired co-defendants for interference with the Bronx SUPREME COURT's ability to impartially adjudicate plaintiffs' Complaint #300165/2018 was later explored in plaintiffs' Replacement Brief under the same docket number.

Plaintiffs' Replacement Brief #300165/2018 stated (QUOTE):

### **VIII)**  Detailed description of unconscientious scheme set in motion by "Defendants"

54. As Complaint presented *prima facie* case entitled for summary judgment, and all Plaintiffs-appellants' allegations are indeed supported with documentary evidence: court papers - fair defense in instant matter was impossible. The only feasible way for conspired Defendant/Co-defendant-appellees to fight allegations stated in Complaint was *subversion of administration of justice*, namely:

28

1) to influence presiding judge with *extrinsic* fraud (*conditio sine qua non*);

2) to implant in instant matter massive *intrinsic* frauds;

3) to make up from massive frauds of all species a totally false presentation of instant matter for using it by interested judge for fabrication of a preconceived decision;

4) to suppress or remove from judicial consideration all Plaintiffs-appellants' materials containing *proof of fraud upon the court* in instant and underlying matters;

5) to intimidate Plaintiffs-appellants by overwhelmingly enormous scope of judicial improprieties in appealed decision, thus to avert them from filing appeal;

6) to use mail fraud causing Plaintiffs-appellants' failure to meet deadlines for filing time sensitive papers, including Notice of Appeal (see points 146-150 below; also, Appendix I, pages 194-198 ), and thus to *steal* favorable outcome.

Judicial contribution to said unconscientious scheme is conspicuously visible as:

7) exoneration of Co-Defendant NMM from stating defense with merging two indispensable parties into one "Defendants" for wrongful denial of stated in Complaint allegation of actually committed fraud upon the court (see points 14-19 above);

8) wrongful assessment of *preliminary injunction* made by Housing Court's resolution judge Tao on May 26,2017 – *based on deliberately overlooked premeditated fraud* (see points 88-95 below) – as a *final* judgment on underlying case 16124/17;

9) using the *error* in final judgment on case #16124/17 issued by Hon. Miriam Breier, to wit: *failure to consider* violation of CPLR 3211(a)(5)/*res judicata*/ by Co-

defendant-appellee NMM – for overthrowing finality of decision made by judge Hon.

E. Rashford on the same as #16124/17 matter in prior case 32573/13;

10) prejudicial denial of both alleged in Complaint claims: malicious prosecution

and fraud upon the court in preconceived decision appealed here.  (UNQUOTE)

(for further details see below the "INFERENCE" section, points 108 -118).

39. The title page of Decision/Order displays documentary evidence of judge's

inconsideration of plaintiffs' Complaint #300165/2018, and plaintiffs' cross motion to

strike entire defense as based on fraud (sequence #3):



Mtn. Seq. # 1, 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: PART 19

BORIS GERASIMOV and                                    Index No.: 300165/2018
EKATERINA GERASIMOV,

                                              Plaintiffs,

            - against -                                **DECISION and ORDER**

AMALGAMATED HOUSING CORPORATION AND
NORRIS McLAUGHLIN & MARCUS, P.A.,

                                              Defendants.

| | PAPERS NUMBERED |
|---|---|
| Plaintiffs' Notice of Motion, Affidavit in Support, Exhibits (Motion Sequence # 1) | 1, 2, 3 |
| Defendant Amalgamated Housing Corporation's Notice of Cross-Motion, Affirmation in Support, Exhibits (Motion Sequence # 1) | 4, 5, 6 |
| Plaintiffs' Notice of Motion, Memorandum of Law, Exhibits (Motion Sequence # 2) | 7, 8, 9 |
| Defendant Amalgamated Housing Corporation's Notice of Cross-Motion, Affirmation in Support, Exhibits (Motion Sequence # 2) | 10, 11, 12 |
| Plaintiffs' Affidavit in Opposition with Exhibits to Defendant Amalgamated Housing Corporation's Cross-Motions to Preclude and Summary Judgment (Motion Sequence # 1 and 2) | 13, 14 |
| Defendant Amalgamated Housing Corporation's Affirmation in Reply (Motion Sequence # 1 and 2) | 15 |

Upon the enumerated papers, Plaintiffs' motion to strike Defendants' defenses (Motion Sequence # 1) and Defendant Amalgamated Housing Corporation's cross-motion seeking to preclude and compel (Motion Sequence # 1) are respectively denied; Plaintiffs' motion for summary judgment (Motion Sequence # 2) is denied and Defendant Amalgamated Housing Corporation's cross-motion for summary judgment (Motion Sequence # 2) is granted in accordance with the annexed decision and order.

Dated: **2/26/2019**

                                              Hon._____
                                              LUCINDO SUAREZ, J.S.C.
                                              **LUCINDO SUAREZ, J.S.C.**

40. Judicially, any initial Complaint introduces the *subject matter* of initiated case.

Looking into entire text of Decision from 2/26/2019 (see www.bronxcountyclerkinfo.com/law,

entry Clerk's Minutes, dated 03/06/2019, page 1, or, alternatively, EXHIBIT "E",

pages 33-38), this Court will find neither the word "Complaint", nor it's authentic matter. Instead, the Decision contains *paraphrase* of defendant's *perjurious narrative* of these plaintiffs' documents found in granted AHC' cross motion (#2).

Plaintiffs' cross motion to strike (sequence #3) is not mentioned in the Decision/Order at all, as if never filed with the BRONX SUPREME COURT.

41. Attached to plaintiffs' cross motion (#3) Combined Affidavit in support contained exposure of multiple *perjuries* in granted defendant's cross motion for summary judgment (#2)  (see www.bronxcountyclerkinfo.com/law, entry titled Clerk's Minutes, dated 03/06/2019, page 58, and point by point details in Exhibit "D", pages 23-32, points 4-22, 31- 42, 45).

42. *Adjudication* of plaintiffs' Complaint *without consideration* has the only explanation: imposition of *extrinsic fraud* on the Bronx County SUPREME COURT by conspired co-defendants behind-the-scenes.

43. The very fact of *adjudication* by the Bronx SUPREME COURT of plaintiffs' initial Complaint *without consideration* proves actually committed by co-defendants fraud on the court in proceeding case #300165/2018.

EXPOSURE OF CONSPIRACY AND COLLUSION:

44. (seminal point) Filed by AMALGAMATED on February 7, 2019, Affirmation in reply (see Exhibit "W", pages 113-114, or, alternatively, www.bronxcountyclerkinfo.com/law, entry titled Clerk's Minutes, dated 03/06/2019, page 98) was signed by attorney Mrs.

Elizabeth A. Filardi, a partner of MDAF Law Firm.  Point 3 in this AHC paper indicates that it was "submitted in opposition to plaintiffs' motion to strike entire defense" – which, as it obviously follows from this indication and from the text of the paper – was *not* plaintiffs' Motion to strike Defense (#1) arguing NMM's perversely verified Answer, which was *considered* and inappropriately unaddressed by the judge (see point 13 above) – but the very *hijacked from judicial consideration* plaintiffs' Cross Motion to strike entire defense (sequence **#3**), disputing granted later defendant's cross-motion for summary judgment (#2). (see www.bronxcountyclerkinfo.com/law, entry titled Clerk's Minutes, dated 03/06/2019, page 93).

Thus, plaintiffs' cross motion to strike entire defense as based on fraud (**#3**) was

a) *filed* by plaintiffs with the BRONX SUPREME COURT on February 5, 2019,

b) *served* to opposing parties,

c) *replayed* by defendant AHC with "Affirmation in reply" on February 7, 2020,

d) mysteriously *hijacked* from judicial consideration,

e) *not considered* by Hon. Lucindo Suarez as ostensibly *non-existing,* and finally,

f) *reappeared* in the court record in the entry indicated above.

45. These facts reveal *collusion* between the judge and *conspired* attorneys for AHC/NMM. Allegedly, *hijacking* of plaintiffs' cross motion (**#3**) from judicial consideration was OK'd by Hon. Lucindo Suarez *himself – after* familiarizing with its matter vs. meritless defendant's Affirmation in reply. Ultimately, such *hijacking,* as making Court Clerk's Office complicit in commission of tampering with court

33

documents, which constitutes a class E *felony*, was absolutely impossible for anyone to realize without collusion with the judge.



46. Granted to AMALGAMATED perjurious cross-motion for summary judgment (#2) inter alia *illegally* requested dismissal of plaintiffs' claim of fraud upon the Court, for which AMALGAMATED was not responsible – as plaintiffs' Complaint #300165/2018 explicitly stated responsibility of *co-defendant* Norris McLaughlin Law Firm (NMM) for this allegation. (see Exhibit "**A**": Complaint, Table of Contents, points *2), 4), 6), 8)*;)

47. Illegal merge of two indispensable parties defendant AHC and co-defendant NMM into one consolidated "Defendants" made by the judge in violation of 2013 NY CPLR, Article 10, § 1001 (*necessary joinder of parties*), and of FRCP Rule 19. (1)(A)/*Required Joinder of Parties/*, created paradoxically perverted situation, when *the Law Firm accused of practicing fraud upon the court as modus operandi is hidden behind illegal representation by its client, with this trick exonerated by judge from the legal duty to state defense, and continues to defraud the court and plaintiffs in the name of its client.* (see Exhibit "**F**", Appellants' Brief, pages 43-45, points 11-19).

SUMMARY OF ARGUMENTS:

48. This unconscientionable scheme has *precluded* judicial consideration of plaintiff's entire matter, and procured subversion of the administration of justice *for the entire*

34

*proceeding* of matter #300165/2018 in the BRONX COUNTY SUPREME COURT, and

further, in the APPELLATE DIVISION FIRST DEPARTMENT.

Thus,

a) points 5-21, 38 above show that material factual fraud in matter #300165/2018 was

imposed on the Bronx SUPREME COURT by conspired co-defendants – *officers of the*

*court – intentionally*;

b) points 9-10, 23, 44-45 show that material factual fraud was *directed to the court itself*;

c) Decision/Order from February 26, 2019 containing material factual *fraud in its text*

(see point 114 (g), **NB** below) shows that the Bronx SUPREME COURT was *improperly*

*influenced*;

 wherefore, the Federal Court can see here *all the elements* constituting *actually*

*committed fraud on the court* in proceeding case #300165/2018 in the BRONX SUPREME

COURT (see definition above in point ii, *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,*

*322 U.S. 238 (1944).*

49. On July 31, 2019, plaintiffs filed Appeal under the same docket No. 300165/2018

with NYC SUPREME COURT APPELLATE DIVISION FIRST DEPARTMENT

(further "the APPELLATE COURT").

## V. FACTUAL CONTENT OF APPEAL #300165/2018

50.

a) The "SUMMARY OF ARGUMENT" section in unconsidered appellants'
Replacement Brief stated (QUOTE):

164. APPEALED DECISION SHOWS:

*1*) exclusion by presiding judge Hon. Lucindo Suarez of plaintiffs-appellants'
initial Complaint from judicial consideration;

*2*) exoneration of co-defendant-appellee NMM from legal obligation to state defense
against allegation of committed fraud upon the court with merging two indispensable
parties AHC and NMM into one consolidated "Defendants";

*3*) disregard of raised in Complaint overruling issue of misapplication of law to facts in
all three underlying cases;

*4*) tampering with plaintiffs-appellants papers;

*5*) violation of CPLR 3211(a)(5)/*frauds*/ with fallacious denial of plaintiffs-appellants'
motion (#1) containing *proof of perjury* committed by Attorney for co-defendant-appellee
in Answer to initial Complaint;

*6*) hijacking plaintiffs-appellants' Cross Motion to strike (#3) from judicial consideration;

*7*) judicial cover-up of financial fraud in underlying case #31890/12;

*8*) judicial cover-up of violation of CPLR 3211(a)(5) /*res judicata*/ committed by
Attorney for co-defendant-appellee NMM for commencing malicious prosecution of
plaintiffs-appellants with fraudulent eviction proceeding #16124/17;

36

*9*) judicial cover-up of misinterpretation by defendant-appellee of cited in granted cross motion (#2) precedential cases;

*10*) judicial cover-up of manifest failure of co-defendant-appellee NMM to state defense against alleged in Complaint fraud upon the court;

*11*) judicial cover-up of multiple frauds and perjuries in submitted by defendant-appellee AHC papers in opposition to alleged in Complaint tort crime of malicious prosecution: cross motion to Preclude and Compel #1, Bill of Particulars, and granted cross motion #2 for summary judgment;

*12*) judicial cover-up of *misrepresentation* by co-defendant-appellee NMM of not actionable in New York *playing piano in apartment in legal time* as actionable "noise" and "nuisance" in stated probable cause in all three underlying actions;

*13*) judicial cover-up of *fraud*: bogus violation by plaintiffs-appellants of NYC Administrative Code, 27-2005, 27-2013, and Multiple Dwelling Law 309 in stated probable cause of underlying case  #16124/17;

*14*) granting against the law (CPLR 3211(a)(5)/*frauds/*) summary judgment as a matter of law to based on proven fraud defendant-appellee's cross motion (#2);

*15*) failure to consider criminal offense of mail fraud committed by attorney for AHC Mrs. Elizabeth A. Filardi against plaintiffs-appellants in instant case #300165/2018.

(UNQUOTE)

b) The "CONCLUSION" section of *unconsidered* plaintiffs-appellants' Brief stated:

(QUOTE):

37

"166. Appealed decision adjudicated and dismissed plaintiffs' Complaint without consideration. As a result of this egregious procedural violation, alleged in Complaint commission of the crime of imposing fraud upon Housing court in underlying matters was perpetrated with another count of fraud imposed upon the Bronx SUPREME COURT by defense in proceeding instant matter #300165/2018. Proven above commission by defense of fraud upon the court in instant matter #300165/2018 was covered up, improperly asserted as the truth, and upheld in prejudicially erroneous decision by the judge. By this reason appealed decision may not stay, and must be reversed for all purposes – pursuant to the letter and to the spirit of Law." (UNQUOTE).



## VI. PROCEDURAL HYSTORY OF APPEAL #300165/2018

51. A week after filing plaintiffs' Appeal, on August 8, 2019, defendant AHC filed motion (sequence #1) under signature of MDAF partner, attorney Mrs. Iryna S. Krauchanka. The motion requested striking plaintiffs-appellants' original Brief and Appendix, *perjuriously* claiming that multiple points in the Brief and Appendix were *dehorse the record.*

(QUOTE):

     3.    By Notice of Appeal, dated March 21, 2019, Plaintiffs appealed from the Order of Supreme Court, Bronx County (Suarez, L., J.), dated February 26, 2019, which, inter alia, granted AMALGAMATED' motion for summary judgment dismissing Plaintiffs' Complaint. A copy of the Order and the Notice of Appeal is annexed hereto as **Exhibit "A."**

     4.    Plaintiffs have recently perfected their appeal on an Appendix method.

38

5.      Having received same, I reviewed the file maintain ... by our office in this case and observed that the documents contained in Appendix, Volume I, pages 188-193, and in Appendix, Volume II, pages 4-7, 10, 12-18; 21-22; 24-30; 32-34; 44-50, were not previously submitted as part of the underlying motions papers.  Copies of the foregoing Appendix pages are annexed hereto as **Exhibit "B."**

6.      I have also reviewed the file maintained by the Bronx County Supreme Court on this case, and confirmed that the Court also is not in possession of these documents.

(UNQUOTE)

52. On August 23, 2019, plaintiffs-appellants filed cross motion (#1) requesting court to strike entire AMALGAMATED's motion "based on material factual falsity" – as displayed online Case File Summary #300165/2018 showed *the contrary* to attorney Mrs. Krauchanka's sworn statement – that *in fact* the SUPREME COURT *was in possession* of all these documents. Wherefore, AMALGAMATED *also was in possession.* This *perjury* is exposed in detail in points 60-97 below (see also seminal point 23 d, e, f, above).

53. In reply to plaintiffs' cross motion to strike (#1), on August 28, 2019, defendant AHC filed Affirmation (#1) in Opposition and in Reply. The paper stated:

39

6.        Contrary to Plaintiffs' assertions, pages 4-7, 10, 12-18; 21-22; 24-30; 32-34; 44-

50, in the Volume II of the Appendix are likewise *dehors* the record.

7.        In maintaining that these documents are in the record, Plaintiffs rely upon having

filed them along with their Complaint upon commencing this litigation, on October 1, 2018,

more than two months before the first motion that is subject to this appeal was made. A copy of

the Bronx County Clerk's Minutes printout is annexed hereto as **Exhibit "A."**

8.        The mere fact that Plaintiffs have previously filed these documents, independent

of the motion practice at issue, is, of course, not sufficient to permit this Court to consider them

in connection with Plaintiffs' appeal. Indeed, by its plain language, the Practice Rules of the

Appellate Division limit the record on appeal to the submissions made to the Supreme Court

only in the context of the motions that led to a decision being appealed (22 NYCRR § 1250.7).

This excludes the prior, independent filings, which were not considered by the Supreme Court in

making its determination. Because Plaintiffs do not dispute that the documents contained on

pages 4-7, 10, 12-18; 21-22; 24-30; 32-34 in the Volume II of the Appendix, were not annexed

as exhibits to any of the subject motions, they are dehors the record and are not properly before

this Court.

**54. Cited above sworn statement is *completely bogus*. Nowhere in its entire text the**

**22 NYCRR 1250.7 mandates a litigant to submit his/her filings – including initial**

**Complaint – *twice*: first initially, and then repeatedly – as exhibits to following motions –**

**to be considered by the judge. (see Exhibit "K", complete text of 22 NYCRR §1250.7).**

**Ultimately, any court in this Country shall consider *once* submitted by all parties matter**

**in its entirety – as *entireness* of judicially considered matter of a case is *the sine qua non***

**for any court to *find the truth*. Therefore, signed by attorney Mrs. Krauchanka**

**Affirmation (#1) was nothing but a *perjurious* constituent of an**

40

unconscionable scheme intended for *defrauding* pro se plaintiffs and *requesting*

improperly influenced court to *administer injustice*.

55. On October 1, 2019, APPELLATE COURT issued Decision/Order granting

AMALGAMATED's *perjurious* motion (sequence #1), and ordering plaintiffs-appellants

to file Replacement Brief and Appendix:

```
                    At a Term of the Appellate Division of the Supreme
                    Court held in and for the First Judicial Department in
                    the County of New York on October 1, 2019.

    Present - Hon. Rolando T. Acosta,              Presiding Justice,
                    Sallie Manzanet-Daniels
                    Angela M. Mazzarelli
                    Troy K. Webber
                    Peter H. Moulton,                      Justices.

    ----------------------------------------x
    Boris Gerasimov and Ekaterina Gerasimov,
         Plaintiffs-Appellants,
                                                      M-6778
         -against-                                    M-6952
                                                Index No. 300165/18
    Amalgamated Housing Corporation and
    Norris McLaughlin & Marcus, P.A.,
         Defendants-Respondents.
    ----------------------------------------x

         An appeal having been taken to this Court from an order of
    the Supreme Court, Bronx County, entered on or about February 26,
    2019, and the appeal having been perfected,

         And defendant-respondent, Amalgamated Housing Corporation,
    having moved for an order: (1) striking plaintiffs-appellants
    brief and appendix, and directing them to file a record on appeal
    and appellants' brief that comply with CPLR 5526 and 22 NYCRR
    1250.7; and (2) extending defendant-respondent Amalgamated
    Housing Corporation's time within which to file its respondent's
    brief (M-6778),

         And plaintiffs-appellants, pro se, having cross-moved for an
    order: (1) striking defendant-respondent Amalgamated Housing
    Corporation's motion; and (2) denying said defendant's request
    for an extension of time within which to file its respondent's
    brief (M-6952),

         Now, upon reading and filing the papers with respect to the
    motion and cross motion, and due deliberation having been had
    thereon,

         It is ordered that the motion (M-6778) is granted to the
    extent of striking plaintiffs-appellants' appendix and brief and
    directing plaintiffs-appellants to file (1) a replacement
```

41

(M-6778/M-6952)                    -2-                    October 1, 2019

appendix for the January 2020 Term, to which Term the appeal is
adjourned, which omits the material dehors the record, and which
includes a copy of defendant-respondent's cross motion to
preclude and to compel discovery, and which otherwise complies
with 22 NYCRR 1250.7, and (2) a replacement brief which omits any
references to material dehors the record; and

     It is further ordered that the cross motion (M-6952) is
denied.

                         ENTERED:

                                        _Susan R__
                                          CLERK

56. The rest of the show took five months. On October 30, 2019, plaintiffs-appellants

*filed* Replacement Brief *in full compliance* with the *self-legislated* Court Order from

October 1, 2019. (see detailed exposure in the next section: points 60-97, specifically

points 63, 96).

58. On November 12, 2019, AMALGAMATED filed the *next* motion to strike plaintiffs-

appellants' Replacement Brief and Appendix, and to dismiss Appeal (later "motion to

dismiss (#2)" (Exhibit "**R**", page 99).

59. The paper *perjuriously* stated that plaintiffs *failed* to comply with the Court Order

from October 1, 2019, and that matter of the Replacement Brief and Appendix continues

to be *dehorse the record*.

(to be continued in point 98 below)



42

## MULTIPLE PERJURIES IN DEFENDANT-APPELLEE'S
## MOTION TO DISMISS (#2)
(points 60-97)

IN DETAIL:

60. Motion to dismiss (#2) was submitted by AMALGAMATED to the APPELLATE

COURT in bad faith, as all multiple perjuries contained in its

matter were known as such to attorney for AHC Mrs. Iryna S. Krauchanka.

Exposed below, these multiple perjuries show impact of committed by the Bronx

SUPREME COURT Clerk's Office obstruction of justice (see point 23 above) on further

handling matter #300165/2018 by the APPELLATE COURT.


61. Point 8 in AMALGAMATED's motion to dismiss (#2) stated *falsity*:

> 8.      While removing the documents that were dehors the record in Volume I of the
> Appendix, Plaintiffs' Replacement Appendix, Volume I, inserted other documents, which
> similarly were not before the motion court – contained on pages 189-193.  Copies of pages 189-
> 193 of the Replacement Appendix, Volume I, are annexed hereto as **Exhibit "E."**


62. (seminal point) EXPOSURE of falsity in point 8:

a) The caption of plaintiffs' every paper displays plaintiffs' mailing address. Pages 190-

193 in plaintiffs-appellants' *original* Appendix, Volume I, displayed scanned images of

envelopes used by attorney Mrs. Elizabeth A. Filardi for servicing AMALGAMATED's

filings to plaintiffs. All the envelopes displayed *wrong* plaintiffs' mailing address:

building #6985 instead of #3985.  Unobtrusive difference in *one* figure, indicating *non-*

43

*existing building* #6985 on Gouverneur Ave., guaranteed non-delivery, or at least, actually happened delayed delivery of *all* AHC papers to plaintiffs-appellants by the post office.

b) Pages 188-189 in *Replacement* APPENDIX I contained plaintiff's e-mail message to AMALGAMATED dated by January 7, 2019, pointing out this wrong, which properly replaced *original* message dated April 1, 2019 discussing the same issue regarding ORDER WITH THE NOTICE OF ENTRY. (see both messages in Exhibit "T", pages 102 - 104).

c) AMALGAMATED's cross-motions to Preclude and Compel (#1) (see www.bronxcountyclerkinfo.com/law, entry "Clerk's Minutes, dated 03/06/2019, page 232) and for Summary Judgment (#2) (Exhibit "G", page 48), both dated by January 8, 2019, were served to plaintiffs' wrong mailing address *the next day after* receiving plaintiffs' written warning.

d) Attorney for AMALGAMATED Mrs. Elizabeth A. Filardi continued to serve AHC filings to plaintiffs' wrong mailing address all the way down the proceeding #300165/2018 in the BRONX SUPREME COURT, including service of Decision with Notice of Entry. Undoubtedly, committed by Mrs. Elizabeth A. Filardi mail fraud was intended for undermining expected submission of plaintiffs' Appeal. (see www.bronxcountyclerkinfo.com/law, entry titled Notice of Entry, dated 03/20/2019, page 2, Affidavit of Service,).

44

e) Evidently, exhibits on pages 189-193 in original Appendix I and pages 194-201 in

Replacement Appendix were *relevant* to raised by plaintiffs issue of mail fraud

committed by MDAF associate, attorney Mrs. Elizabeth Filardi, and unquestionably

necessary for the court to fully consider this issue.

f) Thus, AMALGAMATED's Affirmation (#1) signed by Attorney Mrs. Iryna S.

Krauchanka and dated by August 28, 2019 (Exhibit "**Q**", page 97), requesting removal of

pages 189-193 from plaintiffs-appellants' original Appendix Volume I, provides

*documentary evidence* of co-defendant MDAF' inappropriate request for *violation* by the

APPELLATE COURT of NY Penal Law §215.40/*spoliation of evidence*/ to

cover up actually committed by her colleague, MDAF's partner Mrs. Elizabeth A. Filardi

*criminal* offense of mail fraud against plaintiffs – or, in other words, requesting

APPELLATE COURT's *complicity* in imposition by attorneys for AHC of *fraud upon the*

*court*.  Judicially, this offense is even more egregious than a perjury, as being essentially

an *assault on integrity* of the court. This defendants' attempt to improperly influence

APPELLATE COURT turned out to be successful. Not merely the issue of committed by

AHC mail fraud against plaintiffs, but the entire Appeal was later aborted *without*

*consideration*.

g) **NB**. Dated by August 28, 2019 FedEx Overnight envelope used by attorney Mrs.

Krauchanka for serving to plaintiffs said inappropriate paper displays plaintiffs-

appellants' wrong mailing address: building #6985 instead of #3985, therefore, shows

documentary evidence of *ongoing* commission by attorney Mrs. Iryna S.  Krauchanka of *criminal offense* of mail fraud against plaintiffs. (see Exhibit "**X**").

h) Acts of mail fraud committed by attorneys MDAF partners Mrs. Filardi and Mrs. Krauchanka were in essence *criminally executed inequitable behavior* against *pro se* litigants, that warranted invocation of the principle of the Doctrine of Unclean Hands by the APPELLATE COURT sua sponte.

i) Applicability of the Doctrine of Unclean Hands to the matter presented by AMALGAMATED to the APPELLATE COURT was stated later in points 39-45 of plaintiffs-appellants' motion for Default Judgment (#2). (Exhibit "**J**", page 68, points 11-12; page 72, points 25, 26, 29; page 73, point 32; page 74, points 35; page 75, point 37.)

63. However, for the time being, in submitted Replacement Appendix I plaintiffs-appellants replaced images of said *envelopes* with materially identical *affidavits of service* contained in the case record (see Exhibit "**U**", pages 105-111). Plaintiffs' e-mail message to AMALGAMATED dated by April 1, 2019, pointing out this wrong, which was displayed on pages 188-189 in *original* Appendix, was replaced with plaintiffs' e-mail message dated by January 7, 2019, displayed on page 200, as absolutely necessary for the court to fully consider the issue of mail fraud raised by plaintiffs-appellants.

Thus, in submitted Replacement Appendix I the issue of committing by attorney Mrs. Elizabeth A. Filardi criminal offense of mail fraud against plaintiffs was proven with documentary evidence – *in full compliance* with the court order from October 1, 2019.

46

64. So, false statement in point 8 of the AHC's motion to dismiss (#2) was intended for subversion of administration of justice with *improper influence exerted upon the court*.

FURTHER:

65. Point 9 in AMALGAMATED's motion to dismiss (#2) stated another *falsity*:

> 9.    Plaintiff's Replacement Appendix, Volume II, in turn, ignored the Order altogether. Indeed, Plaintiffs did not omit pages 4-7; 12-18; 21-22; 24-30; 32-34; 44-50, as was directed by this Court. The Replacement Appendix again reproduced these documents, now on pages 5-8; 12-18; 21-22; 24-30; 32-34; and 44-50. Copies of the foregoing pages from the original Appendix, Volume II, and the Replacement Appendix, Volume II, are annexed hereto as **Exhibit "F."**

66. EXPOSURE of *multiple perjuries* in point 9:

Authentic text of October 1, 2019, Court Order (see point 55 above) did not direct plaintiffs-appellants to remove from Appendix II pages 4-7; 12-18; 21-22; 24-30; 32-34; 44-50 *specifically*, but only "the material dehors the record".

67. Anonymously indicated in point 9 as being *dehors the record* pages – in original *and* in Replacement Appendix II – displayed submitted to court by plaintiffs' papers: Petition Holdover #31890/12 (pages 4-7), Petition Holdover #32573/13 (pages 12-18, 21-22,), and Petition Holdover #16124/17 (pages 24-30, 32-34). All these documents are *contained* in the case

47

record (see www.bronxcountyclerkinfo.com/law, the entry titled Memo of Law and Exhibits dated by 10/01/2018, pages 14-36).

68. Although Case File Summary #300165/2018 was sent to the APPELLATE COURT in *unusable condition* (see point 23 above), precise location of these documents in unsearchable court record was known to AMALGAMATED from plaintiffs-appellants' cross motion to strike (#1) filed on August 23, 2019, more than 2 months prior to filing AMALGAMATED'S motion to dismiss (#2)  (see Exhibit "I", pages 59-60, points 15, 16, 17).

69.  Thus, all plaintiffs-appellants' papers, *perjuriously* indicated in point 9 of AHC's motion (#2) as being *dehorse the record*, are in fact *contained* in *unsearchable* record, therefore, were retained in Replacement Appendix II *in full compliance* with the Court Order from October 1, 2019.

FURTHER:

70. Point 9 in AHC's motion also stated that content of anonymously indicated pages 44-50 in APPENDIX II was *dehorse the record*.

ARGUMENT:

71. Pages 44-50 in Appendix II displayed complete text of plaintiffs' motion for *pre-Answer* dismissal (of underlying Petition Holdover #16124/17) (*reference added*).

72. This plaintiffs' motion was material part of underlying eviction proceeding #16124/17. In order to save judge's time and work, plaintiffs submitted to court its

abridged version, the *gravamen*: first 4 paragraphs titled "Excerpt" – accompanying

Complaint #300165/2018 (see both papers displayed in Exhibit "**M**").

73. The Excerpt is visible online at www.bronxcountyclerkinfo.com/law. (see the entry Memo

of Law AND EXHIBITS dated by 10/01/2018, page 52).

74. As it is displayed on the Title page of the Appealed Decision (point 39 above),

Complaint #300165/2018 was *not considered* by judge. Self-evidently, all the EXHIBITS

accompanying Complaint were *not considered* by judge as well.

75. So, for determining the verdict, there was no difference whatsoever, which version of

the same plaintiffs' document, complete or abridged, was *not considered* by the judge.

Thus, AMALGAMATED'S claim that the Excerpt was dehorse the record is without

merit.

76. Point 9 in AMALGAMATED's motion to dismiss (#2), as asserting under oath known

to attorney Mrs. Iryna Krauchanka multiple material factual falsities, shows commission

by AMALGAMATED of *multiple perjuries* in this document.

 FURTHER:

77.  Point 15 in AMALGAMATED'S motion to dismiss (#2) stated *falsity*:

        15.     Plaintiffs-Appellants' replacement filings are in direct violation of this Court's

October 1, 2019, Order, directing Plaintiffs to remove the matters and references to the matters

dehors the record, which were specifically delineated in AMALGAMATED'S motion.

78. EXPOSURE of *perjury* in point 15:

In point 15 this Court can see a paraphrase of the perjury stated in point 9. Evidently, authentic text of the Court Order from October 1, 2019, *did not* direct plaintiffs-appellants to remove from Appendix "specifically delineated in AMALGAMATED'S motion the matters and references to the matters", but only `"the material dehors the record"`. (see point 55 above)

79. Intentional distortion of the authentic text of Court Order from October 1, 2019 in point 15 of AHC's motion to dismiss (#2), as "going to the heart of what this lawsuit is about", meets legal definition of *intrinsic* fraud (see point x. above), which, being *committed under oath*, constitutes *perjury* in the second degree (class E felony). FURTHER:

80. Point 16 in AMALGAMATED'S motion to dismiss (#2) falsely specified:

> 16.     More specifically, Volume II of the Replacement Appendix contains almost all of the documents that were stricken, while the Replacement Brief still refers to them (*see* Exhibit "F;" *see* Exhibit "G" at pp. 18, 43-44).

81. EXPOSURE of *perjury* in point 16:

Point 16 in AMALGAMATED's motion to dismiss (#2) stated another *paraphrase* of the *perjury* in point 9, namely, that several *specific* plaintiffs' documents were *already* "stricken" by the Court Order from October 1, 2019.

82. This perjurious *distortion* of authentic text of Court Order has been intentionally

construed by Attorney for AMALGAMATED as *the basis* for building up *further* multiple falsities in mentioned Exhibits "F" and "G".

83. As the authentic text of Court Order from October 1, 2019 was well known to Attorney for AMALGAMATED, its *distortions* in points 9, 15, and 16 in defendant's motion to dismiss (#2) were done knowingly and deliberately, therefore, showed intention to *deceive the court* and subvert administration of justice. Multiple intentional distortions of Court Order made by Attorney for AHC under oath constitute multiple counts of *perjury* in the second degree (class E felonies) (see NY PEN § 210.10, and 18 U.S. Code § 1621 (points ix, x above).

FURTHER:

84. Content of Exhibit "F" supporting point 16 of AHC's motion to dismiss (#2) *falsely* characterized by defendant as being *dehors the record*, displayed following plaintiffs' papers *contained* in unsearchable case record:

a) 1 (of 13) page from plaintiff's Response to Defendant's Demand for Discovery;

b) 2 (of 15) pages from plaintiff's Response to Defendant's Demand for Verified Bill of Particulars.

These factual falsities were exposed by plaintiffs-appellants in cross motion to strike (#1) submitted two months *prior* to filing by AHC motion to dismiss (#2) (see Exhibit "I" page 63, points 27-29), so, *were well known* as such to attorney for AHC Mrs. Iryna S. Krauchanka;

51

c) 4 (of 8) pages from Petition Holdover #31890/12, filed by AHC against plaintiffs with the Bronx Housing Court in year 2012;

d) 9 (of 11) pages from Petition Holdover #32573/13, filed by AHC against plaintiffs with the Bronx Housing Court in year 2013;

e)  9 (of 11) pages from Petition Holdover #16124/17, filed by AHC against plaintiffs with the Bronx Housing Court in year 2017.

The papers are *contained* in *unsearchable* record. Committed in point 16 of AHC's motion three (3) counts of *perjury* reiterate the same sworn falsities as stated in point 9 and exposed above in points 66-69. Visibly, the only purpose of stating these falsities under oath *twice* is to *deceive* the APPELLATE COURT with *using unsearchable condition* of the Court File Summary #300165/2018.

FURTHER:

85. **NB**. Mentioned in point 84 (e) above AMALGAMATED'S Petition Holdover #16124/17 (9 of 11 pages) was *missing* 2 pages containing indispensable formal part of the Petition, namely, the "TEN DAY NOTICE TO CURE" required by law to initiate eviction case. This paper was the *crucial point* and the *key inculpatory evidence* in contention about allegation of committed by Attorney Mr. Dean M. Roberts fraud upon the court in underlying eviction proceeding #16124/17.

86. The "TEN DAY NOTICE TO CURE" #16124/17 demanded from plaintiffs to cure

*bogus violations* of NYC Administrative Code, §§ 27-2005, 27-2013, and Multiple

Dwelling Law § 309.

Signed by the AHC General Manager Mr. Zsebedics (once a convicted in grand larceny

felon), this document evidently was created by a professional lawyer, assumedly, by Mr.

Roberts. (**NB.** see detailed information regarding Mr. Zsebedics criminal past in Exhibit

"A", Complaint #300165/2018, Introductory statement, page 5, point 3; pages 7, 8, 9).

87. Allegedly, the paper is *missing* in the court copy of the motion.

The omission is of *controlling character,* and is *central* to the truth-finding process.

Thus, it is nothing but intrinsic "fraud by omission", camouflaged with other *ostensibly*

*accidental* omissions shown in point 84 above, therefore, is a constituent of

unconscientionable scheme designed to *further* undermine performing by the

APPELLATE COURT its *truth-seeking* duty – already undermined with obstruction of

justice committed by the SUPREME COURT Clerk's Office – and to further subvert

administration of justice with improperly exerted *influence* upon the Appellate Court.

88. The document is visible in the Case File Summary #300165/18 in the entry titled

"Memo of Law AND EXHIBITS", dated by 10/01/2018

(www.bronxcountyclerkinfo.com/law) (see Exhibit "H", page 50). Here it is:

## TEN DAY NOTICE TO CURE

TO:   **BORIS GERASIMOV and EKATERINA GERASIMOV**
(Cooperators)
3985 Gouverneur Avenue, Apartment 11-B
Bronx, New York 10463

**PLEASE TAKE NOTICE,** that you have violated and continue to violate substantial obligations of your tenancy at the premises known as Apartment 11-B, Gouverneur Avenue., Bronx New York 10463 (hereinafter the "Apartment") now held by you under the terms of your Occupancy Agreement (hereinafter "Occupancy Agreement"), to wit, that you are engaging in behavior which is a nuisance in the Apartment, in violation of the New York Administrative Code Sections 27-2005 and 27-2013, Multiple Dwelling Law Section 309, and Paragraph Fourth (subsections 1, 2, 4, and 11), Paragraph Fifth (subsection 6), and Paragraph 14 of the Rules and Regulations of your Occupancy Agreement.

The facts supporting this conclusion include, but are not limited to, the following:

1.      The Cooperative has received numerous complaints of loud noises emanating from your apartment, including but not limited to loud and persistent piano playing for excessive periods of time and at all hours of the day and night;

2.      That you continue to engage in this nuisance behavior in spite of request by the cooperative Security Officers that you cease;

3.      You have been engaging in this behavior, constant and loud plane of piano music, since the inception of your tenancy for the Apartment;

4.      On December 1, 2016 the cooperative's legal counsel advised you that should this behavior continue litigation would be commenced and that you have intentionally engaged in the continued nuisance;   and

5.      Your constant playing of the piano for many hours in a row is highly disruptive to your fellow shareholders and it seriously affects their ability to enjoy the peace and quiet of their own homes. Further, you are engaging in this nuisance behavior with full knowledge of its governmental effect on your neighbors.

**PLEASE TAKE FURTHER NOTICE,** that you are hereby required to cure the aforementioned violations of your tenancy by February 18, 2017 that being at least Ten (10) days after the service of this Notice upon you, and that upon your failure to so cure, the Cooperative will elect to terminate your tenancy in accordance with the terms of your Occupancy Agreement and in

54

accordance with Section 1727-5.3 of Official Compilation of Codes, Rules and Regulations of the State of New York, Volume 9 Executive (c).

   **PLEASE TAKE FURTHER NOTICE,** that any response to this notice should be sent and directed to the below named attorneys for the landlord.

Dated: Bronx, New York
       February 2, 2017

                                    **AMALGAMATED HOUSING CORP.**
                                    (Cooperative-Landlord)

                                    By:
                                    Title:   Charles M. Zsebedics
                                             General Manager
                                             Amalgamated Housing Corp.

Norris McLaughlin & Marcus, P.A.
*Attorneys for Landlord*
875 Third Avenue, 8th Floor
New York, New York 10022
(212) 808-0700


Adult Protective Services -Bronx
1780 Grand Concourse
Bronx, New York  10457


89. Evidently, entire content of Exhibit "F" supporting point 16 of AHC's motion to dismiss (#2) meets legal definition of *perjury* in the second degree.

FURTHER:

90. Exhibit "G" supporting AMALGAMATED's motion to dismiss (#2) displayed plaintiffs-appellants' entire Replacement Brief. Point 18 in the Brief, *falsely* characterized in point 16 as violating Court Order from October 1, 2019, contained *reference* to the statute 2013 NY CPLR, Article 10. § 1001 (*necessary joinder of parties*), *actually violated* by judge Hon. Lucindo Suarez in proceeding case #300165/2018.

ARGUMENT:

91. Reference to 2013 NY CPLR, Article 10. § 1001 /*necessary joinder of parties*/,

presented to the APPELLATE COURT *legal ground* for alleged in appellants' Brief

actual judicial impropriety: merge of two indispensable parties. Said reference contained

indication of a *specific legal statute violated* by the judge Hon. Lucindo Suarez in

issuance of judgment on case #300165/2018.

> The ABA Commentary to Canon 2A of Rules 100 reads (Quote):

"Actual improprieties under this standard include violations of law, court rules, or other specific

provisions of this Code." Thus, the reference to 2013 NY CPLR, Article 10, § 1001 was

unquestionably admissible, and was retained in plaintiffs' replacement Brief legitimately,

as it is *legal duty* of any litigant to provide court with *applicable legal ground* to stated

facts.

92. To the contrary, attorney Mrs. Krauchanka's demand to remove point 18 from

plaintiffs' Replacement Brief was another (see point 62 (f) above) request to the

APPELLATE COURT to assist AMALGAMATED in violation of NY Penal

Law §215.40 /spoliation of evidence/ – therefore, to *complicit* in ongoing

imposition by defendant of fraud upon the APPELLATE COURT. False labeling point

18 in plaintiffs' Brief as violating Court Order from October 1, 2019, was an act of

*inequitable behavior,* attempting to *improperly* influence the court, thus, requiring

invocation by the APPELLATE COURT of the principle of the Doctrine of Unclean

Hands.

FURTHER:

56

93. Point 43 in appellants' Brief, *falsely* characterized by AMALGAMATED as violating

Court Order from October 1, 2019, contained reference to *falsely* labeled by AHC as

being dehorse the record documents. It reads (QUOTE):

43. The legal issue of controlling character: *inapplicability of law to facts* in all underlying

matters was raised in Complaint in points 17 and 19 (Appendix I, page 24).  Plaintiffs-

appellants' Affidavit supporting Cross Motion #003 proved this allegation with documentary

evidence: cited texts of legal definitions (points 7-11), and of NYC Administrative Code §§ 27-

2005, 27-2013 and Multiple Dwelling Law 309 (see points 88-92 below, and Appendix I, pages

140-142, points 13-16).  (UNQUOTE).

EXPOSURE of self-evident *perjury*:

94. Plaintiffs' references to NYC Administrative Code §§ 27-2005, 27-2013, and

Multiple Dwelling Law § 309 were contained (*look at the citation*) "in Complaint in points

17 and 19" *etc.* – therefore, were *contained in the record.*

95. It is undisputable fact, that plaintiffs' initial Complaint and the Affidavit

accompanying cross motion to strike (sequence #3) were *not considered* by judge Hon.

Lucindo Suarez. But, as these documents are *contained* in the record,

AMALGAMATED'S sworn statement that retained in point 43 of plaintiffs'

Replacement Brief *references* were *dehorse the record,* is nothing but a felonious act of

*perjury* using *unsearchable condition* of the Case File Summary #300165/18 for

misleading the APPELLATE COURT.

a) In addendum, point 21 in AMALGAMATED's motion to dismiss (#2) once again *perjuriously* stated that plaintiffs-appellants' replacement Appendix I did not include AHC's cross motion (#1) to Preclude and to Compel Discovery.

AHC's cross motion to Preclude and to Compel Discovery was contained in replacement Appendix I on page 202).

Wherefore point 21 in defendant's motion to dismiss (#2) evidently shows one more count of *perjury* committed by attorney for AHC - using *unsearchable condition* of the Case File Summary #300165/18 for defrauding the APPELLATE COURT.

b) Points 8, 9, 15, 16, 21 in AHC's motion to dismiss (#2), as deliberately stating under oath known to Attorney for AMALGAMATED material factual falsities, constitute *multiple counts of perjury* as it is defined in NY PEN § 210.10 and in  18 U.S. Code § 1621. (points ix, x above). All these multiple counts of perjury in AHC papers show far reaching consequences of committed by the Bronx SUPREME COURT Clerk's Office the crime of *obstruction of justice* with sending to the APPELLATE COURT the Case File Summary #300165/2018 *in unusable condition*.

IN SUM:

96. Points 60 – 95 above prove *with documentary evidence* the fact that Replacement Brief was filed by plaintiffs-appellants *in full compliance* with the APPELLATE COURT Order from October 1, 2019. Arguments contained in these points were presented to the

APPELLATE COURT in plaintiffs-appellants' motion for Default Judgment (#2)

(Exhibit "J").

Thus, it is *proven*, that plaintiffs' motion was denied, and Appeal #300165/2018 later

dismissed by APPELLATE COURT *in irreconcilable contradiction with undeniable*

*facts*, therefore, *in blatant opposition to the truth*.


97.  Multiple *perjuries* (at least a dozen), or *massive intrinsic fraud*, committed in points

8, 9, 15, 16, 21 of AMALGAMATED's motion to dismiss (#2) in no way can be taken

for harmless incorrectnesses. Knowingly and deliberately committed for the purpose *to*

*deceive* and/or *improperly influence court*, they are proven to be *constituents* of

unconscionable systematic and pervasive scheme *designed and used* by attorney Mrs.

Iryna S. Krauchanka for subversion of administration of justice in proceeding Appeal

#300165/2018 (see point 38 above).





## PROCEDURAL HISTORY OF APPEAL #300165/2018
(continued from point 59)


98. On December 5, 2019, plaintiffs-appellants filed motion for Default Judgment

(sequence #2) in opposition to AMALGAMATED's motion to dismiss (#2).

99. The motion requested the APPELLATE COURT (QUOTE):

1) To hold Defendant-appellee Amalgamated Housing Corporation (AHC)

in Contempt of Court for inappropriate requests to violate the law, and using

dilatory tactics aggravated with attempted fraud against this Court;

2) To dismiss Defendant-appellee's second motion to strike filed on

November 12, 2019, as devoid of merit and containing multiple perjuries;

3) To reverse appealed decision by default as a) being in its entirety prejudicial

error of "failure to consider evidence", b) showing appearance of the effect

of the bribe factor", and c) for Respondents' failure to state defense;

4) To instruct the Bronx Supreme Court to issue default judgment denying

AMALGAMATED'S cross motion for summary judgment (#2) as based on

fraud, and granting damages to Plaintiffs-appellants on the reason of

Defendant/Co-defendant-appellees' general failure to state fair defense

against allegations in Complaint #300165/2018;

(UNQUOTE).


100. On February 4, 2020 the APPELLATE COURT issued Decision/Order which

granted AMALGAMATED's *perjurious* motion to dismiss (#2), denied plaintiffs-

appellants' motion for Default Judgment (#2), and dismissed Appeal #300165/2018

*without consideration* of its matter – on the *false* ground of plaintiffs' *incompliance* with

the Court Order from October 1, 2019 – thus, *in irreconcilable contradiction with*

*undeniable facts, in blatant opposition to the truth,* thus, *based on fraud.* Here it is:

60

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department in
the County of New York on February 4, 2020.

Present - Hon. Rolando T. Acosta,            Presiding Justice,
              Sallie Manzanet-Daniels
              Angela M. Mazzarelli
              Troy K. Webber
              Peter H. Moulton,               Justices.

-----------------------------------------------------X
Boris Gerasimov and Ekaterina Gerasimov,
      Plaintiffs-Appellants,
                                             **M-8681**
          -against-                          **M-8664**
                                             Index No. 300165/18
Amalgamated Housing Corporation and
Norris McLaughlin & Marcus, P.A.,
      Defendants-Respondents.
-----------------------------------------------------X

     An appeal having been taken to this Court from an order of
the Supreme Court, Bronx County, entered on or about February 26,
2019, and the appeal having been perfected,

     And defendant-respondent, Amalgamated Housing Corporation,
having moved for an order striking plaintiffs-appellants
replacement brief and appendix and dismissing plaintiff's appeal
for failing to comply with the order of this Court entered on
October 1, 2019 (M-6778 & M-6952) or, in the alternative,
directing plaintiffs-appellants to file a replacement brief and
appendix in compliance with the aforementioned order, and
extending defendants' time to file a respondent's brief
(M-8681),

     And plaintiffs-appellants having cross-moved for an order
holding defendant-respondent Amalgamated Housing Corporation in
contempt of Court, dismissing defendants' motion, and reversing
the order on appeal (M-8664),

     Now, upon reading and filing the papers with respect to the
motion and cross motion, and due deliberation having been had
thereon,

     It is ordered that defendants-respondents' motion to strike
plaintiffs-appellants' replacement appendix and brief and to
dismiss the appeal for failure to comply with this Court's
October 1, 2019 order is granted (M-8681), and

(M-8681 & M-8664)              -2-                February 4, 2020


     It is further ordered that plaintiffs-appellants' cross
motion is denied in its entirety.

                    ENTERED:

                                    _____
                                              CLERK

61

101. On February 20, 2020, plaintiffs-appellants filed motion for Reconsideration

(sequence #3) requesting settlement of the case #300165/2018 under existing Mediation

Program on the legal ground that APPELLATE COURT Decision from February 4,

2020, as *based on fraud, is not final.* (Exhibit "L", also point 128 below).

102. Plaintiffs-appellants' motion for Reconsideration (sequence #3) was denied.

103. Judicially, when a *pro se* litigant proves even a *single* count of perjury committed by

represented opposing party, the principle of the Doctrine of Unclean Hands is expected to

be invocated by impartial court *sua sponte*; when requested with a motion, invocation of

this principle is *mandatory* pursuant to NY CPLR 3211(a)(5)/*fraud/*; failure to follow the

law constitutes actual judicial impropriety, renders partiality of the court *proven*, violates

14th AMENDMENT, the EQUAL PROTECTION clause,  and renders based on perjury

court decision *void.*

104.  Multiple perjuries contained in defendants-appellee's papers were all known to

the APPELLATE COURT from plaintiff's motions: to strike (#1) (Exhibit "I", pages 56-

63, points 4-29), and for Default Judgment (#2)  (EXHIBIT "J", pages 67-75, points 7-

26, 29, 31-32, 35, 37-38).

105. Overview of entire exchange of papers between parties shows that in proceeding

matter #300165/2018 both *improperly influenced* courts, the BRONX COUNTY

SUPREME COURT and APPEALLATE DIVISION FIRST DEPARTMENT, *turned blind*

*eye* on used by conspired co-defendants criminal tactics of *fighting allegations of fraud upon the court with further persistent acts of the same.*

106.  Based on evident *massive intrinsic fraud* dismissing of plaintiffs' Appeal without consideration is explainable *only* as the result of *improper influence* exerted on the APPELLATE COURT by conspired co-defendant-appellees NMM/MDAF.

107. Refreshing in mind

a) legal definition of fraud on the court (see point ii above):

"Fraud upon the court is fraud which is directed to the judicial machinery itself. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."
(Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985),

b) the issue of *tampering with the court record* #300165/2018 proven in points 8-10, 12-15, 23 e), 38, and 44-45 above,

c) the issue of *obstruction of justice* (the fact that the APPELLATE COURT has *accepted* from the Supreme Court *unsearchable* case #300165/2018 record),

and

d) affecting the verdict *massive intrinsic fraud* clearly visible in *all* documents presented by conspired co-defendants NMM/MDAF to the BRONX SUPREME COURT and to the APPELLATE DIVISION FIRST DEPARTMENT,

it is proven that fraud upon the court – *and nothing else* – has resulted in total inability of the APPELLATE COURT to adjudicate matter #300165/2018, thus, "...to perform its judicial function."

## VII. INFERENCE (overview)

108. "It is axiomatic that fraud vitiates everything". (*re Village of Willowbrook,* 37 Ill.App.2d 393 (1962)

When in a proceeding falsity is accepted as the truth, judicial machinery *runs in reverse gear*. Massive intrinsic fraud in submitted to court documents *feloniously* shifts the burden of proof from the offender to the offended. Required by FRCP Rule 9(b) statement of the circumstances constituting fraud with particularities inevitably makes *exposure of fraud* laborious, bulky and awkward – as in instant Complaint. Indeed, stated by attorney for AHC Mrs. Krauchanka material factual fraud: "... *is dehorse the record*" takes four words, but its exposure above takes twenty pages. Thus, massive intrinsic fraud in a party's presentation is *conspicuous*.

109. No attorney in the world, neither Mrs. Filardi, nor Mrs. Krauchanka, or Mr. Roberts himself, would *ever* submit massive intrinsic fraud before genuinely impartial court. Factual fraud presented to court by a party and exposed by the opposing party is *not an argument* in a *normal* procedure – submitting it would be suicidal for the offender's cause. (**NB**: see unnoticeably introduced by Mr. Roberts intrinsic fraud in underlying cases #31890/12, #32573/13, and #16124/17). Wherefore, massive intrinsic fraud clearly visible in a party's presentation is *carelessly conspicuous*.

64

110. This circumstance has reasonable explanation:

A party presenting to court massive intrinsic fraud has no need to *deceive* the court. Massive intrinsic fraud is *expected* to be presented by a corrupt lawyer before a corrupt judge or improperly influenced court. *Here* it is the *welcomed* argument – as being effective method to *secure* pre-arranged outcome by *diverting non-offending litigant from seeking the truth in court*.

111. Thus, from the point of view of meaningful analysis, clearly visible in a presentation massive intrinsic fraud is an *assault on the very raison d'etre of the judicial system. This is the focal point* of instant Complaint, which should not be missed.

112. Massive intrinsic fraud in a presentation shows *"dirty hands" of organized corruption* (see Exhibit "Z") *in reckless attack against the core values of this Country*: against the truth, against the law, against the reason, against justice, against its judicial system, against its Constitution, in short – *against its People*. The only hope of the attackers *to get through* is the *blind eye of a corrupt judge* or of improperly influenced court. And the attackers know that *any* genuinely honorable judge will stop the scam – as "No fraud is more odious than an attempt to subvert the administration of justice." By MR. JUSTICE ROBERTS (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

113. Massive intrinsic *fraud* clearly visible in a party's presentation, when *affirmed as the truth* with favorable court decisions – as it happened in proceeding matter #300165/2018 – brings *systemic damage* to the *entire* judicial system, as it makes visible even to

proverbial blind man degrading of the court of law into improper show insulting to normal human intelligence.

114. Undoubtedly, attorneys Mr. Dean M. Roberts, Mrs. Filardi, and Mrs. Krauchanka, if acting on their own, were neither able nor ever *would risk* to organize proven above egregious crime against the New York State judicial system – and there is no question that this *crime was organized*. But Mr. John N. Vanarthos in his position of NMM Chairman, being hidden behind *illegal* representation by MDAF with violation by the judge of 2013 NY CPLR, Article 10, § 1001 and FRCP Rule 19 (1)(A), and using available to Norris McLaughlin Law Firm huge financial resources and connections, *was able*, and, allegedly, *did it* – knowingly and willfully.

115. Mr. Vanarthos' motive for organizing this crime is plain: to save *by all means* NMM Law Firm from legal consequences of committed by its associate attorney Mr. Roberts multiple acts of fraud on the court.

116. Allegedly, Mr. Vanarthos has solicited from the leaders of MDAF furnishing NMM with attorneys' Mrs. Filardi and Mrs. Krauchanka signatures, made his subordinate attorney Mr. Roberts to prepare perjurious paperwork intended for *defrauding* both courts in proceeding matter #300165/2018, and arranged filing multiple forged documents.

117. All documents presented to the APPELLATE COURT under signature of attorney Mrs. Iryna S. Krauchanka – with exception of the first motion to strike (sequence #1) – show attorney Mr. Dean M. Roberts' hand. Respectively, same holds true regarding papers signed by attorney Mrs. Elizabeth A. Filardi.

'*The style is the man himself*'. Linguistic analysis of all these papers reveals Mr. Roberts' hand with the accuracy of taken fingerprints (see **NB** in point 28).

118. However, Mrs. Filardi and Mrs. Krauchanka are licensed lawyers and the officers of the court in proceeding matter #300165/2018. Thus, both ladies are responsible for all the perjuries endorsed with their signatures.

## VIII. SUMMARY. FRAUD ON THE COURT IN APPEAL #300165/2018

119.

a) Points 47- 48 above show that fraud on the court in proceeding case #300165/2018 in the BRONX SUPREME COURT was *actually* committed;

b) Point 112 above shows that material factual fraud was implanted into matter of Appeal #300165/2018 *by the officers of the court*;

c) points 60 – 97 above show that material factual fraud was implanted into matter of Appeal #300165/2018 by conspired co-defendants *intentionally*;

d) Points 9-10, 23, 44-45, 60-97 above show that material factual fraud was *directed to the* APPELLATE COURT *itself*;

e) All three (3) based on proven material factual fraud Court Decisions/Orders on matter #300165/2018 show that both the BRONX SUPREME COURT and the APPELLATE COURT *were improperly influenced*;

f) Two facts, 1) that plaintiffs' Complaint #300165/2018 was *not considered*, but *adjudicated* by the BRONX SUPREME COURT, and 2) that plaintiffs' Appeal was *not considered*, but dismissed by the APPELLATE COURT on *perjurious* ground, show that both courts "have not performed their judicial function --- thus, the impartial functions of both courts have been directly corrupted".

All these subpoints together show that the matter #300165/2018 meets *precisely* the definition of *actually* committed crime of fraud on the court as formulated in the precedential case Bulloch v. United States, 763 F.2d 1115, 1121  (10th Cir. 1985) (see point ii above), and, meets *precisely* requirements of "the necessarily demanding standard for proof of fraud upon the court." (ROBERT BURKE v. UNITED STATES OF AMERICA, CIVIL ACTION NO. 96-3249).

FURTHER:

120. In regard to judicial merit of appealed Decision from February 26, 2019, it is necessary to point out that *the very text* of Decision contains a statement of material factual fraud attempting to controvert incontrovertible fact of violation by attorney Mr. Roberts of *res judicata* principle in underlying case #16124/17, proved in points 24-29 above.

EXPOSURE:

121.  Unconsidered by the APPELLATE COURT plaintiffs-appellants' Replacement Brief (see Exhibit "F") revealed that (QUOTE):

*165.* JUDGMENT IN APPEALED DECISION STATES FALLACY:

"Given the procedural history of this case and considering that plaintiffs obtained a favorable result at the conclusion of the underlying summary holdover proceedings Plaintiffs cannot meet its burden with respect to this cause of action. There was no showing by Plaintiffs that AHC's conduct impaired the judicial system's ability to impartially adjudicate the underlying summary holdover proceedings by improperly influencing the trier of fact or unfairly hampering the presentation of Plaintiffs' claims or defenses. On the contrary, gleaming from the court's decision after the trial it was clear that  Plaintiffs were not hampered in any manner from presenting their case  as they obtained a dismissal of the summary holdover proceedings."

..., the question is: *how many* "favorable results" of summary eviction proceedings fraudulently *prosecuting* Plaintiffs for *the crime of playing piano in their apartment in legal time* Plaintiffs-appellants needed to obtain in Bronx Housing Court until Honorable judge Lucindo Suarez obtains enough integrity to see that *the last* "favorable result" is obtained by tortfeasors with *fraud upon the court,* and is therefore *a proof of actual malice*? By cited in appealed decision *Wilhelmina Models, Inc. v. Fleisher 19,* a single favorable result ("a...proceeding") is sufficient for Plaintiffs-appellants to prevail in instant matter. Plaintiffs-appellants obtained two (2): in cases #32573/13, and #16124/17.  Legally and evidently, the second "favorable result" constitutes a *special injury* to Plaintiffs-appellants, which is an element required by law for prevailing in stated claim of malicious prosecution. (UNQUOTE)

**NB**: The *very text* of appealed Decision displayed above *states material factual*

*fraud,* to wit, (QUOTE):

"There was no showing by Plaintiffs that AHC's conduct impaired the judicial system's ability to impartially adjudicate the underlying summary holdover proceedings..." (UNQUOTE).

EXPOSURE of fraud in this text:

Plaintiffs *never* claimed defendant AHC's responsibility for the "conduct that impaired the judicial system's ability to impartially adjudicate the underlying summary holdover proceedings" – in proper words, for *imposition of fraud on the court*, as, by definition, this crime can be committed only *by the officer of the court*. Unconsidered Complaint #300165/2018 clearly stated responsibility of *co-defendant* NMM Law Firm – *the* officer of the court – for committing this crime. (see Exhibit "A", Complaint, page 2, CONTENTS points *2)*, *4)*, F), *6)*, *8)*.

Wherefore, appealed Decision/Order issued by the judge Hon. Lucindo Suarez on February 26, 2019, as deliberately stating *perjury in its text*, must be set aside for fraud on the court pursuant to FRCP Rule 60(d)(3).

122.  IN SUM TOTAL:

a) The BRONX SUPREME COURT's appealed Decision/Order from February 26, 2019, as stating *perjury in its text* – is void;

b) APPELLATE COURT's self-legislated and based on perjury Order from October 1, 2019 – is void;

c) APPELLATE COURT's Order from February 4, 2020, as stating in its text *factual falsity,* to wit: plaintiffs' "`failure to comply`" with self-legislated and based on perjury Court Order from October 1, 2019 – therefore, as *based on double fraud* – is void;

123.  The very fact of dismissing Appeal #300165/2018 *without* performing by the APPELLATE COURT its *truth-seeking duty* meets high evidentiary standard applied by the federal courts to proving *actually committed* fraud on the court. This fact alone proves that fraud on the court – *and nothing else* – rendered the APPELLATE DIVISION FIRST DEPARTMENT inept and dysfunctional up to total inability to "perform its judicial function" in handling matter #300165/2018.


"It is axiomatic that fraud vitiates everything".
(*re Village of Willowbrook*, 37 Ill.App.2d 393 (1962)


124.

In proceeding matter #300165/2018 chosen by conspired co-defendants NMM/MDAF criminal tactics of *fighting allegations of fraud upon the court with further persistent acts of the same*, resulted in

a) inconsideration of plaintiffs' initial Complaint #300165/2018 by the Bronx SUPREME COURT,

b) inconsideration of plaintiffs-appellants' Brief by the APPELLATE COURT,

c) raising of initially committed by attorney Mr. Dean M. Roberts mindless crime to its *paramount degree* – as no further *qualitative* advancement of imposing fraud on the court *is possible,*

d) *fraud of all species exercising absolute power* over both the BRONX COUNTY SUPREME COURT and the APPELLATE DIVISION FIRST DEPARTMENT.

71

Thus, even a *single attempt* to defraud the court, if committed by attorneys for NMM/MDAF in proceeding *instant* case, will *transcend the nature* of this matter from the *civil* offense of exacerbated fraud on the court – to the *criminal* offense of attempted treason against the United States.

## IX. CONCLUSION

125. Here are mentioned in point 2 above undeniable documentary evidence – court papers – of committed by AHC/NMM fraud upon the court against plaintiffs:

a)      The matter of underlying eviction case #32573/13 commenced by AHC against plaintiffs, as stated in Ten Day Notice to Cure, reads:

> **PLEASE TAKE NOTICE,** that you have violated and continue to violate substantial obligations of your tenancy at the premises known as Apartment 11-B, 3985 Gouverneur Avenue, Bronx New York 10463 (hereinafter the "Apartment") now held by you under the terms of your Occupancy Agreement, dated January 1, 2010 (hereinafter "Occupancy Agreement"), to wit, paragraphs 4th, subsection 16, and Rules and Regulations 16 and 17 thereof.
>
> **PLEASE TAKE FURTHER NOTICE,** that for the last several months you have engaged in behavior, which is a nuisance in the Apartment, and have continuously interfered with the rights, comforts and convenience of your fellow cooperators. The facts supporting this conclusion include but are not limited to the following:
>
> 1.      On February 2, 2013, at approximately 3:18 p.m., Security received a report of excessively loud piano playing emanating from your subject apartment. Security confirmed that loud music was emanating from the Subject Premises.
>
> 2.      On February 5, 2013, at approximately 10:05 a.m., Security received a report of loud piano playing coming from the Subject Premises. Security confirmed the accuracy of the report.
>
> 3.      On February 8, 2013, at approximately 4:42 p.m., Security received a report of excessive loud piano playing emanating from the Subject Premises. Security confirmed that loud music was emanating from the Subject Premises.
>
> 4.      In June of 2012 the cooperative commenced a holdover proceeding under index number 31890/2012 based on the same ongoing pattern of noise emanating from the apartment, proceeding was discontinued without prejudice due to the acceptance of maintenance.
>
> 5.      Thereafter the cooperative continued to receive complaints from shareholders regarding continuous music coming from the apartment, which continued in spite of repeated requests to cease or moderate the nuisance.

b)      Final decision on eviction case #32573/13 issued by Hon. E. Rashford reads:

**"The matter is discontinued with prejudice by petitioner on the record."**

c)      Final decision on underlying eviction case #16124/17 issued by Hon. M. Breier reads:

Petitioner, Amalgamated Housing Corporation, commenced this nuisance summary holdover proceeding against respondents, Boris Gerasimov and Ekaterina Gerasimov, members of the cooperative and lessees of apartment 11B in the building 3985 Gouverneur Avenue, Bronx, New York 10463.

Petitioner alleged that respondents violated New York Administrative Code §§ 27-2005 and 27-2013, Multiple Dwelling Law §309 and paragraphs Fourth and Fifth of their Occupancy Agreement and paragraph 14 of the Rules and Regulation of the Occupancy Agreement because of complaints received by the cooperative of loud and prolonged noise caused by respondents' piano playing.

The credible evidence adduced at trial proved that respondents play their piano only during hours permitted in their occupancy agreement. While their piano playing annoys their neighbors in apartment 10C, it does not violate the occupancy agreement or constitute a nuisance and accordingly, as will be explored below, the petition is dismissed.

d)      The NYC Administrative Code § 27-2005 reads:

"d) The owner of a dwelling shall not harass any tenants or persons lawfully entitled to occupancy of such dwelling as set forth in paragraph 48 of subdivision a) of section 27-2004 of this chapter."

Thus, Hon. M. Breier' decision proved with documentary evidence the fact that the nuisance summary eviction proceeding #16124/17 against plaintiffs was commenced based on fraud and in violation of the Res Judicata principle, then fully proceeded and adjudicated in violation of the US CONSTITUTION, 14th AMENDMENT, DUE PROCESS AND EQUAL PROTECTION CLAUSES.

73

*/Perjury generally/*, the 2013 NY CPLR, Article 10, § 1001 (*necessary joinder of parties*), the statute of Mail Fraud 940. 18 U.S.C. section 1341, and implicative protection by Elder law – wherefore, in blatant denial to plaintiffs their *constitutional right* for fair trial.

128. The *issue* of denial to plaintiffs their constitutional right for fair trial was raised by plaintiffs-appellants in motion for Reconsideration. (Exhibit "L")

(QUOTE):

1.      I, Boris Gerasimov, the Plaintiff-Appellant in this case am fully familiar with the facts and circumstances heretofore and herein, and affirm following under penalty of perjury:

2.      Plaintiff-appellant in this appeal Boris Gerasimov moves this Court to reconsider the Decision/Order from February 4, 2020, for the following reasons:

        a) the decision ordered dismissal of Plaintiffs' appeal without going to the matter;

        b) the decision denying plaintiffs-appellants' cross motion for Default Judgment on the reason of ostensible *failure to comply* with this Court's October 1, 2019, order, did overlook contained in the cross motion *documentary evidence of full compliance* of plaintiffs-appellants replacement filings with this Court's October 1, 2019, order.  (see in EXHIBIT "C")

        c) the decision from February 4, 2020 as based on overlooked documentary evidence of fraud on the court, denies to plaintiffs-appellants their constitutional right for fair trial, therefore, it cannot stay, and must be reconsidered: "A **decision** produced by **fraud** on the court is not in essence a **decision** at all, and **never** becomes **final.**" *(3d 670, 677 (7th Cir. 1997).*

3.      However, final outcome of instant matter can be achieved through settlement of the case #300165/2018.

4.      For this reason plaintiffs-appellants respectfully request this Court to reconsider decision from February 4, 2020, and to issue a new decision dismissing Defendant-appellee's second motion to strike filed on November 12, 2019, as based on proven with documentary evidence perjury, and, in pursuance to part

1250.3 (c) of Rules of Practice, directing parties in this appeal to settle instant case #300165/2018 under supervision of this Court with existing Mediation Program.

(UNQUOTE)

129. By denial the motion plaintiffs Boris and Ekaterina Gerasimov were *deliberately* denied their constitutional right for being heard by impartial tribunal, guaranteed to all citizens of the United States by the UNITED STATES CONSTITUTION, 14th AMENDMENT, the DUE PROCESS and EQUAL PROTECTION CLAUSES.

130. Based upon foregoing, plaintiff in instant case Boris Gerasimov respectfully requests this Court:

**1)** in order to uphold the law, and pursuant to the 28 USC 1331 and FRCP Rule 60(d)(3), to set aside for fraud on the court judgment on initial Complaint #300165/2018 issued by the BRONX COUNTY SUPREME COURT on February 26, 2019;

and,

**2)** in order to relieve damages done by conspired defendant AHC and co-defendant NMM to the New York State judicial system, and to the citizens of the United States plaintiffs Boris and Ekaterina Gerasimov, to issue Decision/Order granting to plaintiff Boris Gerasimov summary judgment on Complaint #300165/2018 as a matter of law;

or, as the alternative, ordering

a) pursuant to the ruling in seminal precedential case 538 U.S. 408, 425./State Farm Mut. Automobile Ins. Co. v. Campbell (2003) (see point xiv above), and proven in points 120-125 of underlying initial Complaint #300165/2018 (see Exhibit "A", pages 116-124) applicability of this ruling to instant matter, and in order to relieve damages done to plaintiffs Boris and Ekaterina Gerasimov, defendant AHC to pay to plaintiff in instant case Boris Gerasimov compensatory damages in amount of $1,000,000 as stated in point 125 (i) in initial Complaint #300165/2018;

b) co-defendant NMM to pay to plaintiff in instant case Boris Gerasimov compensatory damages in amount of $1,000,000 as stated in point 125 (iii) in initial Complaint #300165/2018;

c) in order to relieve damages done by co-defendant MDAF to plaintiffs citizens of the United States Boris and Ekaterina Gerasimov's rights in proceeding matter #300165/2018 in the SUPREME COURT OF THE CITY OF NEW YORK COUNTY OF BRONX and in the APPELLATE DIVISION FIRST DEPARTMENT, co-defendant MDAF to pay to plaintiff in instant case Boris Gerasimov compensatory damages in amount of $1,000,000;

d) co-defendant NMM to pay to the USDC SDNY punitive damages done to the New York State judicial system in amount of $9,000,000 or in any other amount this Court deems just and proper;

e) co-defendant MDAF to pay to the USDC SDNY punitive damages done to the New York State judicial system in proceeding matter #300165/2018 in the

77

SUPREME COURT OF THE CITY OF NEW YORK  COUNTY OF BRONX

and in the APPELLATE DIVISION FIRST DEPARTMENT

in amount of $9,000,000

or in any other amount this Court deems just and proper,

together with any other relief this Court deems just and proper.


Respectfully submitted,
March     , 2021
New York.

78

## VERIFICATION

I, plaintiff in this proceeding Boris Gerasimov, being duly sworn, hereby state under penalty of perjury that I have read the foregoing plaintiffs' Complaint and know the contents thereof, the same are true to my knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters I belief them to be true.

March    , 2021
_____
Date

Signed: Boris Gerasimov

Sworn to and Subscribed before me
this _14_ day of _March_ 2021

PATRICK EZINWA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01EZ6216964
Qualified in Bronx County
Commission Expires February 01, 2022

NYSDL #426 389 333

79

# EXHIBITS to Complaint #

## CONTENTS

EXHIBIT **"A"** Plaintiffs' initial Complaint #300165/2018 (Excerpts)..................2

EXHIBIT **"B"** Plaintiffs' Motion to strike NMM defense (#1) (Excerpts)..........16

EXHIBIT **"C"** Plaintiffs' Motion for Summary Judgment (#2) (Excerpts).........18

EXHIBIT **"D"** Plaintiffs' Cross Motion to strike entire defense (#3) (Excerpts) 20

EXHIBIT **"E"** Appealed Decision on Complaint #300165/2018.........................33

EXHIBIT **"F"** Plaintiffs-appellants' Replacement Brief (Excerpts)....................39

EXHIBIT **"G"** Replacement APPENDIX I  (Excerpts)......................................48

EXHIBIT **"H"** Replacement APPENDIX II  (Excerpts).....................................50

EXHIBIT **"I"** Plaintiffs-appellants' Cross motion to strike (#1)  (Excerpts)........54

EXHIBIT **"J"** Plaintiffs-appellants' Motion for Default Judgment (#2)...............66

EXHIBIT **"K"** 22 NYCRR 1250.7; CPLR 5526...................................................76

EXHIBIT **"L"** Plaintiffs-appellants' Motion for Reconsideration (Excerpt).........78

EXHIBIT **"M"** Respondents' Excerpt and Motion for *pre*-Answer dismissal......80

EXHIBIT **"N"** Co-defendant NMM's Verified Answer...........................................84

EXHIBIT **"O"** Defendant's Verified Answer and Demands (Excerpts)...............89

EXHIBIT **"P"** Defendant-appellee's Motion to strike (#1) (Excerpts).................96

EXHIBIT **"Q"** Defendant-appellee's Affirmation in Support (#1) (Excerpts).....97

EXHIBIT **"R"** Defendant-appellee' Motion to dismiss (#2) (Excerpts)...............99

EXHIBIT **"S"** Case File #300165/2018; INDEX of entry 03.06.2019................100

EXHIBIT **"T"** E-mail exchanges between parties (evidence of mail fraud).......102

EXHIBIT **"U"** Affidavits of Service to Plaintiffs' wrong address.......................105

EXHIBIT **"V"** Decision/Order on underlying case #16124/17 (Excerpt)............112

EXHIBIT **"W"** Defendant AHC's Affirmation in Reply (Excerpt).....................113

EXHIBIT **"X"** Co-defendant MDAF's Envelope (evidence of mail fraud).........115

EXHIBIT **"Y"** Plaintiffs' Damages as stated in Complaint #300165/2018..........116

EXHIBIT **"Z"** Corruption of AHC Administration...............................................125

## EXHIBIT "A"

SUPREME COURT OF THE CITY OF NEW YORK

COUNTY OF BRONX

**BORIS GERASIMOV and**
**EKATERINA GERASIMOV**
3985 Gouverneur Ave, Apartment 11B
Bronx, NY 10463
Tel: (718) 548-1271
e-mail: borisgerasimov@yahoo.com

Plaintiffs,

against:

**AMALGAMATED HOUSING**
**CORPORATION (AHC)**
98 Van Cortlandt Park South
Bronx, New York 10463
Tel: (718) 796-9300

Defendant,

and

**NORRIS MCLAUGHLIN & MARCUS**
**LAW FIRM (NMM)**
875 Third Avenue, 8th Floor
New York, NY 10022
(212) 808-0700

Co-Defendant

Index No. **300165 / 2018**

**MALICIOUS PROSECUTION**

with two counts of imposing

**FRAUD UPON THE COURT**

# COMPLAINT

2

The complaint of the Plaintiffs Boris Gerasimov and Ekaterina Gerasimov respectfully shows and alleges as following:

# CONTENTS

INTRODUCTORY STATEMENT  (points 1-5)   .................................................   Page  4

GENERAL STATEMENT  (points 6-15).....................................................   5

STATEMENT IN DETAIL  (points 16-115)...............................................   8

**I. COMMENCEMENT WITHOUT JUSTIFICATION OF INITIAL**
**BASELESS FRAUDULENT EVICTION PROCEEDING #31890/12**
**BY DEFENDANT AGAINST PLAINTIFFS**   ..............................................   8

**A) FACTUAL BACKGROUND OF INITIAL BASELESS**
**FRAUDULENT EVICTION PROCEEDING #31890/12  (points 16 - 29)**   ..................   8

*1) PROOF OF ORIGINAL FRAUD AND ORIGINAL ACTUAL MALICE*   .......................   9

**B) PROCEDURAL BACKGROUND OF INITIAL BASELESS**
**FRAUDULENT EVICTION PROCEEDING #31890/12  (p. 30 - 38)**   ....................   12

**C) IMPROPER DISMISSAL *WITHOUT PREJUDICE* OF INITIAL BASELESS**
**FRAUDULENT EVICTION PROCEEDING #31890/12  (p. 39 - 45)**   .....................   15

*2) CO-DEFENDANT HAS COMMITTED IMPOSING FRAUD UPON THE COURT*
*FOR THE FIRST TIME   (p. 46 - 48)* .................................................   17

**II. COMMENCEMENT WITHOUT JUSTIFICATION OF THE SECOND**
**(UNDERLYING) BASELESS FRAUDULENT EVICTION PROCEEDING**
**#32573/13 BY DEFENDANT AGAINST PLAINTIFFS  (p. 49, 50)**   ....................   18

**D) FACTUAL BACKGROUND OF THE SECOND (UNDERLYING)**
**BASELESS FRAUDULENT EVICTION PROCEEDING #32573/13  (p. 51- 56)**   ..............   18

*3) PROOF OF ACTUAL MALICE IN THE SECOND (UNDERLYING)*
*BASELESS FRAUDULENT EVICTION PROCEEDING #32573/13*   ............................   18

**E) PROCEDURAL BACKGROUND OF THE SECOND (UNDERLYING)**
**BASELESS FRAUDULENT EVICTION PROCEEDING #32573/13  (p. 57 - 61)**   ...... ......   20

**III. PLAINTIFFS WON FAVORABLE TERMINATION OF THE SECOND**
**(UNDERLYING) EVICTION PROCEEDING #32573/13  (p. 62 - 65)**   ....................   21

3

*4) CO-DEFENDANT HAS ATTEMPTED IMPOSING FRAUD UPON THE COURT
FOR THE SECOND TIME* (p. 66) ........................................................................ 22

**F) CO-DEFENDANT'S SECOND ATTEMPT TO IMPOSE FRAUD UPON THE COURT
FAILED** ...................................................................…............................................ … 23

**IV. COMMENCEMENT WITHOUT JUSTIFICATION OF THE THIRD BASELESS
FRAUDULENT MALICIOUS EVICTION PROCEEDING #16124-17 BY DEFENDANT
AGAINST PLAINTIFFS  IN VIOLATION OF  CPLR 3211 (A)(5)** *l'res judicata', fraud* /
**CONSTITUTES RECOGNIZED BY LAW TORT CRIME OF
MALICIOUS PROSECUTION** ........................................................................... 23

**G. MOTIVES BEHIND COMMENCEMENT OF THE THIRD BASELESS FRAUDULENT
MALICIOUS EVICTION PROCEEDING  #16124-17 BY DEFENDANT
AGAINST PLAINTIFFS (p. 67 - 72)** ....................................….................................. 24

**H) FACTUAL BACKGROUND OF THE THIRD BASELESS FRAUDULENT
MALICIOUS EVICTION PROCEEDING #16124-17 (p. 73 - 78)** ...................................… 26

**I. PROCEDURAL BACKGROUND OF THE PROCEEDING #16124-17 (p. 79-95)** ......... 28

**J. APPEARANCE OF UNDUE INFLUENCE EXERTED BY CO-DEFENDANT
ON RESOLUTION JUDGE IN CONSIDERATION OF CASE #16124-17 (p. 96-98)** ......... 32

**K. MALICIOUS CASE #16124-17 DISMISSED WITH PREJUDICE
BY COURT DECISION  (p. 99 - 102)** ....…………....………………....…...................…... 34

**V. ARGUMENT** .................................................................................................... 35

**L. TORTUOUS FRAUDULENT EVICTION CASE #16124-17 IS** *SUI GENERIS* (p. 103-104)   35

**M. DETAILED DESCRIPTION OF FRAUDULENT SCHEME USED BY DEFENDANT
AGAINST PLAINTIFFS (p. 105 - 106)** ....................................…...................…......... 37

*6) WITH THE THIRD ATTEMPT CO-DEFENDANT HAS COMPLETED COMMISSION OF
IMPOSING FRAUD UPON THE COURT FOR THE SECOND TIME* (p. 107-109) ........... 38

COURT DECISION ON MALICIOUS CASE #16124-17 HAS FAILED TO DELIVER
JUSTICE (110 - 115) ....…................................................................................…... 40

ARISTOTELIAN DEFINITION OF TRUTH  (p. 113) ............................................... 41

**VI. SUMMARY** ...............................................................................   42

*7) PROOF OF MALICIOUS PROSECUTION OF PLAINTIFFS BY DEFENDANT* (p. 116 - 117)   42

*8) PROOF OF IMPOSING FRAUD UPON THE COURT BY CO-DEFENDANT* (p. 118) ......   43

**VII. STATEMENT OF DAMAGES** (p. 119 - 124) ....................................................   43

**VIII. CONCLUSION** (p. 125) ...........................................................................   50

# INTRODUCTORY STATEMENT

1.      Plaintiffs Boris and Ekaterina Gerasimov have been citizens of the United States

for 25 years after emigration from the former Soviet Union as the political refugees, for

the last 12 years have been tenants/shareholders of Amalgamated Housing Corporation

(AHC) (Defendant) – and for the last 8 years at the above indicated address.

2.      Boris Gerasimov is a retiree after years of work as a Catholic Church Music

Director /Organist in the NY Metro area. Boris Gerasimov is an active member of

the ASCAP (American Association of Composers, Arrangers and Producers), and

a member of the AGO (American Guild of Organists (1995 -2012). Ekaterina Gerasimov

is a housewife; Plaintiffs have been married for 50 years.

3.      Defendant, the AHC Co-op is a domestic cooperative housing corporation

incorporated pursuant to Article IV of the Private Housing Finance Law of the

State of New York. AHC is a multi-million Housing business with net yearly revenue

of $19,477,044   (source: the AHC Board of Directors' annual report 2018).

        The AHC General Manager Mr. Charles M. Zsebedics, the signee of all three

subsequent fraudulent malicious eviction proceedings against Plaintiffs, #31890/12,

#32573/13, and #16124/17, is once a convicted in Grand Larceny felon. (Exhibit 8a')

4.      Co-Defendant Norris McLaughlin & Marcus Law Firm (NMM) is a multi-million

enterprise with yearly revenue $25M to $50M. (source: company web page:

https://www.glassdoor.com/Overview/Working-at-Norris-McLaughlin-and-Marcus-

EI_IE766682.11,39.htm);

        The Attorney of the Record in cases #32573/13 and #16124/17 the NMM

Associate Mr. Dean M. Roberts has committed multiple perjuries (class E felonies) in

written documents presented to Court in underlying cases (details found in point 83 below).

5.      In the year 2017 Plaintiffs became victims of the tort crime of Malicious

Prosecution committed by the Administration of the Amalgamated Housing Corporation

(AHC)  (Defendant) with imposing Fraud Upon the Court committed by Defendant's

legal  representative NMM (Co-Defendant) under the signature of the Attorney of the

Record Mr. Dean M. Roberts.

6

COMPLAINT #300165/2018 (pages 125, 126, 128)

# The RIVERDALE PRESS

Fair, 37°
Monday, February 24, 2014
SEARCH

Home · Other news · What's on · Lifestyle · Obituaries · School · Sports · Opinion · Photos & Video · Real estate · Classifieds

## Amalgamated's new manager has fraud on resume

By Adam Wisnieski
Posted 7/27/11

The historic Amalgamated Housing Cooperative in Van Cortlandt Village has hired a new manager but some residents are concerned about his shady past.

In late June, the Board of Directors hired **Charles Zsebedics** to run the 1500-apartment complex — the oldest housing cooperative in the United States. They decided he was the best candidate for the job despite the fact that in 2000, he pleaded guilty to third degree grand larceny for participating in a criminal enterprise that defrauded residents and cooperators in Queens of $1.3 million.

As manager of Park City Apartments, Inc. for a company called Elm Management, Mr. Zsebedics was part of a scheme designed to provide lucrative kickbacks to himself, other employees of Elm and vendors doing business with the company.

He pleaded guilty and was forced to pay a $34,000 fine and serve five years probation, during which time he was not allowed to engage in any residential real estate business, though that sentence was reduced. The judge did allow Mr. Zsebedics to remain the manager of Park City and he did so for 10 more years, until September, because he said the judge did not see fit to remove him from that position.

The Amalgamated Board of Directors said they took Mr. Zsebedics past into consideration, but after weeding through more than 50 resumes he was by far the best candidate. The Board selected the five best candidates for interviews and Mr. Zsebedics and one other candidate were given second interviews. The Board then contacted nine of Mr. Zsebedics' references, according to Board president Howard Kamiel.

"He was, by a very wide margin, the best candidate," said Jerzy Warman, a board member with 41 years as a resident of the Amalgamated.

Mr. Zsebedics said he learned from his past and that it made him stronger. The board agreed.

Three board members, Mr. Kamiel, Mr. Warman and Ed Yaker all said they did not think Mr. Zsebedics' past would prevent him from being a competent manager in the future.

Sign up for our News Blasts



Find us on Facebook

The Riverdale Press
Like

1,967 people like The Riverdale Press.

Facebook social plugin

7

CORRUPTION IN THE RESIDENTIAL REAL ESTATE INDUSTRY



# Department of Investigation
## *Press Release*

**30 INDIVIDUALS & 10 CORPORATIONS IN RESIDENTIAL REAL ESTATE INDUSTRY CHARGED WITH STEALING $4 MILLION THROUGH KICKBACK & BID RIGGING SCHEME**

Thursday, June 22, 1995 – Manhattan District Attorney Robert M. Morgenthau, New York Police Commissioner Howard Safir and New York City Department of Investigation Commissioner Edward J. Kuriansky announced today the unsealing of 10 indictments charging 30 individuals and 10 corporations in the continuing investigation into corruption in the residential real estate industry. Those arrested today for defrauding cooperative shareholders and residents through kickback and bid rigging schemes include managing agents, board members, building superintendents, and vendors and contractors who worked in the buildings. In two of today's indictments two management companies have been indicted for Enterprise Corruption under New York's racketeering law; each is charged with defrauding buildings they managed out of more than $1 million.

Mr. Morgenthau said, "Today's indictments charge that the defendants cheated the residents of 74 cooperative and condominium apartment buildings in the City, some of them Mitchell-Lama and Title 8 subsidized housing. Corrupt building managers and board members took kickbacks from vendors – usually amounting to 10% of the contracted price. In addition, some vendors willingly joined the scheme, since the kickback arrangement protected them from competition, allowing them to rig bids and charge whatever prices they pleased. Not were the schemes confined to the most luxurious of buildings; the defendants victimized residents of middle-class buildings and government-subsidized buildings as well."

Police Commissioner Safir said, "Economic crime is just as important as street crime. Today's 30 arrests in a kickback scheme defrauding co-op residents show that this type of corruption and theft still plague the industry, costing innocent New Yorkers millions of dollars in inflated costs for repair, maintenance, and building supplies. This case stands as an example of our determination to bring all types of criminals to justice. Those indicted today are no different from criminals who steal cars, and we will go after them with the same vigor as other criminals."

Department of Investigation Commissioner Kuriansky said, "Bid-rigging and kickbacks have obviously been a way of life for many years in the residential real estate industry. But, by violating their positions as managing agents, building superintendents, and co-op board members to divert tenant funds into their own pockets, the defendants siphoned off the scarce resources that co-ops and residents need to make critical repairs to their buildings and to pay off their mortgages. Nor has government been immune to their abuse. For the first time, in these charges, we have seen this corruption spread to government-subsidized, Mitchell-Lama housing projects throughout the City. Today's coordinated response by local law enforcement will go a long way toward ridding this cycle of greed."

Mr. Morgenthau said that the investigation that led to today's indictments began when the Department of Investigation uncovered evidence that kickbacks were being paid by contractors working at buildings managed

Page 1

## CORRUPTION IN THE RESIDENTIAL REAL ESTATE INDUSTRY

President, ARNOLD ZABINSKY, former directors of management VINCENZO OCCHIPINTI, and JOSEPH GAGEN, **property managers (CHARLES ZEZBEICS** and WALTE BUCKLEY, coop board member MOHAMED ELEGOARANY, and vendors PHIL CAGGIANO and his company HORIZON ELEVATOR CO., INC., MICHAEL BENDJOUYA and his company CC CONTROLLED COMBUSTION CO., INC., HOWARD MOLEN and his company ELF.M., INC., and RICHARD CUCCIA and his company R.M.C. INDUSTRIAL SUPPLIES, INC. The indictment charges that these defendants, acting as a criminal enterprise (THE ELM GROUP), **defrauded the residents and shareholders of 29 cooperatives of more than $1.8 million.**

**ZABINSKY was the leader of the ELM Group** and **received 75% of kickbacks** paid by contractors doing business in buildings managed by his company. First OCCHIPINTI and later GAGEN were ZABINSKYS **lieutenants, picking up the kickbacks and receiving between 20% and 25%** for their trouble. **The top men also distributed shares of the kickbacks to individual agents taken from ZABINSKY's split.**

The ELM criminal enterprise continued to function through changes in key personnel. In 1994, when director of management VINCENZO OCCHIPINTI took a new position, he told the new director of management how the kickbacks were calculated and how much was to be shared with ELM President, ARNOLD ZABINSKY, and he identified the vendors who were members of the scheme. When ELM's director of management changed again in 1998, the same type of "handoff" conversation was repeated with new director of management, JOSEPH GAGEN, and ZABINSKY.

In one instance, involving Park City 3 & 4 Apartments, Inc., located in Rego Park, Queens, the split of the kickbacks included a Board member, MOHAMED ELEGOARANY, who received $36,000 as part of the kickback paid on a waterproofing contract that exceeded $1 million.

In another, MARVIN GOLD MANAGEMENT, which was managing Village East Towers, Inc., located on East 14th Street, Manhattan, was replaced by ELM MANAGEMENT because the coop was dissatisfied with GOLD. Kickbacks owed for work contracted while GOLD was the manager were actually paid to ELM after the change in managing agents.

The close, corrupt ties between the ELM criminal enterprise and its vendors is shown by an incident involving ELM and HORIZON ELEVATOR. In 1994, HORIZON did an elevator modernization project at Dayton Beach Park, located in Rockaway Beach, Queens. The job was so poorly performed that the coop had to hire another elevator company to repair work already done and to complete the job. Despite this and numerous similar incidents, HORIZON continued to be the elevator company of choice by ELM because of the kickbacks it paid, including obtaining the contract for elevator work done at Inwood Tower, Inc., located in Inwood, Manhattan.

MICHAEL BENDJOUYA and his company CC CONTROLLED COMBUSTION CO., INC., a boiler repair, replacement and maintenance contractor, are charged as part of the criminal enterprise **with paying 10% kickbacks on their work at ELM-managed buildings.** HOWARD MOLEN and his company ELF.M. INC., an interior construction company, and RICHARD CUCCIA and his company R.M.C. INDUSTRIAL SUPPLIES, INC., a hardware supplier, have also been named as part of the enterprise for **paying kickbacks of 10% on their jobs.** For example, each has been charged with paying kickbacks for providing, respectively, construction services and hardware at Village View Housing Corp., located at East 4th Street, Manhattan. ELF.M. was also permitted by ELM to continue work at Hilltop Village Coop Number 1, Inc., located in Hollis, Queens, despite residents' complaints over its costs; however, its later work was done using a different trade name in order to conceal its continued presence at the coop.

Page 3

9

25.    Later Plaintiff Boris Gerasimov addressed NY Departmental Disciplinary
Committee (DDC) of Supreme Court, Appellate Division, First Judicial Department with
the complaint (Docket No. 2013.2785) stating facts of fraud and multiple legal and
ethical violations committed by Attorney Mr. Dean M. Roberts in presentation and
processing of the initial #31890/12 and the next underlying #32573/13 eviction
proceedings.

26.    Waiting for pending investigation, Attorney Mr. Dean M. Roberts made
Defendant to purge all falsified entries from Plaintiff's business record, and thus has
committed another crime: willful spoliation of evidence in bad faith. However, point 11
of initial Petition Holdover #31890/12 remains *documentary evidence* of ***financial
fraud*** brought in Court by Defendant. (Exhibit 1a)

27.    As a rule, the DDC dismisses non-meritorious complaints in about six weeks -
after the first screening. After 16 months of investigation DDC investigators didn't find
any falsity in Plaintiff's complaint. Legal and ethical violations committed in both
fraudulent eviction proceedings #31890/12 and #32573/13 apparently merited to bringing
formal charges - up to disbarment - against Attorney Mr. Dean M. Roberts. Under NY
Law commission of Fraud Upon the Court, if proved, mandates disbarment of a lawyer
who has committed it.

Nevertheless, in his letter of April 14, 2015 the DDC Chief Counsel Mr. Jorge Dopico wrote that he has been "formally advised ... not to proceed further with the complaint".

28.    Complaint was filed on December 20, 2013. On December 30, 2013, the newly appointed chairman of DDC Mr. Ernest J. Collazo stated: "...the urgent need that the first order of business be to remove Jorge Dopico as chief counsel ... of the corrupt attorney "ethics" committee".  Mr. Collazo has confided with associates that he will make the long-overdue changes necessary to restore true ethics back to the ethics oversight committee. (Exhibit 8g)

(source: http://ethicsgate.blogspot.com/2013/12/new-chairman-of-manhattan-attorney.html)

29.    Abortion without justification of Plaintiff's complaint #2013.2785 by the DDC Chief Counsel Mr. Jorge Dopico is unexplainable otherwise but by *undue influence* exerted on Mr. Dopico by Co-Defendant.

-------------------------------------------------------------------------

**B)**        PROCEDURAL BACKGROUND OF INITIAL
            BASELESS FRAUDULENT EVICTION PROCEEDING #31890/12

30.    Hired by Plaintiffs Attorney Mr. Mark D. Lazarus was duly informed by Plaintiffs that financial claim of $2,243 stated in point 11 of the Petition was *intentional fraud* and that verification of Petition Holdover #31890/12 was *perjurious*.

31.    Written Answer to Petition Holdover #31890/12 prepared by Mr. Lazarus was duplicitous: *bad faith* as the source and *harassment* as the purpose of commenced proceeding were stated, and the Counterclaim of $100,000 was substantiated. On the other hand, fabricated by Defendant false financial claim of $2,243 - already

11

misrepresented by Co-Defendant in point 11 of the Petition as *"maintenance or use and occupancy monies"* - underwent another *mischaracterization* by Defense Attorney Mr. Lazarus: in disregard to documentary evidence of fraud and perjury presented by Plaintiffs, **financial fraud** committed by Defendant was *mischaracterized* in the Answer as an *"incorrect"* statement of *"rent"* that was *"paid in full"*. (Exhibit **3**)

32.     *Mischaracterization of financial fraud* committed by Defense Attorney Mr. M. D. Lazarus violated *ethical Rules 1200* and evidently was an act of legal malpractice.

33.     This act of *double-crossing* committed by Defense Attorney had provided Co-Defendant with the *cover-up* needed to bring to completion the crime of imposing Fraud Upon the Court, and *by this way* to get improper dismissal of the fraudulent case by the Resolution Judge.

12

**39.**     Dismissal of already not actionable initial case #31890/12 *without prejudice* on the

ground of "*accepting rent by Petitioner after termination*" could be ordered by the

Resolution Judge at the first appearance of parties in Court on June 19, 2012. Plaintiffs

were specifically advised by Defense Attorney not to come to Court on that day. The case

#31890/12 was adjourned for three more months without any explanation.

**40.**     Unjustified by any legitimate reason three months of delay was requested by both

Attorneys - allegedly for some *tete-a-tete* negotiations. Allegedly, the point of delicate

negotiations was *the ransom price* asked by Defense Attorney Mr. Lazarus for *not going*

*to the real matter* of the case, which was *falsely stated Cause of Action and perjuriously*

*verified by Co-Defendant financial fraud.* Allegedly, the counterclaim of $100,000 was

used by Mr. Lazarus as leverage. Probably, the asked price was so high that Mr. Lazarus

was pressed by Co-Defendant to show proof of Plaintiffs' determination to further

proceed the case. So, the night before the hearing, around  8:00 PM, Mr. Lazarus invited

Plaintiffs to his office and made the audio record of Plaintiff's request to finally try the

fraudulent case by merits.

        Assumedly, with this argument under the table the bargain was stricken.

41.     Next morning, on September 25, 2012, at hearing the case Resolution Judge

Brenda Spears - apparently under the improper influence - dismissed the case "without

prejudice" and "without going to the matter". The Judge has denied Plaintiff's request to

say the oral argument for sending the case #31890/12 for trial, and refused – as Defense

Attorney Mr. Lazarus "*strongly did not recommend*" - to accept, even to read alternative

written Answer prepared by Plaintiffs. (Exhibit 5a)   So, the Court was in fact *improperly influenced and deceived.*

42.     Counterclaim of $100,000 of damages stated by Defense Attorney Mr. Mark D. Lazarus in his written Answer was left by the Judge without consideration.

43.     Plaintiffs have been sued in Court for the first time in their life. Watching the *wrong* they didn't realize that they had the power to fire *double-crossing* Defense Attorney Mr. Mark D. Lazarus *on-the-spot* and to continue defense *pro se*. Judge Brenda Spears did watch disagreement between Plaintiffs and Defense Attorney, but, allegedly, has been influenced enough to neglect her duty to clarify to Plaintiffs their rights.

44.     The *scheme* looked like being polished to perfection for 20+ years of continuous representation of Defendant by Co-Defendant in the Bronx Housing Court.

45.     Improper termination by Judge Brenda Spears of fraudulent Petition Holdover #31890/12 has resulted in a *miscarriage of Justice*. Both Co-Defendant and Defense Attorney left the Courtroom with granted achievement of their improper objectives (p. **14**), and fully equipped to come back next year with the next fraudulent Petition Holdover.

14

### III.    PLAINTIFFS WON FAVORABLE TERMINATION OF THE SECOND (UNDERLYING) EVICTION PROCEEDING #32573/13

62.    On the day of final trial by merits December 3, 2013, Trial Judge Hon.

E. J. Rashford made favorable to Plaintiffs termination of Petition #32573/13 (Quote):

"*Matter discontinued with prejudice by Petitioner on the record.*"

Corrupt matter of case #32573/13 has become *legally barred from future relitigation* under the statute 3211 (a)(5) of CPLR /'*res judicata*'/. (Exhibit **5b**)

63.    Termination of the second fraudulent eviction proceeding #32573/13 in Plaintiffs' favor constitutes *the second (of four) necessary elements required by Law for stating claim of Malicious Prosecution: the termination of the prior proceeding in favor of the plaintiff.* (Memorandum of Law **2**: *(2)*

--------------------------------------------------------------------------------

15

Exhibit "B" (Excerpts)

SUPREME COURT OF THE CITY OF NEW YORK

COUNTY OF BRONX

**BORIS GERASIMOV and**
**EKATERINA GERASIMOV**
3985 Gouverneur Ave, Apartment 11B
Bronx, NY 10463
Tel: (718) 548-1271
e-mail: borisgerasimov@yahoo.com

Complainants, *pro se*

against:

**AMALGAMATED HOUSING**
**CORPORATION (AHC)**
98 Van Cortlandt Park South
Bronx, New York 10463
Tel: (718) 796-9300

Defendant,

and

**NORRIS McLAUGHLIN & MARCUS, P.A.**
**ATTORNEYS for PETITIONER**
875 Third Avenue, 8th Floor
New York, NY 10022
(212) 808-0700

Co- Defendant

Index No. **300165/2018**

**MALICIOUS PROSECUTION**

with two counts of imposing

**FRAUD UPON THE COURT**

Motion sequence: 001

Filed on 9/25/2018

## *AMENDED*

## NOTICE of MOTION TO STRIKE DEFENSE

Page 1 of 2

**PLEASE TAKE NOTICE,** that upon the attached AMENDED AFIDAVIT IN SUPPORT OF MOTION TO STRIKE DEFENSE PURSUANT TO CPLR 3211(A)(5) /statute of frauds/

Boris Gerasimov, sworn to on the 11 of December 2018, and the Exhibits attached to the original Affidavit, and upon all proceedings in this case to date, the Plaintiffs Boris and Ekaterina Gerasimov will move in this Court, at 9:30 A.M. on the 15th day of January , 2019 at the Courthouse, 851 Grand Concourse, Bronx, New York in the Motion Support , Clerks Office Room 217, for an Order, pursuant to CPLR 3211 (a)(5) /statute of frauds/ granting the following relief to the movants:

to strike entire defense against Complaint #300165/2018 stated by Attorney for Co-Defendant Norris McLaughlin & Marcus Law Firm Mr. Dean M. Roberts in his ANSWER

and granting such other and further relief as this Court may deem just and proper.


**PLEASE TAKE FURTHER NOTICE,** that pursuant to CPLR 2214 (b), you are hereby required to serve copies of your answering affidavits on the undersigned no later than the seventh day prior to the date set above for the submission of this motion.


Dated: 12/11/2018, New York

12/11/2018

date affidavit signed


Respectfully submitted

Signature: _____ Boris Gerasimov

3985 Gouverneur Ave., Bronx, NY 10463
Tel: (718)548-1271


**Page 2 of 2**

17

EXHIBIT "C"

## Plaintiffs' Motion for Summary Judgment (#2) (Excerpts)

SUPREME COURT OF THE CITY OF NEW YORK

COUNTY OF BRONX

**BORIS GERASIMOV and**
**EKATERINA GERASIMOV**
3985 Gouverneur Ave, Apartment 11B
Bronx, NY 10463
Tel: (718) 548-1271
e-mail: borisgerasimov@yahoo.com

Plaintiffs *pro se*,

against:

**AMALGAMATED HOUSING**
**CORPORATION (AHC)**
98 Van Cortlandt Park South
Bronx, New York 10463
Tel: (718) 796-9300

Defendant,

and

**NORRIS MCLAUGHLIN & MARCUS**
**LAW FIRM (NMM)**
875 Third Avenue, 8th Floor
New York, NY 10022
(212) 808-0700

Co-Defendant

Index No.   **300165/2018**

Filed on September 25, 2018

**MALICIOUS PROSECUTION**

with two counts of imposing

**FRAUD UPON THE COURT**

## MOTION FOR SUMMARY JUDGMENT

Page **2** of **9**

**51, 54, 55**  the fact of *entire lack of probable cause for initiation of the prior proceeding;*

**116** - the fact of judicial affirmation of *entire lack of probable cause for initiation of the prior proceeding* by Court Decision from May 3, 2018, (Exhibit **5c**);

**24, 56**    the fact of *presence of original and actual malice in the prior case;*

**123 (f.)**    the statement of special injuries sustained by Plaintiffs.


16.    All stated in point **15** above facts are supported by documentary evidence (Exhibits **1b, 5b, 4, 5c,** and **1a,** accompanying Complaint).

17.    Denial (in point **3** of the ANSWER submitted to Court by Defendant) of all stated in point **11** above and proved by documentary evidence *facts* is *frivolous* as lacking any factual and evidential support.

**18.**    Submitted by Defendant together with ANSWER "DEMAND FOR VERIFIED BILL OF PARTICULARS" requesting Plaintiffs to serve Defendant with verified written documents related to nothing but *immaterial fact of unspecified car accident* provided Court with *documentary evidence of futility of further discovery.*

19.    Thus, summary judgment which Plaintiffs are seeking is not premature, as the discovery which defendant is seeking to obtain regarding the claim of Malicious Prosecution is irrelevant to the merits of the Complaint.

**Page 7 of 9**

19

EXHIBIT "D"

SUPREME COURT OF THE CITY OF NEW YORK

COUNTY OF BRONX

**BORIS GERASIMOV and**
**EKATERINA GERASIMOV**
3985 Gouverneur Ave, Apartment 11B
Bronx, NY 10463
Tel: (718) 548-1271

Complainants,

against:

**AMALGAMATED HOUSING**
**CORPORATION (AHC)**
98 Van Cortlandt Park South
Bronx, New York 10463
Tel: (718) 796-9300

Defendant,

**NORRIS McLAUGHLIN & MARCUS, P.A.**
**ATTORNEYS for PETITIONER**
875 Third Avenue, 8th Floor
New York, NY 10022
(212) 808-0700

Co- Defendant

Index No.   **300165/2018**

Filed on September 25, 2018

**Hon. Lucindo Suarez**

**MALICIOUS PROSECUTION**

with two counts of imposing

**FRAUD UPON THE COURT**

Motion sequence: 003

# PLAINTIFF'S CROSS MOTION TO STRIKE ENTIRE DEFENSE
# AGAINST ALLEGATIONS IN COMPLAINT #300165/2018

## AND IN OPPOSITION TO TWO DEFENDANT'S CROSS MOTIONS:
## CROSS MOTION FOR SUMMARY JUDGMENT,
## AND CROSS MOTION TO DISMISS

20

1. The instant Cross Motion to Strike Entire Defense is submitted for an Order granting to Plaintiffs this Cross Motion in pursuance to CPLR 3211(a)(1) - as Complaint #300165/2018 is entirely founded upon documentary evidence, to strike entire defense against allegations in Complaint #300165/2018 in pursuance to CPLR § 3211(a)(5)/*fraud*/ - as based on fraud and falsity, and to grant to Plaintiffs Boris and Ekaterina Gerasimov relief as it is stated in the Complaint #300165/2018, together with such other and further relief as this Court may deem just and proper.

2. The instant Cross Motion is also submitted in opposition to Defendant's Cross Motion for Summary Judgment, and in opposition to Defendant's Cross Motion to Dismiss, both dated by January 8, 2019.

SUPREME COURT OF THE CITY OF NEW YORK

COUNTY OF BRONX

**BORIS GERASIMOV and
EKATERINA GERASIMOV**
3985 Gouverneur Ave, Apartment 11B
Bronx, NY 10463
Tel: (718) 548-1271

Complainants,

against:

**AMALGAMATED HOUSING
CORPORATION (AHC)**
98 Van Cortlandt Park South
Bronx, New York 10463
Tel: (718) 796-9300

Defendant,

**NORRIS McLAUGHLIN & MARCUS, P.A.
ATTORNEYS for PETITIONER**
875 Third Avenue, 8th Floor
New York, NY 10022
(212) 808-0700

Co- Defendant

Index No.   **300165/2018**

Filed on September 25, 2018

Hon. Lucindo Suarez

**MALICIOUS PROSECUTION**

with two counts of imposing

**FRAUD UPON THE COURT**

# PLAINTIFF'S COMBINED AFFIDAVIT IN SUPPORT OF CROSS MOTION TO STRIKE ENTIRE DEFENSE AGAINST ALLEGATIONS IN COMPLAINT #300165/2018

## AND IN OPPOSITION TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT
## AND TO DEFENDANT'S CROSS MOTION TO DISMISS

Preliminary correction: all appearances in the Complaint of the term "tortuous" should be read as "tortious".

Page 1 of 32

22

## ENTITLEMENT

4. Defendant in point 11 of the Defendant's Cross Motion for Summary Judgment admits that "there are no triable issues of fact in the instant matter", and merely by this only reason continues: "thus warranting summary judgment for the defendant AHC."

5. This statement is frivolous, as for defense to be entitled for summary judgment
Defendant first must disprove all the allegations of material factual fraud and of
Fraud Upon the Court stated in the Complaint #300165/2018. Failure to do so
entitles entire defense in this lawsuit to nothing but to be stricken in pursuance to
CPLR 3211(a)(5)/*fraud/*, as a pleading based on fraud "*cannot be maintained*."

6. Defendant <u>failed</u> to disprove allegations of material factual fraud and of Fraud
Upon the Court stated in the Complaint #300165/2018, as the following proves.

Therefore, entire defense in instant lawsuit must be stricken pursuant
to the legal statute CPLR § 3211(a)(5)/*fraud/*, which clearly states that a pleading
based on fraud and falsity "*cannot be maintained*".

## A.                   PRELIMINARY DEFINITIONS

7. Legal definition: "Noise means an erratic, intermittent, or statistically random
oscillations". (*Local Laws of the City of New York, Administrative Code, section 1,
§§ 24 - 203, General Definitions*).

8. Definition of "music" in the Merriam-Webster Dictionary of English Language
reads: "vocal or instrumental sounds (or both) combined in such a way as to produce
beauty of form, harmony, and expression of emotion."

24

9. Playing piano music in apartment in legal time does not have legal definition.

10. Noise in excess of 7db if heard outside of apartment makes a valid Probable Cause of action (*id*).

11. Playing piano in apartment in legal time is not actionable in New York State (unless stipulated legal time restriction from 10:00 pm to 8:00 am is violated).

12. Section 1727-5.3 of Official Compilation of Codes, Rules and Regulations of the State of New York volume 9 executive (c) has as its subject matter *rights of owners of a dwelling.*
It reads:  "1727-5.3 Termination by housing company."
(see full text in Memorandum of Law **4**)

13. New York City Administrative Code 27-2005 has as its subject matter the opposite: *duties of owners of a dwelling.* It *inter alia* reads (Quote):
"d. The owner of a dwelling shall not harass any tenants or persons lawfully entitled to occupancy of such dwelling as set forth in paragraph 48 of subdivision a of section 27-2004 of this chapter." (Unquote) (see full text in Memorandum of Law **5**)

14. New York City Administrative Code 27-2013 reads: owner: shall be deemed to (1) Paint or cover the walls and ceilings with wallpaper or other acceptable wall covering; and (2) Repaint or re-cover the walls and ceilings ... whenever necessary... to keep such surfaces sanitary.  (see full text in Memorandum of Law **6**)

25

15. Multiple Dwelling Code 309 reads:

309. Repairs, vacation and demolition of buildings.

a. The term "nuisance" shall be held to embrace
          public nuisance as known at common law or in equity
          jurisprudence. Whatever is dangerous to human life or
          detrimental to health, and whatever dwelling is
          overcrowded with occupants or is not provided with
          adequate ingress and egress or is not sufficiently
          supported, ventilated, sewered, drained, cleaned, or
          lighted in reference to its intended or actual use,
and
          whatever renders the air or human food or drink
          unwholesome, are also severally, in contemplation of
          this law, nuisances. All such nuisances are unlawful.
Etc.   (see full text in Memorandum of Law **7**)

16. Thus, the New York City Administrative Codes 27-2005, 27-2013, and

Multiple Dwelling Code 309, all have as their subject matter ***duties*** *of owners of a*

*dwelling.*

## B.                              OVERVIEW

17. Every reasonable person would agree that the fact of commencement of three

(3) consecutive eviction proceedings by Defendant against two elderly Plaintiffs on

the factual ground of playing piano music of Bach and Mozart in legal time, based

on numerous complaints of a single neighbor, is not mere absurd, but evidence of

presence of grown out of all proportions actual malice.

26

18. The Probable Cause of all three (3) eviction proceedings commenced by Defendant/Co-Defendant against Plaintiffs states misrepresentation of *non-actionable* piano playing in legal time as *actionable* "noise and nuisance".

19. Stated in p. 7(a) in Complaint #300165/2018 this misrepresentation was not disputed by defense anywhere: neither in both Answers, nor in both Cross Motions.

20. Thus the entire defense against allegations in Complaint #300165/2018 is based on affirmation of falsity as the truth: of *this very misrepresentation* of *not actionable* playing piano - as *actionable* "noise" and "nuisance".

21. Misrepresentation brought to Court is felony.

22. Wherefore, matter of the entire Defense against alleged in Complaint #300165/2018 Malicious Prosecution of Plaintiffs with Fraud Upon the Court is *felonious*.

31. Six (6) from fifty three (53) points in the Defendant's Cross Motion state presence of the "noise issues" in the matter of instant proceeding. According to legal definition in p. 7 above, "noise issues" means the issues of *"an erratic, intermittent, or statistically random oscillations"* emanating from Plaintiffs' apartment.

Thus:

32. **Point 11** in the Defendant's Cross Motion states (Quote): "Defendant AHC through its attorneys NMM brought *three* housing court actions against the plaintiffs due to noise and nuisance (read: *an erratic, intermittent, or statistically random oscillations*) issues caused by the plaintiffs". (Unquote)

28

33. Nowhere in the entire defense as it is stated this Court can find indication of any other triable issue caused by the plaintiffs.

34. Wherefore, plaintiffs' allegation of *'res judicata'* status of underlying case #16124/17 is <u>confirmed by Defendant with documentary evidence</u>: statement in point 11 in Defendant's Cross Motion.

35. Point 16 in Defendant's Cross Motions states (Quote): "This action (the initial summary holdover proceeding under index number 31890/12 in Civil Court, Bronx County) was based on noise issues involving the plaintiffs" (Unquote), (read: on *an erratic, intermittent, or statistically random oscillations* issues).

36. Point 14 in Defendant's Cross Motions states (Quote): "...there was no actual malice in bringing the action */16124/17/* and that it was based on evidence of noise issues (read: on *evidence of an erratic, intermittent, or statistically random oscillations*) with the plaintiffs (which is a valid reason for being an action.)" (Unquote)

37. Point 17 in Defendant's Cross Motion states (Quote): "This action (#32573/13) was commenced also based on noise issues (read: *an erratic, intermittent, or*

29

*statistically random oscillations*) from the plaintiffs. (Unquote)

Further: (Quote) "Said matter was discontinued with prejudice." (Unquote)

38. Point 18 in Defendant's Cross Motion states (Quote): "AHC commenced, through its attorneys NMM, the third summary holdover proceeding under index number 16124/17. This was based on continued noise issues (read: on continued *erratic, intermittent, or statistically random oscillations*) surrounding the plaintiffs." (Unquote)

39. Therefore, point 18 in Defendant's Cross Motion in context of the prior point 17 ***confirms again*** Plaintiffs' allegation in the Complaint of *'res judicata'* status of matter of underlying case #16124/17. The statement in point 18 is nothing but Defendant's *written confession of similarity* of matters of two eviction proceedings #32573/13 and #16124/17;

40. Point 22 in Defendant's Cross Motion states (Quote): "At trial, Jennifer Rankin testified on behalf of AHC. She testified regarding the termination of the plaintiff's lease as a result of the noise complaints. Moreover, these complaints were ongoing for six (6) or seven (7) years." (Unquote) (read:  6 or 7 years of complaints regarding *an erratic, intermittent, or statistically random oscillations*).

30

FURTHER:

41. (Quote) "Mr. Alfred Cuomo then testified on behalf of AHC." (Unquote).

**And only right here, in point 18 of the Defendant's Cross Motion the Court can finally see the truth:** (Quote): "Mr. Cuomo testified regarding the plaintiffs piano playing." (Unquote). Thus, the only complainant who allegedly suffered for six (6) or seven (7) years from "noise and nuisance" caused by Plaintiffs, Mr. Cuomo - **DID NOT TESTIFY** about *an erratic, intermittent, or statistically random oscillations,* or about Plaintiffs' *"failure to paint walls and ceilings ... whenever necessary... to keep such surfaces sanitary".* **NO**. Mr. Alfred Cuomo *testified about Plaintiffs' playing piano in legal time.*

As it defined in point 4 above, playing piano in apartment in legal time *is not actionable as having no legal definition.*

42. From the text of Bronx Housing Court final decision issued on May 3, 2018 this Court can see that the AHC administrative officer General Manager Assistant Mrs. Rankin in her testimony at the hearing committed the crime of perjury in the first degree.

N.Y. PEN. LAW § 210.15 : Perjury in the first degree:
A person is guilty of perjury in the first degree when he swears falsely
and when his false statement (a) consists of testimony, and (b)
is material to the action, proceeding or matter in which it is made.
Perjury in the first degree is a class **D** felony.

31

45. Wherefore the three (3) consecutive identical eviction proceedings commenced by Defendant AHC through its attorneys NMM against the Plaintiffs, as having *no cause of action*, legally were: the initial #31890/12 - *frivolous*, the second #32673/13 - *harassing*, and the third #16124/17 - *malicious.*

## EXHIBIT "E"
## Appealed Decision on Complaint #300165/2018

Mtn. Seq. # 1, 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: PART 19

BORIS GERASIMOV and
EKATERINA GERASIMOV,

Index No.: 300165/2018

Plaintiffs,

- against -

**DECISION and ORDER**

AMALGAMATED HOUSING CORPORATION AND
NORRIS McLAUGHLIN & MARCUS, P.A.,

Defendants.

| | PAPERS NUMBERED |
|---|---|
| Plaintiffs' Notice of Motion, Affidavit in Support, Exhibits (Motion Sequence # 1) | 1, 2, 3 |
| Defendant Amalgamated Housing Corporation's Notice of Cross-Motion, Affirmation in Support, Exhibits (Motion Sequence # 1) | 4, 5, 6 |
| Plaintiffs' Notice of Motion, Memorandum of Law, Exhibits (Motion Sequence # 2) | 7, 8, 9 |
| Defendant Amalgamated Housing Corporation's Notice of Cross-Motion, Affirmation in Support, Exhibits (Motion Sequence # 2) | 10, 11, 12 |
| Plaintiffs' Affidavit in Opposition with Exhibits to Defendant Amalgamated Housing Corporation's Cross-Motions to Preclude and Summary Judgment (Motion Sequence # 1 and 2) | 13, 14 |
| Defendant Amalgamated Housing Corporation's Affirmation in Reply (Motion Sequence # 1 and 2) | 15 |

Upon the enumerated papers, Plaintiffs' motion to strike Defendants' defenses (Motion Sequence # 1) and Defendant Amalgamated Housing Corporation's cross-motion seeking to preclude and compel (Motion Sequence # 1) are respectively denied; Plaintiffs' motion for summary judgment (Motion Sequence # 2) is denied and Defendant Amalgamated Housing Corporation's cross-motion for summary judgment (Motion Sequence # 2) is granted in accordance with the annexed decision and order.

Dated: **2/26/2019**

Hon LUCINDO SUAREZ, J.S.C.
**LUCINDO SUAREZ, J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: PART 19

_____

BORIS GERASIMOV and                                    Index No.: 300165/2018
EKATERINA GERASIMOV,

                                        Plaintiffs,

                - against -                            **DECISION and ORDER**

AMALGAMATED HOUSING CORPORATION AND
NORRIS McLAUGHLIN & MARCUS, P.A.,

                                        Defendants.

_____

PRESENT: Hon. Lucindo Suarez

     The issue in *pro se* Plaintiffs' motion for summary judgment and Defendant

Amalgamated Housing Corporation's ("AHC") cross-motion for same is whether there exist

issue of fact or law with respect to Plaintiffs' malicious prosecution and fraud upon the court

causes of action.[1] The court finds that Plaintiffs failed to raise an issue of fact or law regarding

their malicious prosecution and fraud upon the court causes of action requiring a dismissal of

same.

     I.    Summary Judgment Standard

     The proponent of a summary judgment motion must make a *prima facie* showing of

entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the

absence of any material issues of fact. *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 501 N.E.2d

572, 508 N.Y.S.2d 923 (1986). Failure to make such *prima facie* showing requires a denial of

_____

[1] Plaintiffs' motion to strike Defendants' defenses and AHC's cross-motion to preclude and compel ("Motion Sequence # 1") are respectively denied as said motions were made in derogation of the published rules of the Labor Law, Products Liability, and Non-Medical Professional Malpractice Part Rules regarding discovery related-Motions. Therefore, Motion Sequence # 1 will not be addressed herein.

the motion, regardless of the sufficiency of the opposing papers. *Id.* Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. *Zuckerman v. New York,* 49 N.Y.2d 557, 404 N.E.2d 718, 427 N.Y.S.2d 595 (1980).

II.     Malicious Prosecution

Plaintiffs failed to raise an issue of fact or law as to their malicious prosecution cause of action necessitating dismissal of same.

The tort of malicious prosecution requires proof of: "(1) the commencement or continuation of a . . . proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the [plaintiff], (3) the absence of probable cause for the . . . proceeding and (4) actual malice." *Wilhelmina Models, Inc. v. Fleisher,* 19 A.D.3d 267, 797 N.Y.S.2d 83 (1st Dep't 2005). A plaintiff must also allege and prove "special injury". *Id.*

With respect to the element of probable cause, a plaintiff must allege that the underlying action was filed with "a purpose other than the adjudication of a claim" and that there was "an entire lack of probable cause in the prior proceeding." *Facebook, Inc. v. DLA Piper LLP (US),* 134 A.D.3d 610, 23 N.Y.S.3d 173 (1st Dep't 2015).

Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable person in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of. *Id.* The want of probable cause does not mean the want of any cause, but the want of any reasonable cause, such as would persuade a person of ordinary care and prudence to believe in the truth of the charge. *Id.*

Plaintiffs allege that AHC engaged in the intentional tort of malicious prosecution in that

2

35

they commenced three successive summary holdover proceedings against Plaintiffs. However, Plaintiffs' contentions are without merit. All three actions commenced by AHC revolved around Plaintiffs' piano playing, which purportedly caused a nuisance to their neighbors who in turn made several complaints to AHC about Plaintiffs' noise level.

The first action commenced was dismissed without prejudice on procedural grounds, and the second action was discontinued by AHC with prejudice. Subsequently, AHC commenced a third action alleging violations of the New York City Administrative Code and Multiple Dwellings Law based on Plaintiffs purported nuisance behavior. Plaintiffs then filed a motion to dismiss putting forth the defense of *res judicata* based on the discontinuance with prejudice in the second action. However, the motion to dismiss was denied by the Honorable Elizabeth Tao, and the matter was scheduled for trial.

At the trial AHC's assistant manager Jennifer Rankin testified that she was the person authorized on behalf of AHC to manage tenants' noise complaints. She testified that the neighbor directly below Plaintiffs' apartment Alfred Cuomo had been complaining to AHC for six to seven years about Plaintiffs' noise level and how it has negatively affected his use and enjoyment of his apartment. In addition, Mr. Cuomo testified that he heard Plaintiff's playing their piano every day, morning, noon, and night, which was an annoyance. Plaintiffs at the trial admitted they played the piano but were doing so during permittable hours. Ultimately, the trial court concluded that AHC failed to sustain its burden that Plaintiffs acts were a nuisance and the case was dismissed with prejudice.

Even if Plaintiffs could raise an issue of fact or law with respect to the first two elements necessary to establish a claim for malicious prosecution it is uncontroverted, however, that AHC did have probable cause to commence the underlying summary holdover proceedings. Based on

3

36

the denial of the motion to dismiss in the third action, and the testimony of AHC's assistant manager Ms. Rankin coupled with Mr. Cuomo's testimony demonstrated there was a sound factual basis for AHC to justify its belief that it possessed probable cause for commencing a summary holdover proceeding against Plaintiffs based on a noise nuisance.

The fact that the Housing Court ruled against AHC in the underlying summary holdover proceedings did not divest AHC of probable cause to commence same particularly when Plaintiffs throughout their tenancy have amassed several noise complaints due to their piano playing. Thus, Plaintiffs failed to raise an issue of fact or law with respect to AHC's probable cause to commence the underlying summary holdover proceedings, therefore, requiring a dismissal of this cause of action.

III.    Fraud Upon the Court

Plaintiffs failed sustain their burden in demonstrating an issue of fact or law with respect to their cause of action for fraud upon the court requiring dismissal of same.

Essentially, fraud upon the court requires a showing "that a party has ... set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *CDR Créances S.A.S v Cohen*, 23 N.Y.3d 307, 15 N.E.3d 274, 991 N.Y.S.2d 519 (2014). In addition, CPLR §3016(b) provides in pertinent part where a cause of action is based upon misrepresentation or fraud the circumstances constituting the wrong shall be stated in detail.

Given the procedural history of this case and considering that Plaintiffs obtained a favorable result at the conclusion of the underlying summary holdover proceedings Plaintiffs cannot meet its burden with respect to this cause of action. There was no showing by Plaintiffs

4

that AHC's conduct impaired the judicial system's ability to impartially adjudicate the underlying summary holdover proceedings by improperly influencing the trier of fact or unfairly hampering the presentation of Plaintiffs' claims or defenses. On the contrary, gleaming from the court's decision after the trial it was clear that Plaintiffs were not hampered in any manner from presenting their case as they obtained a dismissal of the summary holdover proceedings.

Accordingly, it is

ORDERED, that Plaintiffs' motion to strike Defendants defenses (Motion Sequence # 1) is denied; and it further

ORDERED, that Defendant Amalgamated Housing Corporation's cross-motion to preclude and compel (Motion Sequence # 1) is denied; and it is further

ORDERED, that Plaintiffs' motion for summary judgment (Motion Sequence # 2) is denied; and it is further

ORDERED, that Defendant Amalgamated Housing Corporation's cross-motion for summary judgment (Motion Sequence # 2) is granted; and it is further

ORDERED, that the Clerk of the Court is directed to enter judgment in favor of Defendant Amalgamated Housing Corporation dismissing Plaintiffs' complaint.

This constitutes the decision and order of the court.


Dated: February 26, 2019

Lucindo Suarez, J.S.C.

5

38

EXHIBIT "F"

## Appellate Division First Department  (excerpts)

---

### Docket No. 300165/2018

_____

*to be submitted*

# Appellants' **Brief** (replacement)

### Boris, Ekaterina Gerasimov

*Plaintiffs-appellants,* pro se

### v.

### Amalgamated Housing Corporation (AHC)

*Defendant-appellee*

### Norris McLaughlin & Marcus Law Firm (NMM)

*Co-defendant-appellee*

### Appeal from the SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF BRONX

————————————◄◄—————————

Boris, Ekaterina Gerasimov, *pro se*,
3985 Gouverneur Ave., Apt. 11B,
Bronx, NY 10463
Tel: (718) 548-1271
e-mail: borisgerasimov@yahoo.com

39

# TABLE OF CONTENTS

1. LIST OF AUTHORITIES……………………………………...............................page 3

2. QUESTIONS INVOLVED………….………………………….........................................4

3. NATURE OF THE CASE, STATEMENT OF FACTS…………..............................................5

    A.  Preliminary statement (points 1-6)..........................................................6

    B.  Procedural history of instant matter #300165/2018.........................................8

    C.  Factual background...........................................................................8

        1 Appealed decision shows multiple judicial improprieties on its face (points 7-170)....8

            i) Fact 1. Initial Complaint is not considered by the judge (pp 7-10)...............8

            ii) Fact 2. Two indispensable parties are merged

            by the judge (pp 11-19)..............................................................9

            iii) Fact 3. Plaintiffs-appellants' cross motion #3 is hijacked

                  from judicial consideration (pp 20-24)..........................................12

            iv) Fact 4. Plaintiffs-appellants' papers are purposefully mistitled (25-32).....13

            v)  Fact 5. The Case File Summary #300165/2018 is submitted

            to the Appellate Court in unusable condition (33-35).........................15

            IN SUM: (36-39)......................................................................17

            vi) Fact 6. Matter of not considered initial Complaint is substituted

               with fraudulent narrative of same borrowed by the judge from

               granted to Defendant-appellee cross motion (pp 40-44).............................19

            vii) Fact 7. Illegally delegated representation of Co-defendant NMM (45).......21

            viii) Unconscientious scheme set in motion by "Defendants" (54-58)..............23

            ix) IN SUM (59-61).....................................................................26

        2 GRAVAMEN of facts in underlying and instant matters, Facts 7-10  (62-70)...............27

        3  Overview of frauds in granted Defendant-appellee's cross motion

        for summary judgment (#2)  (71-72)........................................................31

        4  Exposure of premeditated intrinsic frauds in granted Defendant-appellee's

        cross motion for summary judgment (#2) point by point (73)................................32

             i) misrepresentation of undisputed facts (74-75)................................33

             ii) tampering with the text of Housing Court order (76-85)......................34

             iii) misapplication of law to the fact of financial fraud

             in underlying case #31890/12 (86-87)...........................................37

             iv) commencement of malicious prosecution  by Co-defendant-appellee

             with breach of *res judicata* principle  (88-95)................................38

             v) malice in granted cross motion for summary judgment (96-99).....................41

      5 Co-defendant-appellee's deliberate failure to fulfill his legal duties (100-116)...............42

             vi) misapplication of Common Law to facts (117-132)............................47

             vii) misapplication of statutory Law (133)........................................51

             viii) Defendant-appellee's deceitful arguments against the claim of

                 fraud upon the court (134-139)...................................................51

             ix) Defendant-appellee's frivolous argument against the claim of

                 malicious prosecution  (140-145).................................................55

         x) extrinsic fraud (*mail fraud*) (146-150)........................................57

TABLE OF CONTENTS (continued)

6  Granted Defendant-appellee's cross motion (#2) shows lack of judicial integrity
   in adjudication of instant matter (151-152)..................................................................58
7  Denial of Plaintiffs-appellants' motion to strike defense (#1) in violation
   of CPLR 3211(a)(5)/*fraud*/ (153-158)..........................................................................59
   IN SUM (159-61)......................................................................................................62
8. Matter of instant appeal shows Defendant/Co-defendant-appellees' unclean hands
   in stated defense against allegations in complaint (Legal Standard) (162)....................63

D. SUMMARY OF ARGUMENT: (163-165)...................................................................................66
E. CONCLUSION (166-167)...........................................................................................................71
ADDENDUM:
CERTIFICATE OF COMPLIANCE WITH RULE 32(a)..........................................................73
STATEMENT PURSUANT TO CPLR 5531......................................................................................74
DECISION AND ORDER #300165/2018.........................................................................................75

## A.   Preliminary statement:

4. Plaintiffs-appellants believe that appealed decision delivered injustice by
denying Plaintiffs-appellants' motion for summary judgment (#2) without any
evidence of judicial consideration of its matter, but granting Defendant-appellee's
cross motion for summary judgment (#2) (later "granted cross motion (#2)") based
entirely on premeditated fraud proven by Plaintiffs-appellants during procedure.

5. Granting based on proven fraud Defendant-appellee's cross motion in violation
of NY CPLR 3211(a)(5)/*statute of frauds*/ is defined as actual judicial impropriety:

http://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges

**Code of Conduct for United States Judges**

**Canon 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities**

**COMMENTARY**

**Canon 2A**. An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety... Because it is not practicable to list all prohibited acts, the prohibition is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. **Actual improprieties under this standard include violations of law, court rules, or other specific provisions of this Code.** (emphasis added)

**6. Plaintiffs-appellants' research did not find another lawsuit where the claim of imposing by a party fraud upon the court would have been fought with commission of the next count of fraud upon the court by the same offending party - improperly asserted as the truth, approved, and upheld by presiding judge – thus, showing "the most egregious misconduct directed to the court itself..."** *(ROBERT BURKE v. UNITED STATES OF AMERICA*, CIVIL ACTION NO. 96-3249).

### ii) Fact 2. Two indispensable parties Defendant-appellee AHC and Co-defendant appellee NMM are merged by the judge

11.  Complaint stated two interconnected but different claims: malicious prosecution and fraud upon the court. (App. I, page 16)

12. The claims are interconnected as two indispensable parties in instant matter Defendant-appellee AHC and Co-Defendant-appellee NMM are bound by the

client/attorney relationship; the tort crime of malicious prosecution cannot be committed by a client without defrauding court by his legal representative.

13. The claims in instant matter are different, as the actions and responsibilities of both tortfeasors are different: the client Defendant-appellee AHC could not commit the crime of fraud upon the court by definition, as being not an officer of the court. To defraud the court Defendant-appellee AHC needed as a *conditio sine qua non* complicity of his legal representative Co-defendant-appellee NMM, who, as an officer of the court, *could* and *did* commit the crime. On the other hand, original wrong: triple wrongful termination of Plaintiffs-appellants' tenancy in AHC could not be done by AHC's legal representative NMM, but only by the AHC Administration.

14. Thus, Complaint duly named two indispensable from instant matter parties: Defendant-appellee AHC and Co-defendant-appellee NMM.

15. Text of appealed decision perverts matter of Complaint:

```
"There was no showing by Plaintiffs that AHC's conduct
impaired the judicial system's ability to impartially
adjudicate the underlying summary holdover proceedings."
(Appendix I, page 12)
```

16. The caption of appealed decision does not show the position "Co-defendant". The name "Norris McLaughlin and Marcus Law Firm" (NMM) does not appear in appealed decision anywhere outside the caption. The caption shows merge of the

44

two duly named in Complaint indispensable parties Defendant-appellee AHC and

Co-defendant-appellee NMM into one consolidated "Defendants".  (App. I, p.7)

17.  Merge of two indispensable parties and dropping by AHC all its counter-

claims against NMM - unexplainable otherwise but as evidence of conspiracy -

was ultimately impossible to arrange without judge's directions and approval.

18. The merge violating NY CPLR rendered appealed decision illegal, as

2013 NY CPLR, Article 10, § 1001  Necessary joinder of parties

reads:

(a) Parties who should be joined. Persons who ought to be
parties if complete relief is to be accorded between the persons
who are parties to the action or who might be inequitably
affected by a judgment in the action shall be made plaintiffs or
defendants.

Also: "A person or entity (such as a corporation) that must be
included in a lawsuit in order for the court to render a final
judgment." (https://www.law.cornell.edu/wex/indispensable party).

19.  Evidently, merging two indispensable parties into one consolidated

"Defendants" in violation of 2013 NY CPLR, Article 10, § 1001  made appealed

decision *not a final judgment*, and, accordingly, meets definition of fraud upon the

court in *Bulloch v. United States,* 763 F.2d 1115, 1121 (10th Cir. 1985) (see the

definition in point 162 below)

### iii) FACT 3: Plaintiffs-appellants' cross motion to strike entire defense (#3) is hijacked from judicial consideration

20. Plaintiffs-appellants' Cross Motion to strike entire Defense (*sequence #003*) was filed with Bronx Supreme Court on February 5, 2019, in opposition to granted later Defendant-appellee's cross motion for summary judgment (#2).

21. The portion of court record containing papers filed prior to issuance of appealed decision (App. I, page 14) shows Plaintiffs-appellants' CROSS MOTION (#003) mistitled as "MOTION" (see the entry dated by 02/05/2019).

22. The text of appealed decision does not show or mention Plaintiffs-appellants' cross motion (#003) at all, although the paper is contained in the court record in the entry dated by 03/06/2019, Clerk's minutes, page 90 (see Appendix I, page 14, INDEX on page 15, and full text of the cross motion on page 132 ).

23. Combined Affidavit submitted in support of the cross motion (#003) is found on page 58 of the entry dated 03/06/2019.  (Appendix I, page 137)

24. Documentary evidence of hijacking from judicial consideration Plaintiffs-appellants' Cross Motion #003 is found in the record on pages 4 and 6 of the entry dated by 05/08/2019. The pages display the Notice and the title page of Plaintiffs-appellants' Motion for Disqualification. Sequence #004 is assigned by Plaintiffs-appellants to the Motion for Disqualification and clearly printed in the captions.   However, the Title page of the Decision on the motion #004 (see page 1 in the entry 05/08/2019) indicates wrong "mtn. seq. #3".

12

46

35. Purposeful mess with titles and numbers of Plaintiffs-appellants' motions in appealed decision, and intentional disorder of the entry dated by 03/06/2019 in the court record #300165/2018 meet definition of *obstruction of justice* committed by conspired Defendant/Co-Defendant-appellees, and require striking by this Court all submitted by Respondents-appellees' materials in their entirety in pursuance to NY Penal Law § 215. 40 (tampering with physical evidence), NY Penal Code § 195.05 (obstruction of justice), and the principle of the Doctrine of Clean Hands.

47

# EXHIBIT "G"  (Excerpts)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X

**BORIS GERASIMOV and**
**EKATERINA GERSIMOV**
3985 Gouveneur Ave., Apartment 11B
Bronx, NY  10463
Tel: (718) 548-1271
e-mail: borisgerasimov@yahoo.com

Plaintiffs,

against:

**AMALGAMATED HOUSING**
**CORPORATION (AHC)**
90 Van Cortlandt Park South
Bronx, New York 10463
Tel: (718) 796-9300

Defendant,

and

**NORRIS MCLAUGHLIN & MARCUS**
**LAW FIRM (NMM)**
875 Third Avenue, 8th Floor
New York, NY  10022
(212) 808-0700

Co-Defendant
----------------------------------------------------------------------X

UNITED LAWYERS
300165/18

Index No.: 30165/2018

**NOTICE OF**
**CROSS MOTION**



PLEASE TAKE NOTICE, that upon the annexed affirmation of ELIZABETH A. FILARDI, dated January 8, 2019 and upon all the pleadings and proceedings heretofore had, defendant, AMALGAMATED HOUSING CORPORATION (hereinafter referred to as "AHC") by its attorneys MORRIS DUFFY ALONSO & FALEY, will move this Court at the Motion Support Office, Room 217, at 851 Grand Concourse, Bronx, New York, on **January 15, 2018 at 9:30 a.m.** of that day, or as soon thereafter as counsel may be heard, for an Order pursuant to CPLR §3211 and 3212 dismissing the plaintiff's Complaint and all cross claims and granting defendant AHC summary judgment; together with such other and further relief as this Court may

## OVERVIEW

11.     As discussed more fully below, there are no triable issues of fact in the instant matter, thus warranting summary judgment for the defendant AHC. As noted above, the plaintiffs entire case rests on a claim of malicious prosecution by the defendants.  Defendant AHC, through its attorneys NMM brought three housing court actions against the plaintiff due to noise and nuisance issues caused by the plaintiffs.

to continue on the merits and continue to trial.  A copy of Justice Tao's Order denying the plaintiff's motion to dismiss based on *res judiciata* is annexed hereto as **Exhibit "I"**.

21.     After the Court denied the plaintiff's motion to dismiss pursuant to *res judicata*, the plaintiffs filed a motion to have Justice Tao recused from hearing the action. Plaintiff's motion was again denied for failing to offer a sufficient legal basis to grant such relief. A copy of Justice Tao's Order dated August 18, 2017 is annexed hereto as **Exhibit "J"**.

22.     Ultimately, the action under Index Number 16124/2017 was tried.  The Court issued an Order and Decision with regard to this trial on May 3, 2018, a copy of said Order is annexed hereto as **Exhibit "K"**. At trial, Jennifer Rankin testified on behalf of AHC. She testified regarding the termination of the plaintiff's lease as a result of noise complaints. *Id.* Specifically, she testified that Mr. Alfred Cuomo, a neighbor of the plaintiffs, complained about the plaintiff's piano playing in the apartment above his. *Id.* Moreover, these complaints were on going for six (6) or seven (7) ears. *Id.* Mr. Alfred Cuomo then testified on behalf of AHC. Mr. Cuomo testified regarding the plaintiff's piano playing and the time of day when the plaintiff played. *Id.*

23.     Also at the trial, the plaintiff, Boris Gerasimov, then testified on his behalf that he only plays the piano within "legal" hours for doing so. Plaintiff testified that he only plays piano between 10:00 a.m. and 9:00 p.m. for up to four (4) hours per day. After testimony, the Court reserved decision. *See* **Exhibit "K"**.

24.     In the Court's Decision and Order dated May 3, 2018, it is again noted that plaintiff's prior motions to dismiss the petition were denied. *See* **Exhibit "K"**. Ultimately, the Court held, *based on the evidence adduced at trial*, that the plaintiff only plays the piano during

49

# EXHIBIT "H"

## TEN DAY NOTICE TO CURE

TO:   **BORIS GERASIMOV and EKATERINA GERASIMOV**
(Cooperators)
3985 Gouverneur Avenue, Apartment 11-B
Bronx, New York 10463

    **PLEASE TAKE NOTICE**, that you have violated and continue to violate substantial obligations of your tenancy at the premises known as Apartment 11-B, Gouverneur Avenue., Bronx New York 10463 (hereinafter the "Apartment") now held by you under the terms of your Occupancy Agreement (hereinafter "Occupancy Agreement"), to wit, that you are engaging in behavior which is a nuisance in the Apartment, in violation of the New York Administrative Code Sections 27-2005 and 27-2013, Multiple Dwelling Law Section 309, and Paragraph Fourth (subsections 1, 2, 4, and 11), Paragraph Fifth (subsection 6), and Paragraph 14 of the Rules and Regulations of your Occupancy Agreement.

    The facts supporting this conclusion include, but are not limited to, the following:

    1.    The Cooperative has received numerous complaints of loud noises emanating from your apartment, including but not limited to loud and persistent piano playing for excessive periods of time and at all hours of the day and night;

    2.    That you continue to engage in this nuisance behavior in spite of request by the cooperative Security Officers that you cease;

    3.    You have been engaging in this behavior, constant and loud plane of piano music, since the inception of your tenancy for the Apartment;

    4.    On December 1, 2016 the cooperative's legal counsel advised you that should this behavior continue litigation would be commenced and that you have intentionally engaged in the continued nuisance;  and

    5.    Your constant playing of the piano for many hours in a row is highly disruptive to your fellow shareholders and it seriously affects their ability to enjoy the peace and quiet of their own homes. Further, you are engaging in this nuisance behavior with full knowledge of its governmental effect on your neighbors.

    **PLEASE TAKE FURTHER NOTICE**, that you are hereby required to cure the aforementioned violations of your tenancy by February 18, 2017 that being at least Ten (10) days after the service of this Notice upon you, and that upon your failure to so cure, the Cooperative will elect to terminate your tenancy in accordance with the terms of your Occupancy Agreement and in

1613642_1

50

accordance with Section 1727-5.3 of Official Compilation of Codes, Rules and Regulations of the State of New York, Volume 9 Executive (c).

**PLEASE TAKE FURTHER NOTICE,** that any response to this notice should be sent and directed to the below named attorneys for the landlord.

Dated:  Bronx, New York
       February ___, 2017

                                AMALGAMATED HOUSING CORP.
                                (Cooperative Landlord)

                              By
                              Title:    Charles M. Zsettplen
                                       General Manager
                                       Amalgamated Housing Corp.

Norris McLaughlin & Marcus, P.A.
*Attorneys for Landlord*
875 Third Avenue, 8th Floor
New York, New York 10022
(212) 808-0700


Adult Protective Services -Bronx
1780 Grand Concourse
Bronx, New York  10457

## TEN DAY NOTICE TO CURE

TO:   **BORIS GERASIMOV and EKATERINA GERASIMOV**
(Cooperators)
3985 Gouverneur Avenue, Apartment 11-B
Bronx, New York 10463

**JOHN GERASIMOV**
(Occupant)

**PLEASE TAKE NOTICE,** that you have violated and continue to violate substantial obligations of your tenancy at the premises known as Apartment 11-B, 3985 Gouverneur Avenue, Bronx New York 10463 (hereinafter the "Apartment") now held by you under the terms of your Occupancy Agreement, dated January 1, 2010 (hereinafter "Occupancy Agreement"), to wit, paragraphs 4th, subsection 16, and Rules and Regulations 16 and 17 thereof.

**PLEASE TAKE FURTHER NOTICE**, that for the last several months you have engaged in behavior, which is a nuisance in the Apartment, and have continuously interfered with the rights, comforts and convenience of your fellow cooperators. The facts supporting this conclusion include but are not limited to the following:

1.   On February 2, 2013, at approximately 3:18 p.m., Security received a report of excessively loud piano playing emanating from your subject apartment. Security confirmed that loud music was emanating from the Subject Premises.

2.   On February 5, 2013, at approximately 10:05 a.m., Security received a report of loud piano playing coming from the Subject Premises. Security confirmed the accuracy of the report.

3.   On February 8, 2013, at approximately 4:42 p.m., Security received a report of excessive loud piano playing emanating from the Subject Premises. Security confirmed that loud music was emanating from the Subject Premises.

4.   In June of 2012 the cooperative commenced a holdover proceeding under index number 31890/2012 based on the same ongoing pattern of noise emanating from the apartment, proceeding was discontinued without prejudice due to the acceptance of maintenance.

5.   Thereafter the cooperative continued to receive complaints from shareholders regarding continuous music coming from the apartment, which continued in spite of repeated requests to cease or moderate the nuisance.

1026425_1

52

**PLEASE TAKE FURTHER NOTICE,** that you are hereby required to cure the aforementioned violations of your tenancy by May __8__, 2013 that being at least Ten (10) days after the service of this Notice upon you, and that upon your failure to so cure, the Cooperative will elect to terminate your tenancy in accordance with the terms of your Occupancy Agreement and in accordance with Section 1727-5.3 of Official Compilation of Codes, Rules and Regulations of the State of New York, Volume 9 Executive (c).

**PLEASE TAKE FURTHER NOTICE,** that any response to this notice should be sent and directed to the below named attorneys for the landlord.

Dated: Bronx, New York
       April __22__, 2013

                                          **AMALGAMATED HOUSING CORP.**
                                          (Cooperative-Landlord)

                                          By: __Charles M. Zeebedies__
                                          Title: __General Manager__
                                                 __Amalgamated Housing Corp.__

Norris McLaughlin & Marcus, P.A.
*Attorneys for Landlord*
875 Third Avenue, 8th Floor
New York, New York 10022
(212) 808-0700

53

# EXHIBIT "I"
## Plaintiffs-Appellant's Cross Motion to strike #1

**SUPREME COURT OF THE STATE OF NEW YORK**
**APPELLATE DIVISION FIRST DEPARTMENT**

------------------------------------------------------------------

Boris Gerasimov and Ekaterina Gerasimov,

        Plaintiffs-Appellants

        *-against-*

AMALGAMATED HOUSING CORPORATION

        *Defendant-Appellee, and*

NORRIS McLAUGHLIN & MARCUS, P.A.,

        *Co-Defendant-Appellee*

------------------------------------------------------------------

Index No.: **300165/2018**

**NOTICE OF APPELLANTS'**
**CROSS MOTION sequence #1**

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Boris Gerasimov, dated August 23, 2019, and the exhibits attached thereto, Plaintiff-Appellant Boris Gerasimov will move this Court, at the courthouse thereof, located at 27 Madison Avenue, New York, NY, 10010, on Tuesday, September 3, 2019, at 10:00 A.M., for an order granting the following relief:

1)     to strike Defendant-Appellee AHC's entire motion to strike filed on August 8, 2019, as based on material factual falsity; and

2)     to deny Defendant-Appellee AHC's request for extending time within which to file its Respondent's Brief, as not warranted; and

3)     to grant such other and further relief as the Court deems just and proper.

                          Boris, Ekaterina Gerasimov, *pro se*,
                          3985 Gouverneur Ave., Apt. 11B,
                          Bronx, NY 10463
                          Tel: (718) 548-1271
                          e-mail: borisgerasimov@yahoo.com

# TABLE OF CONTENTS

1. Plaintiffs-Appellants' cross motion #1..................................................................page 2
    ARGUMENT: misstated facts......................................................................... 3
    SUMMARY..........................................................................................11
    CONCLUSION......................................................................................12
    Verification...........................................................................................12
2. Exhibit A (misaddressed Affidavits of service by mail)..............................................13
3. Exhibit B (misaddressed Defendant-Appellee's Verified Answer with Cross-Claims)........16
4. Exhibit C (misaddressed Demand for Verified Bill of Particulars)................................19
5. Exhibit D (misaddressed Notice to take Deposition)..................................................22
6. Exhibit E (misaddressed Combined Demand for Discovery)........................................25
7. Exhibit F (misaddressed Cross Motion to Preclude)..................................................28
8. Exhibit G (Plaintiff-Appellants' Response to Defendant's Demand for Discovery)............31

# PLAINTIFFS-APPELLANTS' CROSS-MOTION TO STRIKE
### (sequence #1)

BORIS GERASIMOV, the Plaintiff-Appellant in this case, hereby affirms the

following under penalties of perjury.

1.      As the Plaintiff-Appellant in this case I am fully familiar with the facts and

circumstances heretofore and herein.

2.      This cross motion (sequence #1) is submitted in opposition to

AMALGAMATED HOUSING CORPORATION's (further AMALGAMATED,

or AHC) motion to strike the Appellants' Brief and Appendix.

3.      Defendant-Appellee AHC's motion to strike Plaintiffs-Appellants Brief and

Appendix must be stricken by the order of this Court, as said motion is based on

misstatements of fact resulted from negligence of the Attorney for the moving

party Mrs. Iryna S. Krauchanka in studying matter of instant case, namely:

55

## ARGUMENT: misstated facts

**4.**     Point 5 of the AHC's motion to strike falsely states that the documents

contained in Appendix, Volume I, pages 188 -193, and in Appendix, Volume II,

pages 4-7, 10, 12-18; 21-22; 24-30; 32-34; 44-50, were not previously served to

AHC as part of the underlying motions papers. Point 6 of the motion falsely

confirms that the Court also is not in possession of these documents.


REFUTATION:

**5.**     Pages 188-189 in Appendix, Volume I, show e-mail exchange between

Plaintiff-Appellant Boris Gerasimov and Attorney for AHC Mrs. Elizabeth A.

Filardi containing Plaintiff-Appellant's request for correction of his postal address

in Defendant-Appellee's correspondence. Mrs. Elizabeth A. Filardi's answer

shows that said request was intentionally ignored. However uncomfortable this

evidence is for the Defendant-Appellee, statement in point 5 of the AHC's motion

regarding content of pages 188-189 in Appendix, Volume I, is not credible. In the

message Plaintiff-Appellant requests Attorney for AHC Mrs. Elizabeth A. Filardi

to consider it as time sensitive Demand for Discovery. So, the document is official,

and Defendant-Appellee must keep it in file for production when needed.

E-mail exchange between parties is admissible evidence in this Court.

**6.**     It is true, that pages 190 -193 in Appendix, Volume I, which show pictures

of misaddressed envelopes used by AHC for serving papers to Plaintiffs-

Appellants are not contained in the Court file. Obviously, they *cannot* be contained in the Court record. Same is true regarding e-mail exchange between the parties displayed on pages 188-189.

ARGUMENT:

7.     However, point 12 in Defendant-Appellee's motion to strike stating that "Appellants' Appendix in this case is in direct violation of the CPLR 5526 because it impermissibly contains documents that were not reviewed by the Supreme Court in making its determination" is false.

8.     All papers filed by Attorney for Defendant-Appellee AHC Mrs. Elizabeth A. Filardi with Bronx County Supreme Court were accompanied with Affidavits of service, and the Court record contains these Affidavits of service of Defendant-Appellee's correspondence to Plaintiffs-Appellants' wrong address. (see Exhibits below). Defendant-Appellee's Affidavits of service in the Court record show exactly the same material factual information as misaddressed envelopes in Plaintiffs-Appellants' Appendix, and e-mail exchange between parties. Therefore, the matter - evidence of mail fraud committed by Attorney for AHC - is found in the record, and was available for review by the Supreme Court in making its determination.

9.     Plaintiffs-Appellants allege in point 54 (6) of the Brief that extrinsic mail fraud is a constituent of the unconscientious scheme set in motion by Defendant-Appellee AHC in defending instant matter. This allegation is supported by

57

documentary evidence contained in Appendix as e-mail exchange between parties, the pictures of envelopes, and in the Court file as misaddressed Affidavits of service and riders.

10.    Court record shows the *content* of the envelope dated by March 19, 2019, on page 193 of the Appendix, Volume I: Defendant-Appellee's NOTICE OF ENTRY paper dated by the same day. (see Case File Summary, Notice of Entry, filed on 03/20/2019). Affidavit of service in this folder shows that the NOTICE OF ENTRY was mailed by MDAF Office to Plaintiffs-Appellants' wrong address.

11.    "Notice of Appeal" folder displays NOTICE OF ENTRY signed by Plaintiff-Appellant Boris Gerasimov and filed on 03/21/2019. This proves that misaddressed by the MDAF Office envelope containing served to Plaintiffs-Appellants winning party's copy of NOTICE OF ENTRY was delivered so late that its content was already not usable. This fact evidently shows Defendant-appellee's attempt to obstruct filing *pro-se* Plaintiffs-Appellants' appeal.

12.    Attorney Mrs. Iryna S. Krauchanka's argument (point 7 in the motion) stating that some envelopes were "generated... even after the Supreme Court's Order was issued" is absurd, as the NOTICE OF ENTRY can be "generated" only *after* the Court's Order was issued. However, this argument is attempting to shift aside the issue of Defendant-Appellee's *intent to obstruct procedure with mail fraud,* and to suppress evidence.

13.    Defendant-Appellee's request to strike from Appellants' Brief entire section

58

"vii) extrinsic fraud: mail fraud", and pages 190-193 in Appendix, Volume I,

cannot be granted as based on factual falsity, and made in bad faith.

In fact, *the matter is in* the record.

14.     From the aforesaid it is plain that striking off or keeping in Appendix said

pictures of envelopes would affect nothing, and would not make viable the

arguments in the section **LEGAL ARGUMENT** and in point 15 of Defendant-

Appellee's motion, which requests striking entire section vii) extrinsic fraud: mail

fraud" from Appellants' Brief and Appendix. The request is a direct assault on the

statutes CPLR 3211(a)(5)/*statute of frauds*/, CPLR 3016(b) (*Particularity in*

*specific actions*), the rules of evidence, and on general principle of equity. Known

*fraud* cannot be stricken without being considered by Court in detail.

FURTHER:

15.     Pages 4-7 and 10 in Plaintiffs-Appellant's Appendix, Volume II, show a

Xerox copy of the Petition Holdover #31890/12. The Petition Holdover #31890/12

was submitted by Plaintiffs-Appellants' to the Bronx County Supreme Court as a

part of "MEMORANDUM OF LAW AND EXHIBITS", EXHIBIT 1(a), filed

together with initial Complaint. (see Case File Summary, the folder titled "Memo

of Law AND EXHIBITS", filed on 10/01/2018).

Thus, the portion of statement in point 13 of the motion to strike which states that

pages 4-7 and 10 in Appendix, Volume I, are *dehors the record*, is false. The

matter is *in* the record.

59

16.     Pages 12-18 and 21-22 in Appendix Volume II show a Xerox copy of Petition Holdover #32573/13 submitted to the Bronx County Supreme Court in EXHIBIT 1(b), a part of content of Plaintiffs-Appellants' "MEMORANDUM OF LAW AND EXHIBITS", filed together with initial Complaint. (see the record, same file).

Thus, the portion of statement in point 13 of the motion to strike which states that pages 12-18 and 21-22 in Appendix, Volume I, are *dehors the record*, is false. The matter is *in* the record.

17.     Pages 24-30 and 32-34 in Appendix, Volume II, show a copy of Petition Holdover #16124/17 submitted to the Bronx County Supreme Court in EXHIBIT 1c), a part of content of Plaintiffs-Appellants' "MEMORANDUM OF LAW AND EXHIBITS" filed together with initial Complaint. (see the record, same file).

Thus, the portion of statement in point 13 of the motion to strike which states that pages 24-30 and 32-34 in Appendix, Volume I, are *dehors the record*, is false. The matter is *in* the record.

18.     Mentioned above misstatements of fact show negligence in studying the case by the Attorney for the moving party. (see "cursory review of some of the dates" in point 7 of the motion).

19.     The foregoing shows that the Attorney for AHC Mrs. Iryna S. Krauchanka's statement in point 1 of the motion (Quote): "..., I am fully familiar with the facts

and circumstances heretofore had herein", if made in good faith, is incorrect.

Otherwise, it is a perjury by definition.

FURTHER:

20.   Pages 44-50 in Plaintiffs-Appellants' Appendix, Volume I, contain a copy of

entire Plaintiffs-Appellants' MOTION TO DISMISS which is a part of underlying

matter #16124/17. References to this document are found in Complaint, points 79,

83, and 86.

21.   The Excerpt from this document is found in Exhibit 7(a) in Plaintiffs-

Appellants' MEMORANDUM OF LAW AND EXHIBITS. (see Case File

Summary, same file "Memo of LAW AND EXHIBITS", and, also, the folder

"Clerk's Minutes, 2 DECISION/ORDERS, etc." filed 03/06/2019).

22.   The Excerpt contains the *gravamen* of the MOTION TO DISMISS which, as

presenting proof of *res judicata* status of underlying matter #16124/17, mandated

dismissal of Petition Holdover #16124/17 by the Bronx Housing Court *pre-*

Answer, with prejudice, as violating CPLR 3211(a)(5)/*res judicata, statute of

frauds/*. The MOTION TO DISMISS was properly served to Defendant-Appellee

AHC on March 30, 2017. Therefore, AHC is *in possession* of this document.

23.   Comparing entire text of the Motion with the Excerpt contained in the court

record, and in the AHC file, shows that both documents the Excerpt and the entire

MOTION TO DISMISS, were filed for the same purpose: to provide Bronx

County Supreme Court with documentary evidence of full awareness of Housing

61

Court' resolution judge Elizabeth J. Tao of *res judicata* status of Petition Holdover #16124/17 at the time of issuing her Decision (injunction) from May 26, 2017, denying the MOTION. For this purpose there is no material difference between two papers. Therefore, the entire text of the document is redundant, its striking from or keeping in Appendix affects nothing.

24.     Taking into consideration the fact that 3/4 of material factual content of granted by the judge Defendant-appellee's cross motion (#2) is based on premeditated intrinsic fraud and multiple misstatements of facts and Law made by Attorney for AHC Mrs. Elizabeth Filardi (see point 157 in Plaintiffs-Appellants' Brief), inclusion into Appendix II entire text of Plaintiffs-Appellants' MOTION TO DISMISS *in addition* to contained in the record Excerpt is serving the purpose of providing this Court with evidence of correctness in citing factual and legal matter by Plaintiffs-Appellants. This circumstance justifies retaining of entire text of MOTION TO DISMISS in the Appendix, Volume II, as it is. Obviously, its absence - in presence of the Excerpt - in no way affected judge's verdict in appealed decision. Thus, its striking from or keeping in Appendix affects nothing.

25.     Thus, *matter* of Appendix, Volume II, pages 44-50 is *in* the record, and corresponding portion of point 6 in motion to strike is false.

FURTHER:

62

**26.**     Point 8 of AHC's motion mentions omission of AMALGAMATED'

"motion to preclude or compel discovery and its exhibits" in the Appendix, stating

that it was addressed in appealed decision.

**REFUTATION:**

**27.**     Defendant-Appellee's "motion to preclude and to compel" was submitted to

Court on January 8, 2019. The motion was replied by Plaintiffs-Appellants on

January 14, 2019, with the paper titled "**PLAINTIFF'S RESPONSE TO DEFENDANT'S**

**COMBINED DEMAND FOR DISCOVERY**". (see Case File Summary, the entry

"Response Plaintiff's" filed 01/15/2019). Both papers were considered by the

judge, and Defendant-Appellee's motion to compel was denied (see title page of

appealed decision).

**28.**     Plaintiffs-Appellant's **RESPONSE** to *based on fraud* (see **GENERAL**

**STATEMENT** in the paper, point 12) Defendant-Appellee's "motion to preclude and

to compel", filed with the Bronx Supreme Court on January 14, 2019, is attached

below in EXHIBIT **G**.

**29.**     Thus, point 16 of the motion to strike which states that "Plaintiff should be

compelled to add to the appellate filing AMALGAMATED' motion to strike and

compel, with exhibits" is false, as it was responded, denied, and is contained in the

record.

## SUMMARY:

30.   Point 16 in AHC's motion to strike provides further evidence of negligence of Attorney Mrs. Iryna S. Krauchanka in studying matter of instant case.

Said negligence resulted in submitting to this Court the motion to strike based entirely on false, or spurious factual statements: absence in the record of all three malicious Petitions Holdover, or admissibility of misaddressed envelopes as evidence of mail fraud - in presence in the record of misaddressed Affidavits of service.

31.   Negligence in studying by Attorney for Defendant-Appellee Mrs. Iryna S. Krauchanka matter of instant case is not an excusable circumstance which would make requested in AHC's motion extension of time available to Defendant-Appellee. Extension of time should not be granted to AHC by the Order of this Court.

32.   Requested in AHC's motion, point 15, striking of the entire section "vii) extrinsic fraud: mail fraud" from Plaintiffs-Appellants Brief must be denied, as granting to Defendant-Appellee AHC this request by Court Order would perpetuate this very mail fraud, as well as legal malpractice, and fraud upon the court practiced by Defendant/Co-defendant-Appellees in this litigation for more than seven (7) years.

## CONCLUSION

33.    Based on foregoing, Plaintiffs-Appellants respectfully request this Court to issue an Order striking entire Defendant-Appellee's motion to strike, as wasting Court' time and resources, and proceed, with necessary correction of the name of Attorney for Defendant-Appellee displayed in Appendix, appellate review of *major issues* of Plaintiffs-Appellants' appeal: judicial integrity, malicious prosecution, and fraud upon the court - mail fraud included - on standard schedule.

## VERIFICATION

I, Plaintiff in this proceeding Boris Gerasimov, being duly sworn, hereby state under penalty of perjury that I have read the foregoing Plaintiffs-appellants' cross motion to strike and know the contents thereof, the same are true to my knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters I belief them to be true.

Date: Aug 23rd 2019

                                    Boris Gerasimov, *pro se*

State of New York
County of Bronx
Notarized on the 23rd of Aug 2019.

Robert Teeg

ROBERT TEEG
Notary Public, State of New York
Reg. No. 01TE6451029
Qualified in Bronx County
My Commission Expires Jan 29, 2020

## EXHIBIT "J" (Excerpts)

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION FIRST DEPARTMENT
--------------------------------------------------------------

Boris Gerasimov and Ekaterina Gerasimov,

      Plaintiffs-Appellants

      *-against-*

AMALGAMATED HOUSING CORPORATION

      *Defendant-Appellee, and*

NORRIS McLAUGHLIN & MARCUS, P.A.,

      *Co-Defendant-Appellee*
--------------------------------------------------------------

Index No.: **300165/2018**

**APPELLANTS' MOTION
FOR DEFAULT JUDGMENT**
(*sequence #2*)

Boris, Ekaterina Gerasimov, *pro se*,
3985 Gouverneur Ave., Apt. 11B,
Bronx, NY 10463
Tel: (718) 548-1271
e-mail: borisgerasimov@yahoo.com

66

7. Point **8** in Respondent's second motion states: "While removing the documents that were dehors the record in Volume I of the Appendix, Plaintiffs' Replacement Appendix, Volume I, inserted other documents, which similarly were not before the motion court - contained on pages 189-193."


**EXPOSURE and REFUTATION**

First, there is no such thing as "the motion court". The Bronx Supreme Court is the court of law, which considers not exclusively motions, but entire matter of any case presented for adjudication. When prejudicial error of "failure to consider" other that motions documents of controlling character affecting decree -- as Plaintiffs' initial Complaint in instant case -- is found, it is a legitimate and sufficient reason for the Appellate Court to reverse appealed decision.

Second, the document in Plaintiffs' Replacement Appendix, Volume I, inserted on pages 189-193, namely, "Plaintiffs' Response to Defendant's Combined Demand for Discovery" *is contained in the record* (see Exhibit "A", INDEX, the entry "Response Plaintiff's" dated 01/15/2019). Wherefore, at the time of issuing appealed decision this document *was before the court.*

8. Precise location of "Plaintiffs' Response to Defendant's Combined Demand for Discovery" in the record is known to Attorney for AMALGAMATED Mrs. Iryna S. Krauchanka from point 27 of Plaintiffs-appellant's first cross motion to strike filed on August 26, 2019.

9. Evidently, point **8** in Respondent's second motion to strike *states falsity with intent to mislead this Court.*

67

## LEGAL STANDARD

**N.Y. PEN. LAW § 210.10: Perjury in the second degree.**

```
A person is guilty of perjury in the second degree when he
swears falsely and when his false statement is (a) made in a
subscribed written instrument for which an oath is required by
law, and (b) made  with intent to mislead a public servant in the
performance of his official functions, and (c) material to the
action, proceeding or  matter involved.
     Perjury in the second degree is a class E felony.
```

10.  Evidently, the statement in point **8** of Respondent's second motion to strike

meets definition of perjury in N.Y. PEN. LAW § 210.10.


11.

# LEGAL STANDARD

https://content.next.westlaw.com/Document/Id4cf197ef3ad11e28578f7ccc38dcbee/View/FullTe
xt.html?contextData=(sc.Default)&transitionType=Default&firstPage=true&bhcp=1


### THE DOCTRINE OF UNCLEAN HANDS

Also  known as the "clean hands doctrine" and the "dirty hands doctrine." An equitable
defense that bars relief to a party who has engaged in inequitable behavior (including
fraud, deceit, unconscionability or bad faith) related to the subject matter of that party's
claim. Although the unclean hands doctrine is typically an affirmative defense asserted
by a defendant, *it may also be asserted by a plaintiff in opposition to an equitable defense*
(emphasis added).

12.  Perjury in point **8** warrants invocation of principle of the Doctrine of Unclean

Hands, which requires Respondent's second motion to be denied in pursuance of

CPLR 3211(a)(5)/*statute of frauds/*.

13. Point **9** of Respondent's second motion to strike states:

"Plaintiff's Replacement Appendix, Volume II, in turn, ignored the Order of this Court from October 1, 2019, altogether. Indeed, Plaintiffs did not omit pages 4-7; 12-18; 21-22; 24-30; 32-34; 44-50, as was directed by this Court."


## EXPOSURE AND REFUTATION


14. Authentic text of this Court's Order from October 1, 2019 (see Exhibit "D") does not direct Plaintiffs-Appellants to omit from Appendix *specifically delineated* pages, but only "the documents which are *dehors* the record". The documents displayed in Replacement Appendix on said pages *are contained in the record* (see Exhibit "A", INDEX, the entry dated by 10/01/2018, titled as "Memo of Law AND EXHIBITS", pages 14 - 36).

15. Precise location of these documents in the record is known to Attorney for AMALGAMATED Mrs. Iryna S. Krauchanka from points 15-17 of Plaintiffs-appellants' first cross motion to strike filed with this Court on August 26, 2019.

16. Thus, the documents displayed on specifically delineated in point **9** pages (save for pages 44-50) are retained in Replacement Appendix, Volume II in full compliance with this Court's Order from October 1, 2019.

7

17. Exhibits "E" and "F" below show full text of Plaintiffs' motion for *pre-* Answer dismissal (case #16124/17), and Excerpt from the same, which show that the difference between both documents is irrelevant to the *gravamen* of both papers, which is: raising by Plaintiffs the issue of violation by Co-defendant-appellee NMM of CPLR 3211(a)(5)(*res judicata*) in underlying eviction case #16124/17. Full text of Plaintiffs' motion on pages 44-50 is inadvertently retained in replacement brief by oversight.

18. However, this Plaintiffs' oversight is meritless in regard to requested by Respondent striking replacement Appendix and appeal.

19. At least in major part, the statement in point **9** of Respondent's second motion to strike meets definition of perjury in N.Y. PEN. LAW § 210.10

20. Perjury contained in major part of point **9** requires Respondent's second motion to be denied on the legal basis of CPLR 3211(a)(5)(*statute of frauds*).

### c)

21. point **10** of Respondent's second motion states:

"Parenthetically, Plaintiffs-Appellants' Replacement Brief did not omit all the references to these documents (see exhibit "G" at pp. 18, 43-44)."

## EXPOSURE AND REFUTATION

70

22.  Point 18 in Replacement Appendix, Volume I, contains nothing but reference
to 2013 NY CPLR, Article 10, § 1001 *necessary joinder of parties*;
points 43-44   contain reference to initial Complaint which is obviously
*contained in the record*, and to Plaintiffs-appellants' Combined Affidavit in
support of cross motion (#003), which is *in* the record as well.

23.  The fact of containing in the record, and precise location of Plaintiffs-
appellants' Combined Affidavit in support of cross motion (#003), to wit: entry
dated by 03/06/2019, page 58, is known to Attorney for AMALGAMATED Mrs.
Iryna S. Krauchanka from supplied by Plaintiffs-appellants  INDEX on page 15 of
replacement Appendix, Volume I.

24. Evidently, point **10** in the second motion *misstates well known to Attorney for*
*AMALGAMATED facts, and this Court's Order, with intent to mislead this Court.*

25.  Evidently, the statement in point **10** of Respondent's second motion to strike meets definition of perjury in N.Y. PEN. LAW § 210.10, and should be governed by the principle of Doctrine of Unclean Hands for proper consideration.

26.  Perjury contained in point **10** requires Respondent's second motion to be denied on the legal basis of CPLR 3211(a)(5)/*statute of frauds*/, and in pursuance of the principle of Doctrine of Unclean Hands.

29.  Point **19** in the second motion to strike *misstates the law with intent to mislead the Court.* Evidently, the statement in point **19** of Respondent's second motion to strike meets definition of perjury in N.Y. PEN. LAW § 210.10, and should be governed by CPLR 3211(a)(5)/*statute of frauds*/, and by the principle of Doctrine of Unclean Hands, which require Respondent's second motion to be denied.

31. Point **14** in the second motion repeats inappropriate request made by Respondent-appellee in point **15** of the first motion to strike - to remove the entire section **vii)** `"extrinsic fraud: mail fraud"` from Appellants' Brief as, *ostensibly*, being `dehors the record.`

32. First, in fact, evidence of committed by Attorney for AMALGAMATED mail fraud against Plaintiffs-appellants in proceeding instant case *is contained in* the record (see CASE FILE SUMMARY, the entry dated by 03/20/2019, page 9; the entry dated 03/06/2019, pages 210; 233; 345 that display affidavits of service of Respondent's papers to Plaintiff's wrong address).

Second, point **14** in the second motion to strike is nothing but written request for violation by this Court of NY Penal Law §215.40 (`spoliation of evidence`) , and, as such, is an act of inequitable behavior which requires striking of Respondent's second motion on the legal basis of Doctrine of Unclean Hands and holding AMALGAMATED in Contempt of Court.

73

35.  Point **15** of the second motion to strike is *stated falsely* in evident contradiction with proven above in points 7 through 33 facts. Respondent's intent to mislead the Court by this *false statement* is self-evident.

Point **15** in the second motion to strike misstates facts *with intent to mislead the Court.*

Evidently, false statement in point **15** of Respondent's second motion to strike meets definition of perjury in N.Y. PEN. LAW § 210.10, as well as definition of the principle of Doctrine of Unclean Hands, therefore requires Respondent's second motion to be denied.

37. Point **21** of the second motion *states falsely* that Replacement Appendix does not include AMALGAMATED'S motion to compel. AMALGAMATED'S motion to compel is clearly visible in the Replacement Appendix, Volume I, Table of Content, page 202.

Evidently, point **21** in the second motion to strike *misstates the fact with intent to mislead the Court.*

Evidently, the statement in point **21** of Respondent's second motion to strike meets definition of perjury in N.Y. PEN. LAW § 210.10, and should be governed by CPLR 3211(a)(5)/*statute of frauds/*, by the principle of Doctrine of Unclean Hands, and thus, mandates Respondent's second motion to be denied.

IN SUM:

38. Points **8** through **21** in Respondent's second motion to strike contain multiple counts of proven perjury. Multiple proven perjuries in Respondent's second motion mandate this Court to strike said motion.

## EXHIBIT "K"
### 22 NYCRR 1250.7; CPLR 5526

**§ 1250.7 Form and Content of Records and Appendices; Exhibits ✦**

(a) Format.  Records and appendices shall be consecutively paginated and shall include accurate reproductions of the submissions made to the court of original instance, formatted in accordance with the practice in that court.  Reproductions may be slightly reduced in size to fit the page and to accommodate the page headings required by CPLR 5529 (c), provided, however, that such reduction does not significantly impair readability.

(b) Reproduced Full Record.  The reproduced full record shall be bound separately from the brief, shall include the items set forth in CPLR 5526, and shall include in the following order so much of the following items as shall be applicable to the particular cause:

(1) A cover which shall contain the title of the cause on the upper portion, and, on the lower portion, the names, addresses, telephone numbers and email addresses of the attorneys, the county clerk's index or file number, the docket or other identifying number or numbers used in the court from which the appeal is taken, and the superior court information or indictment number;

(2) The statement required by CPLR 5531;

(3) A table of contents which shall list and briefly describe each document included in the record.  The part of the table relating to the transcript of testimony shall separately list each witness and the page at which direct, cross, redirect and re-cross examinations begin.  The part of the table relating to exhibits shall concisely indicate the nature or contents of each exhibit and the page in the record where it is reproduced and where it is admitted into evidence;

(4) The notice of appeal or order of transfer, judgment or order appealed from, judgment roll, corrected transcript or statement in lieu thereof, exhibits, and any opinion or decision in the cause;

(5) An affirmation, certification, stipulation or order, settling the transcript pursuant to CPLR 5525;

(6) A stipulation or order dispensing with reproducing exhibits, as provided in subdivision (c).

(7) The appropriate certification, stipulation, or settlement order pursuant to subdivision (g).

(c) Exhibits.  The parties may stipulate to dispense with reproduction of exhibits in the full reproduced record on grounds that

(1) the exhibits are not relevant or necessary to the determination of an appeal, and will not be cited in the parties' submissions; or

(2) the exhibits, though relevant and necessary, are of a bulky or dangerous nature, and will be kept in readiness and delivered to the court on telephone notice.

(d) Appendix.

(1) The appendix shall include those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent including, where applicable, at least the following:

(i) notice of appeal or order of transfer;

(ii) judgment, decree or order appealed from;

(iii) decision and opinion of the court or agency, and report of a referee, if any;

(iv) pleadings, and in a criminal case, the indictment or superior court information;

(v) material excerpts from transcripts of testimony or from documents in connection with a motion.  Such excerpts shall include all the testimony or averments upon which the appellant relies and upon which it may be reasonably assumed the respondent will rely. Such excerpts shall not be misleading or unintelligible by reason of incompleteness or lack of surrounding context;

(vi) copies of relevant exhibits, including photographs, to the extent practicable;

(vii) if pertinent, a statement identifying bulky, oversized or dangerous exhibits relevant to the appeal, as well as identifying the party in custody and control of each exhibit; and

(viii) the appropriate certification, stipulation or settlement order pursuant to subdivision (g).

(2) The appendix shall have a cover complying with subdivision (b)(1) and shall include the statement required by CPLR 5531 and a table of contents.

(3) The court may require such other contents in an appendix in a criminal cause as it deems appropriate.

(4) If a settled transcript of the stenographic minutes, or an approved statement in lieu of such transcript, is not included in the submissions, the appellant shall cause a digital copy of such transcript or statement to be filed together with the brief.

(e) Condensed Format of Transcripts Prohibited.  No record or appendix may include a transcript of testimony given at a trial, hearing or deposition that is reproduced in condensed format such that two or more pages of transcript in standard format appear on one page, unless the transcript was submitted in that format to the court from which the appeal is taken.

(f) Settlement of Transcript or Statement.  Regardless of the method used to prosecute any civil cause, if the record includes a transcript of the stenographic minutes of the proceedings or a statement in lieu of such transcript, such transcript or statement shall first be either stipulated as correct by the parties or their attorneys or settled pursuant to CPLR 5525.

(g) Certification of Record or Appendix.  A reproduced full record or an appendix shall be certified either by:

(1) a certificate of the appellant's attorney pursuant to CPLR 2105;

(2) a certificate of the proper clerk; or

(3) a stipulation in lieu of certification pursuant to CPLR 5532 or, if the parties are unable to stipulate, an order settling the record.  The reproduced copy containing the signed certification or stipulation shall be marked "Original."  A party may move to waive certification pursuant to this rule for good cause shown, and shall include with the motion a copy of the proposed record or appendix.

# EXHIBIT "L"
## Plaintiffs-appellants' Motion for Reconsideration (Excerpt)

**SUPREME COURT OF THE STATE OF NEW YORK**
**APPELLATE DIVISION FIRST DEPARTMENT**
-----------------------------------------------------

Boris Gerasimov and Ekaterina Gerasimov,

      Plaintiffs-Appellants

      *-against-*


AMALGAMATED HOUSING CORPORATION

      *Defendant-Appellee, and*

NORRIS McLAUGHLIN & MARCUS, P.A.,

      *Co-Defendant-Appellee*
-----------------------------------------------------

Index No.: **300165/2018**

**APPELLANTS' MOTION**
**FOR RECONSIDERATION**
(*sequence #3*)

Boris, Ekaterina Gerasimov, *pro se*,
3985 Gouverneur Ave., Apt. 11B,
Bronx, NY 10463
Tel: (718) 548-1271
e-mail: borisgerasimov@yahoo.com

1.    1. Boris Gerasimov, the Plaintiff-Appellant in this case am fully familiar with the facts and circumstances heretofore and herein, and affirm following under penalty of perjury:

2.    Plaintiff-appellant in this appeal Boris Gerasimov moves this Court to reconsider the Decision/Order from February 4, 2020, for the following reasons:

a) the decision ordered dismissal of Plaintiffs' appeal without going to the matter;

b) the decision denying plaintiffs-appellants' cross motion for Default Judgment on the reason of ostensible *failure to comply* with this Court's October 1, 2019, order, did overlook contained in the cross motion *documentary evidence of full compliance* of plaintiffs-appellants replacement filings with this Court's October 1, 2019, order. (see in EXHIBIT "C")

c) the decision from February 4, 2020 as based on overlooked documentary evidence of fraud on the court, denies to plaintiffs-appellants their constitutional right for fair trial, therefore, it cannot stay, and must be reconsidered: "a) **decision** produced by **fraud** on the court is not in evidence a **decision** at all, and **never** becomes **final**." (3d 670, 677 (7th Cir. 1997).

3.    However, final outcome of instant matter can be achieved through settlement of the case #300165/2018.

# EXHIBIT "M"

## EXCERPT FROM MOTION TO DISMISS (case # 16124-17)

I, Boris Gerasimov, am the self represented Respondent in this proceeding. Me and my wife are past 73 years old retirees.

I respectfully request pre-answer dismissal of the Petition #16124-17 with prejudice as being fraudulent and malicious for the following reasons:

breach of principle "Res Judicata". Petition of Holdover #16124-17 presents to this Court already adjudicated matter of the case #32573/13, to wit, *playing piano in premises in legal time*. The matter of case #32573/13 was "discontinued **with prejudice** by Petitioner on the record" on 12/03/2013. Attempt to fabricate additional new matter, to wit, alleged violations by Respondents of *paragraphs Fourth (subsections 1,2,4, 11), Fifth (subsection 6) and 14 of the Rules and Regulations of Occupancy Agreement* stated in Notice to Cure and *paragraphs 19(A)(h) and 8(a) of Occupancy Agreement* stated in Notice of Termination, (attachment #1) – failed as presented devoid of factual content and inconsistent with each other. Breach of 'Res Judicata' and incompatibility of matter of Notice to Cure and matter of Notice of Termination warrant Petition #16124-17 to be dismissed *pre-answer* with prejudice.

Petition #16124-17 is again brought to Court for no other purpose but to harass and compel Respondents to vacate the premises. Petitioner is commencing this Holdover proceeding in bad faith in violation of NYC Housing Law, Chapter 9:2.7. Violation of Chapter 9:2.7. of NYC Housing Law warrants Petition #16124-17 to be dismissed *pre-answer* with prejudice.

legal representation provided to Petitioner by Attorney Mr. Dean M. Roberts violates basic rules of Professional Conduct (22 N.Y.C.R.R Part 1200), to wit: Rules 3.1.(a) (first clause), 3.1.(b) *(2), (3)* and 8.4 (a);(c); (e) *(1,2)* ( attachment #2). Multiple ethical violations committed by Attorney for Petitioner legally preclude Petition #16124-17 from further proceeding, constitute a provable case of legal malpractice and warrants Petition #16124-17 be dismissed *pre-answer* with prejudice.

cheating the Court. Exhumed after 3 years of peaceful rest judicially dead matter of case #32573/13 got a new clause (p.1 Notice to Cure) stating that Respondents are "...playing piano persistently ...for excessive periods of time and at all hours of the day and night". No corroborating evidences provided. As a matter of fact this statement is false. As a matter of Law a false statement brought to Court under oath constitutes perjury (N.Y. PEN. LAW § 210.15).

Playing musical instruments in premises in legal time does not violate Occupancy Agreement Rule 16 of Rules and Regulations of Occupancy Agreement.

Page 1 of 1

3/30/2017

7a

80

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
              Housing Part B

Index No. L&T 16124-17

AMALGAMATED HOUSING CORPORATION

      Petitioner-Landlord,

LANDLORD/TENANT

Norris McLaughlin & Marcus, P.A.
New York, New York 10022
Attorneys for Landlord
875 Third Avenue, 8ᵗʰ Floor
(212) 808-0700
Attorneys for the Petitioner

      -against-

BORIS GERASIMOV and
EKATERINA GERASIMOV

RESPONDENTS-COOPERATORS

MOTION TO DISMISS
AND VERIFICATION

## Motion to dismiss

I. Boris Gerasimov, am the self represented Respondent in this proceeding. Me and my wife are past 73 years old retirees.

I respectfully request pre-answer dismissal of the Petition #16124-17 with prejudice as being fraudulent and malicious for the following reasons:

1) breach of principle "Res Judicata". Petition of Holdover #16124-17 presents to this Court already adjudicated matter of the case #32573/13, to wit, *playing*

81

*piano in premises in legal time.* The matter of case #32573/13 was "discontinued **with prejudice** by Petitioner on the record" on 12/03/2013. Attempt to fabricate additional new matter, to wit, alleged violations by Respondents of *paragraphs Fourth (subsections 1,2,4, 11), Fifth (subsection 6) and 14 of the Rules and Regulations of Occupancy Agreement* stated in <u>Notice to Cure</u> and *paragraphs 19(A)(h) and 8(a) of Occupancy Agreement* stated in <u>Notice of Termination.</u> (attachment #1) - failed as presented devoid of factual content and inconsistent with each other. Breach of 'Res Judicata' and incompatibility of matter of Notice to Cure and matter of Notice of Termination warrant Petition #16124-17 to be dismissed *pre-answer* with prejudice.

2) Petition #16124-17 is again brought to Court for no other purpose but to harass and compel Respondents to vacate the premises. Petitioner is commencing this Holdover proceeding in bad faith in violation of NYC Housing Law. Chapter 9:2.7. Violation of Chapter 9:2.7. of NYC Housing Law warrants Petition #16124-17 to be dismissed *pre-answer* with prejudice.

3) legal representation provided to Petitioner by Attorney Mr. Dean M. Roberts violates basic rules of Professional Conduct (22 N.Y.C.R.R Part 1200), to wit: Rules 3.1.(a) (first clause), 3.1.(b) *(2)*, *(3)* and 8.4 (a);(c); (e) *(1,2)* ( attachment #2). Multiple ethical violations committed by Attorney for Petitioner legally preclude Petition #16124-17 from further proceeding.

constitute a provable case of legal malpractice and warrants Petition #16124-17 be dismissed *pre-answer* with prejudice.

4) cheating the Court. Exhumated after 3 years of peaceful rest judicially dead matter of case #32573/13 got a new clause (p.1 Notice to Cure) stating that Respondents are "...playing piano persistently ...for excessive periods of time and at all hours of the day and night". No corroborating evidences provided. As a matter of fact this statement is false. As a matter of Law a false statement brought to Court under oath constitutes perjury (N.Y. PEN. LAW § 210.15). Playing musical instruments in premises in legal time does not violate Occupancy Agreement Rule 16 of Rules and Regulations of Occupancy Agreement. (attachment #1. page 11):

# EXHIBIT "N"
# NMM ANSWER



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

BORIS GERASIMOV and EKATERINA GERASIMOV,

                                     Plaintiffs,

      -against-

AMALGAMATED HOUISING CORPORATION (AHC)

and

NORRIS McLAUGHLIN & MARCUS,

                            Defendants.

Index Number: 300165/2018

**VERIFIED ANSWER**

Defendant, Norris McLaughlin, P.A., f/k/a Norris McLaughlin & Marcus answering the Verified Complaint (the "Complaint") of Plaintiffs herein, respectfully shows and alleges the following:

1.     Denies the allegations in paragraphs 4, 7, 8, 9, 10, 11, 12, 13,14, 15, 17, 19, 20, 21, 22, 23, 24, 26, 27, 29, 31, 35, 36, 37, 38, 40, 41, 42, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 61, 63, 64, 65, 66, 67, 73, 74, 75, 76, 77, 78, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 95, 96, 97, 98, 99, 100, 101, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 114, 115, 116, 117, 118, 119, 123, 124.

2.     Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 1, 2, 5, 18, 28, 30, 32, 33, 34, 39, 43, 60, 68, 69, 70, 71, 72, 81, 94, 113, 120, 121, 122.

3.     Admits the allegations in paragraphs 3, 6, 16, 25, 62, 79, 80, 92, 93, 102.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

4.     The Complaint fails to state a cause of action upon which relief can be granted.

9694518_1

84

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

5.      The Plaintiffs' claims are barred by the Statue of Limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

6.      The Plaintiffs have failed to name material and necessary parties to the action.

**AS AND FOR A FOURTH DEFENSE**

7.      The Court lacks jurisdiction over the Defendants due to defective and improper service of process.

**AS AND FOR A FIFTH DEFENSE**

8.      The action is a nullity in that the Summons has not been filed with the Clerk of the Court pursuant to CPLR Section 304.

**AS AND FOR A SIXTH DEFENSE**

9.      The Plaintiffs' claims were addressed in prior litigation and are accordingly barred by the doctrine of Res Judicata and collateral estoppel.

**AS AND FOR A SEVENTH DEFENSE**

10.      The Defendants, agents, servants and employees acted properly and the allegations set forth in the Complaint are without factual basis and the actions by Defendants were legal and justified by the factual circumstances.

**AS AND FOR AN EIGHTH DEFENSE**

11.      The Plaintiffs are bound by the determinations of the New York City Civil Court, Housing Part and have improperly raised issues of law which are properly subject to appellate review, which they have failed to pursue timely.

**AS AND FOR A NINTH DEFENSE**

12.      The Plaintiffs have failed to mitigate their damages.

9694518_1

2

85

**AS AND FOR A TENTH DEFENSE AND FIRST COUNTERCLAIM**

NB.   13.   The Plaintiffs have breached their obligations under the terms of their Occupancy

Agreement and that has directly caused damage to the Defendants.

**RESERVATION OF RIGHTS**

14.   Defendants reserve the right to amend its Answer during the course of this action

and to assert other affirmative defenses as may be warranted should discovery proceed in

accordance with applicable rules.

**WHEREFORE**, the Defendant Norris McLaughlin & Marcus prays for judgment as follows:

a)   An Order and Judgment dismissing the Complaint in all respects, with prejudice;

b)   An award of attorneys' fees; and

c)   Such other and further relief to the Defendants as the Court may seem just and proper.

Dated: New York, New York
       October 24, 2018

                                            **Norris McLaughlin, P.A.**

                                            By_____
                                               Dean M. Roberts, Esq.
                                               Attorneys for Defendants
                                               875 Third Avenue, 8th Floor
                                               New York, N.Y. 10022
                                               (212) 808-0700

TO:   Boris Gerasimov & Ekaterina Gerasimov
      Plaintiffs
      3985 Gouveneur Ave, Apt. 11-B
      Bronx, New York 10563

      Morris Duffy Alonso & Faley
      Attorneys for Amalgamated Housing Corp.
      101 Greenwich Street, 22nd Fl.
      New York, New York  10006
      Attn: Elizabeth Filardi, Esq.

9694518_1                          3

86

**VERIFICATION**

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK   )

       Dean M. Roberts, being one of the attorneys for the Defendants herein, hereby affirms under the penalties of perjury and pursuant to CPLR 2106 that he has read the foregoing Complaint and knows the contents thereof, and that upon information and belief, the same are true. The source of your affirmant's information and belief are oral statements, books and records furnished by the Defendants, its agents and/or employees and material contained in the office files. This affirmation is made pursuant to CPLR 3020 (c)(3) as the Defendant is a corporation that maintains its offices in a county different than their attorneys.

Dated: New York, New York
     October 24, 2018

                                       Dean M. Roberts

Sworn to before me this
24th day of October 2018

Notary Public

MADELINE GONZALEZ
Notary Public, State of New York
Registration #01GO6354371
Qualified In Nassau County
Commission Expires Feb. 6, 2021

9694518_1

87



(Exhibit "**O**") (Excerpts)
AHC Verified Answer

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X

**BORIS GERASIMOV** and                              Index No.: 30165/2018
**EKATERINA GERSIMOV**
3985 Gouveneur Ave., Apartment 11B                   **VERIFIED ANSWER**
Bronx, NY 10463                                      <u>**WITH CROSS-CLAIMS**</u>
Tel: (718) 548-1271
e-mail: borisgerasimov@yahoo.com

Plaintiffs,

against:

**AMALGAMATED HOUSING**
**CORPORATION (AHC)**
90 Van Cortlandt Park South
Bronx, New York 10463
Tel: (718) 796-9300

Defendant,

and

**NORRIS MCLAUGHLIN & MARCUS**
**LAW FIRM (NMM)**
875 Third Avenue, 8ᵗʰ Floor
New York, NY 10022
(212) 808-0700

Co-Defendant
------------------------------------------------------------X

        The defendant AMALGAMATED HOUSING CORP. by its attorneys, MORRIS DUFFY
ALONSO & FALEY, upon information and belief, answers the plaintiffs' Complaint herein as
follows:

        1.      Denies any knowledge or information sufficient to form a belief as to the truth of
the allegations contained in the paragraphs or subdivisions of the Complaint designated "1", "2",
"4", "18", "120" and "121".

        2.      Denies each and every allegation contained in the paragraph or subdivision of the
Complaint designated "3" as alleged except admits that Amalgamated Housing Corporation was
and is a domestic business corporation duly organized and existing pursuant to the laws of the
State of New York.

89

3.     Denies each and every allegation contained the paragraphs or subdivisions of the Complaint designated "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "17", "19", "20", "21", "22", "23", "24", "26", "30", "31", "32", "33", "34", "35", "36", "37", "38", "40", "41", "43", "44", "45", "46", "47", "48", "49", "50, "51", "52", "53", "54", "55", "56", "57", "58", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78", "81", "82", "83", "84", "85", "86", "87", "88", "90", "95", "97", "98", "99", "100", "101", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "114", "115", "116", "117", "118", "119", "122", "123", "124" and "125".

4.     Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "16", "25", "27", "28", "29", "39", "42", "59", "60", "79", "80", "89", "91", "92", "93", "94", "96", "102" and "113" and respectfully refers all questions of law to this honorable court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5.     Any damages which may have been sustained by the plaintiffs were contributed to in whole or in part by the culpable conduct of the plaintiffs, pursuant to Section 14-A, CPLR.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6.     Any damages which may have been sustained by the plaintiffs were contributed to in whole or in part by the culpable conduct of third parties not under the control of answering defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7.     The injuries and damages alleged, all of which are denied by the answering defendant, were caused by the intervening, interceding and superseding acts of third parties not under the control of answering defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8     The Court lacks jurisdiction over the answering defendant due to improper service of process.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9.     The plaintiffs failed to mitigate their damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10    That the action against the answering defendant cannot be prosecuted due to the plaintiffs' failure to name and likewise prosecute an indispensible party to this litigation.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11.     This action is a nullity in that the summons has not been filed with the Clerk of the Court pursuant to CPLR Section 304.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12.     Answering defendant is entitled to limitation of liability pursuant to Article 16 of the CPLR.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13.     The Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

14.     This action lacks merit and is contrary to established law and fact and answering defendant is entitled to costs in the sum of $10,000 for this frivolous action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

15.     The plaintiffs' claim is barred by reason of a previous accord, satisfaction and release as to the same claim.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

16.     Defendant asserts Section 15-108 of the General Obligations Law and will ask the Court that the defendant be entitled to a set-off for any settlements, releases or discontinuances.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

17.     A liability determination has already been judicially determined and any further adjudication of these issues is barred by the doctrines of Res Judicata and collateral estoppel.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

18.     There is a prior action pending between the same parties, seeking the same relief.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

19.     Plaintiffs lack the capacity to sue.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

20.     The answering defendant was totally uninvolved in the accident alleged.

(a)   The name and address of any school infant
plaintiff attended at the time of this occurrence;

(b)   The date or dates each infant plaintiff was absent from school as the result
of the alleged injuries sustained in this occurrence.

43.    If it will be claimed that the limitations on liability set forth in CPLR Article 16 do
not apply, state specifically each and every exception to Article 16 set forth in CPLR Section 1602
which applies to the cause or causes of action herein and the basis for invoking such exemptions.

Dated: New York, New York
        October 18, 2018                Yours etc.,

                                        MORRIS DUFFY ALONSO & FALEY

                                        *Elizabeth A. Filardi*

                                        By: _____
                                             ELIZABETH A. FILARDI
                                             Attorneys for Defendant
                                             AMALGAMATED HOUSING
                                             CORPORATION (AHC)
                                             Office and Post Office Address
                                             101 Greenwich Street, 22nd Floor
                                             New York, New York 10006
                                             T: (212) 766-1888
                                             F: (212) 766-3252
                                             Our File No.: (PIC) 69010

TO:
BORIS GERASIMOV and EKATERINA GERSIMOV
Plaintiffs Pro Se
6985 Gouverneur Ave, Apartment 11 B
Bronx, NY 10463
(718) 548-1271

NORRIS MCLAUGHLIN & MARCUS
LAW FIRM (NMM)
Co-Defendant
875 Third Avenue, 8th Floor
New York, NY 10022
(212) 808-0700

92

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

**BORIS GERASIMOV and**                         Index No.: 30165/2018
**EKATERINA GERSIMOV**
3985 Gouveneur Ave., Apartment 11B             **DEMAND FOR VERIFIED**
Bronx, NY 10463                                **BILL OF PARTICULARS**
Tel: (718) 548-1271
e-mail: borisgerasimov@yahoo.com

Plaintiffs,

against:

**AMALGAMATED HOUSING**
**CORPORATION (AHC)**
90 Van Cortlandt Park South
Bronx, New York 10463
Tel: (718) 796-9300

Defendant,

and

**NORRIS MCLAUGHLIN & MARCUS**
**LAW FIRM (NMM)**
875 Third Avenue, 8th Floor
New York, NY 10022
(212) 808-0700

Co-Defendant
-------------------------------------------------------------------X

COUNSELLORS:

   **PLEASE TAKE NOTICE**, that pursuant to Section 3041, Rules 3042 and 3043 and
Section 3044 of the Civil Practice Law and Rules, you are hereby required to serve a verified Bill
of Particulars upon the undersigned within twenty (20) days after the receipt of this Demand.

   In the event of your failure to comply with this Demand for a verified Bill of Particulars
within that time, a motion will be made for an Order precluding you from offering any evidence
on the causes of action alleged in the Complaint concerning the following items as they concern
the answering defendant:

   1.   The date and approximate time of day of the occurrence alleged in the complaint.

*9*

2.    The location of the occurrence alleged in the complaint including distances from identifiable points of reference, with sufficient detail to permit accurate identification.

3.    The specific acts or omissions constituting the alleged negligence of the defendant.

4.    If a defective and/or dangerous condition is alleged, set forth in detail the nature, manner and location of the particular condition that was responsible, wholly or partially, for the occurrence alleged in the complaint.

5.    If a dangerous activity is alleged, set forth in detail the nature, manner and location of the particular activity that was responsible, wholly or partially, for the occurrence alleged in the complaint.

6.    State whether actual notice is claimed.

7.    State whether constructive notice is claimed.

8.    If constructive notice is claimed, then set forth a statement of facts which allegedly constitute such notice, including, without limitation, the name of the person which allegedly have received such notice and the period of time (in minutes, hours, days, etc.) that the alleged condition and/or activity existed.

9.    If it is claimed that notice of the alleged condition and/or activity was given to defendants, then state the following:

      (a)    Whether the alleged notice was in writing or by oral communication;

      (b)    The date and place of the notice;

      (c)    The name and address(es) of the recipient and the deliverer of the notice;

      (d)    The name and address(es) of each person present at and for the notice;

      (e)    The substance of each such notice.

10.    State whether it is claimed that defendants (or any other defendant, if applicable) or its agent, servant and/or employee, caused or created the alleged condition and/or activity.

11.    If it is claimed that defendants (or any other defendant, if applicable) or its agent, servant and/or employee, caused or created the alleged condition and/or activity, state the name of the person who caused or created the alleged condition and/or activity and state the date and time when the alleged condition and/or activity was caused or created.

*10*

12.     If a foreign substance is involved in the occurrence alleged in the complaint, describe the foreign substance with as much sufficient detail as possible so as to permit accurate identification thereof.

13.     Set forth a statement of the alleged injuries claimed to have been sustained as a result of the occurrence alleged in the complaint, including the approximate date of the onset of the symptoms of each of the injuries claimed.

14.     Set forth a statement of the injuries claimed to be permanent as a result of the occurrence alleged in the complaint.

15.     Set forth in length of time, including dates, that the plaintiff has been and/or will be totally disabled and/or partially disabled as a result of the occurrence alleged in the complaint.

16.     State specifically whether or not plaintiff sustained a significant disfigurement as a result of the occurrence alleged in the complaint.  If so, state the nature and location of that disfigurement.

17.     State whether or not plaintiff sustained a fracture as a result of the occurrence alleged in the complaint.  If so, state the type and location of said fracture.

18.     State whether or not plaintiff sustained a permanent consequential limitation of a body function or system as a result of the occurrence alleged in the complaint.  If so, state the permanent consequential limitation and the body function or system involved.

19.     State the length of the time that plaintiff was confined to the following as a result of the occurrence alleged in the complaint, with dates of confinement:

    a.     bed;

    b.     home.

20.     State the length of time that plaintiff was confined to a hospital or other health care facility as a result of the occurrence alleged in the complaint, with the name and address(es) of each such hospital or facility.

21.     Set forth the length of time and the date that plaintiff was incapacitated from employment (if applicable) as a result of the occurrence alleged in the complaint.

22.     State the name and address(es) of the employer concerning the employment referred to in response to the item enumerated as 21 above, together with a description of said employment, including, without limitation, the amount of weekly and yearly wages, gross and net, received by the plaintiff at the time of the occurrence.  If self-employed, state plaintiff's income for each of the three (3) years preceding and up to the occurrence alleged in the complaint and one (1) year subsequent to the occurrence alleged in the complaint.

11

95

EXHIBIT "P"

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
----------------------------------------------------------------X
BORIS GERASIMOV and EKATERINA GERASIMOV,                     Index No.: 300165/2018

Plaintiffs-Appellants,                     **NOTICE OF MOTION**

-against-

AMALGAMATED HOUSING CORPORATION and
NORRIS McLAUGHLIN & MARCUS, P.A.,

Defendants-Respondents.
----------------------------------------------------------------X

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Iryna S. Krauchanka,

dated August 8, 2019, and the exhibits attached thereto, Defendant-Respondent

AMALGAMATED HOUSING CORPORATION will move this Court, at the courthouse

thereof, located at 27 Madison Avenue, New York, New York, 10010, on Tuesday, September 3,

2019, at 10:00 A.M., or as soon thereafter as counsel may be heard, for an order granting the

following relief:

      (1)    Striking the Appellants' Brief and Appendix served and
filed by Plaintiffs-Appellants and ordering them to file a
Record on Appeal and Appellants' Brief that are in
compliance with CPLR 5526 and 22 NYCRR § 1250.7; and

      (2)    Extending Defendant-Respondent AMALGAMATED
HOUSING CORPORATION'S time within which to file its
Respondent's Brief; and

      (3)    Granting such other and further relief as the Court deems
just and proper.

**PLEASE TAKE FURTHER NOTICE** that responding papers, if any, are to be served

upon the undersigned no later than seven (7) days prior to the return date of this motion.

96

# EXHIBIT "Q"

SUPREME COURT OF   HE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
-----------------------------------------------------X
BORIS GERASIMOV and EKATERINA GERASIMOV,                 Index No.: 300165/2018

            Plaintiffs-Appellants,                 **AFFIRMATION IN
                                                        SUPPORT**

    -against-

AMALGAMATED HOUSING CORPORATION and
NORRIS McLAUGHLIN & MARCUS, P.A.,

            Defendants-Respondents.
-----------------------------------------------------X

       IRYNA S. KRAUCHANKA, an attorney at law, duly licensed to practice in the State of

New York hereby affirms the following under penalty of perjury:

       1.     I am a partner with the law firm of MORRIS DUFFY ALONSO & FALEY, attorneys of

record for Defendant-Respondent AMALGAMATED HOUSING CORPORATION (hereinafter

"AMALGAMATED").  As such, I am fully familiar with the facts and circumstances heretofore

had herein.

       2.     I submit this affirmation in support of AMALGAMATED' motion to strike the

Appellants' Brief and Appendix served and filed by Plaintiffs-Appellants and to order them to

file a Record on Appeal and Appellants' Brief that are in compliance with CPLR 5526 and 22

NYCRR § 1250.7, and to extend AMALGAMATED' time within which to file its Respondent's

Brief.

## PROCEDURAL BACKGROUND

       3.     By Notice of Appeal, dated March 21, 2019, Plaintiffs appealed from the Order of

Supreme Court, Bronx County (Suarez, L., J.), dated February 26, 2019, which, inter alia,

granted AMALGAMATED' motion for summary judgment dismissing Plaintiffs' Complaint.  A

copy of the Order and the Notice of Appeal is annexed hereto as **Exhibit "A."**

       4.     Plaintiffs have recently perfected their appeal on an Appendix method.

5.      Having re eived same, I reviewed the file maintaii  . by our office in this case and observed that the documents contained in Appendix, Volume I, pages 188-193, and in Appendix, Volume II, pages 4-7, 10, 12-18; 21-22; 24-30; 32-34; 44-50, were not previously submitted as part of the underlying motions papers.  Copies of the foregoing Appendix pages are annexed hereto as **Exhibit "B."**

6.      I have also reviewed the file maintained by the Bronx County Supreme Court on this case, and confirmed that the Court also is not in possession of these documents.

7.      To wit, even a cursory review of some of the dates on the documents provided on pages 188-193 of the Volume I, reveals that same were generated after the motions were fully briefed, and even after the Supreme Court's Order was issued.

8.      Additionally, the Appendix omits AMALGAMATED' motion to preclude or compel discovery and its exhibits, which was addressed by the Supreme Court in the Order appealed from.  A copy of AMALGAMATED' motion is annexed hereto as **Exhibit "C."**

# EXHIBIT "R"
## AHC's Motion to dismiss (#2)

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
-----------------------------------------------------------------X
BORIS GERASIMOV and EKATERINA GERASIMOV,            Index No.: 300165/2018

        Plaintiffs-Appellants,            **NOTICE OF MOTION**

    -against-

AMALGAMATED HOUSING CORPORATION and
NORRIS McLAUGHLIN & MARCUS, P.A.,

        Defendants-Respondents.
-----------------------------------------------------------------X

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Iryna S. Krauchanka, dated November 12, 2019, and the exhibits attached thereto, Defendant-Respondent AMALGAMATED HOUSING CORPORATION will move this Court, at the courthouse thereof, located at 27 Madison Avenue, New York, New York, 10010, on Monday, December 16, 2019, at 10:00 A.M., or as soon thereafter as counsel may be heard, for an order granting the following relief:

(1)    Striking the Replacement Appellants' Brief and Appendix served and filed by Plaintiffs-Appellants; and

(2)    Dismissing Appellants' appeal for failure to comply with this Court's October 1, 2019, Order, CPLR 5526, and 22 NYCRR § 1250; or, in the alternative,

(3)    Ordering Appellants to file an Appendix and Appellants' Brief that are in compliance with CPLR 5526, 22 NYCRR § 1250.7, and this Court's October 1, 2019, Order, and

(4)    Extending Defendant-Respondent AMALGAMATED HOUSING CORPORATION'S time within which to file its Respondent's Brief; and

(5)    Granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that responding papers, if any, are to be served upon the undersigned no later than seven (7) days prior to the return date of this motion.

# EXHIBIT "S"

## A. CASE FILE SUMMARY

## New York State Unified Court System
## (http://www.nycourts.gov)
## Bronx County Clerk's Office (BronxCcHome)

TS 201 r Case File Summary

https://appls.courts.state.ny.us/edds/caseDetail... TS Bronx.state.nyum&us/edds/caseDetail...

# Case File Summary: **300165-2018**

File Date: **09/25/2018** Index Type: **TORTS**

Plaintiff: **BORIS GERASIMOV AND EKATERINA GERASIMOV**

Plaintiff Firm:

Defendant: **NOREEN MCLAUGHLIN & MARCUS LAW FIRM (NNM)**

Defendant Firm:

**Documents Filed**

Filed Date Document:
09/25/2018 Summons & Complaint
10/01/2018 Affidavit of Service
10/01/2018 Affidavit of Service
10/01/2018 Memo of Law AND EXHIBITS
12/10/2018 MOTION FEE PAID
12/10/2018 Verified Answer
12/10/2018 MOTION FEE PAID
12/10/2018 RJI
12/10/2018 Verified Answer & Cross-Claims
12/13/2018 AMENDED MOTION FEE PAID
12/13/2018 AMENDED MOTION FEE PAID
12/18/2018 Short Form Order DATED: 12/14/2018, MOTION TO STRIKE DEFENSE,EXHIBITS
12/18/2018 Short Form Order DATED: 12/14/2018, MOTION FOR SUMMARY JUDGMENT,EXHIBITS
01/09/2019 CROSS MOTION FEE PAID
01/09/2019 CROSS MOTION FEE PAID
01/11/2019 MOTION FEE PAID
01/15/2019 Affidavits of Service
01/15/2019 Clerk's Minutes Affidavit Of Self-Represented Person In Support Of Application For Adjournment
01/15/2019 Response Plaintiff's
02/05/2019 MOTION FEE PAID
02/13/2019 Affirmation OF PLAINTIFF'S CROSS MOTION TO STRIKE ENTIRE DEFENSE
02/13/2019 Affidavit of Service AFTER COMMENCEMENT OF LITIGATION
03/06/2019 Clerk's Minutes , 2 DECISION/ORDERS, STIPULATIONS, 2 AMENDED MOTIONS, 2 X-MOTIONS, AFFIRMATION,
AFFIDAVIT, OPPOSITION, REPLY  MEMORANDUM OF LAW & EXHIBITS, DATED 2/26/19
03/15/2019 MOTION FEE PAID
03/20/2019 Notice of Entry

TS 201 r Case File Summary

https://appls.courts.state.ny.us/edds/caseDetail... TS Bronx.state.nyum&us/edds/caseDetail...

Filed Date Document:
03/21/2019 NOTICE OF APPEAL
04/16/2019 CROSS MOTION FEE PAID
05/08/2019 DECISION AND ORDER DATED: 05/02/2019,STIPULATION,NOTICE OF MOTION,NOTICE OF CROSS-MOTION,REPLY
AFFIRMATION
05/08/2019 EXHIBITS
06/26/2019 Subpoena

## B. INDEX of papers from the entry dated

03.06.2019 Clerk's Minutes . 2 DECISION/ORDERS. STIPULATIONS. 2 AMENDED MOTIONS. 2 X-MOTIONS. AFFIRMATION. AFFIDAVIT. OPPOSITION. REPLY. MEMORANDUM OF LAW & EXHIBITS

| | | |
|---|---|---|
| 1 | Decision and Order | page 1 |
| 2 | Stipulation of Adjournment | page 7 |
| 3 | Affidavit of service | 8 |
| 4 | Plaintiffs' Amended Notice of MSJ (#2) misnumbered as (#1) | 9 |
| 5 | Plaintiffs' Amended Affidavit in support of MSJ | 11 |
| 6 | Affidavit of service | 14 |
| 7 | Plaintiffs' Amended Notice of Motion to strike defense (#1) misnumbered as #2 | 15 |
| 8 | Plaintiffs' Amended Affidavit in support of Motion to strike defense (#1) | 17 |
| 9 | Certificate of service | 20 |
| 10 | Defendant's Motion for Summary Judgment (MSJ) (#2) misnumbered as #1 | 21 |
| 11 | Defendant's Affidavit of service to Plaintiffs' wrong address | 37 |
| 12 | Defendant's Affirmation to Cross Motion to Preclude (#1) misnumbered as #2 | 38 |
| 13 | Defendant's Affirmation of Good Faith and Affidavit of service to Plaintiffs' wrong address stated as 'designated by said Attorneys for that purpose' | 48 |
| 14 | Plaintiffs' Affirmation to Cross Motion to Strike Entire Defense (#3) | 51 |
| 15 | Plaintiffs' Combined Affidavit in Support of Cross Motion to Strike Entire Defense (#3) | 58 |
| 16 | Plaintiffs' Cross Motion to Strike Entire Defense (#3) | 90 |
| 17 | Defendant's Affirmation in Reply | 98 |
| 18 | Defendant's Affidavit of Service to Plaintiffs' wrong address | 107 |
| 19 | Plaintiffs' Memorandum of Law submitted with Cross Motion (#3), pages 2-6, 9 are missing | 109 |
| 20 | Plaintiffs' Memorandum of Law submitted with Cross Motion (#3) title page | 127 |
| 21 | Plaintiffs' Exhibit 'A' (Refutation of 24 Affirmative Defenses) related to Motion for Summary Judgment (MSJ) (#2) mistitled as related to 'Amended Motion 1' | 128 |
| 22 | Plaintiffs' title page of Exhibits to MSJ (#2) mistitled as related to 'Amended Motion 1' | 137 |
| 23 | Co-Defendant's (NMM) perverted Verification of VERIFIED ANSWER | 138 |
| 24 | Plaintiffs' Exhibit 'B' related to MSJ (#2) mistitled as related to 'X-Motion 1' | 139 |
| 25 | Plaintiffs' SUMMONS and COMPLAINT #00165/2018 | 141 |
| 26 | Defendant's Verified Answer and Cross Claims | 193 |
| 27 | Defendant's Demand for Bill of Particulars (wrong mailing address on the last page) | 203 |
| 28 | Defendant's Notice to take Deposition with Plaintiffs' wrong mailing address on the last page | 211 |
| 29 | Defendant's Demand for Discovery with Plaintiffs' wrong mailing address on the last page | 213 |
| 30 | Co-Defendant's (NMM) Verified ANSWER (caption states AHC and NMM as Defendants | 223 |
| 31 | Plaintiffs' title page of non-amended Notice of Motion to Strike defense (#1) | 227 |
| 32 | Plaintiffs' title page of non-amended Notice of Motion for Summary Judgment (MSJ) (#2) | 228 |
| 33 | RJI | 229 |
| 34 | Defendant's Notice of Cross Motion to preclude and to compel (#1) with Plaintiffs' wrong mailing address on the last page | 232 |
| 35 | Miscellaneous Exhibits | 235 |
| 36 | Redundant display of papers 25 - 33 (from Plaintiffs' SUMMONS to RJI) | 252 |
| 37 | Defendant's (AHC) letter to Co-Defendant (NMM) on outstanding Demand for Discovery | 343 |
| 38 | Plaintiffs' electronic reply to the AHC letter raising the issue of serving Defendants' correspondence to Plaintiffs' wrong mailing address | 345 |
| 39 | Exhibit: Plaintiffs' Motion for pre-trial dismissal of underlying Petition Holdover #16124/17 | 348 |
| 40 | Plaintiffs' Motion for Recusal of Resolution judge E.J Tao from underlying case #16124/17 | 358 |
| 41 | Memorandum of Law related to Motion for Recusal | |

# EXHIBIT "T"

**Michael Solima**

| | |
|---|---|
| **From:** | Boris Gerasimov [borisgerasimov@yahoo com] |
| **Sent:** | Monday, January 07, 2019 1 51 PM |
| **To:** | Michael Solima |
| **Cc:** | Elizabeth Fiardi |
| **Subject:** | RE to letter from 01/02/2019 |

Boris Gerasimov

3985 Gouverneur Ave  Apt 11B

Bronx, NY 10463

Tel: 718-548-1271

January 7, 2019.

To:

Mr  Michael W. Soliman,

Morris Duffy Alonso & Faley

101 Greenwich Street

22nd Floor New York, NY 10006

In reply to letter from January 2, 2019 (RE: File No.: (PIC) 69010)

Dear Mr. Michael W. Soliman,

Thank you for your letter from January 2, 2019 which I received today because of mistake in my address printed in your letter and on the envelope (building # 6985 Gouverneur Ave., instead of # 3985).

I believe your office' file has the Motion for Summary judgment timely and properly served to Attorney Mrs. Elizabeth A. Filardi who is in care of the case #300165/2018. The Motion in its point 18 states that your Demand for a Verified Bill of Particulars and Combined Demands dated October 18, 2018  as related to nothing but *immaterial fact of unspecified car accident* has provided Court with *documentary evidence of futility of further discovery.*

So far I did not hear from Mrs. Elizabeth A. Filardi anything in opposition to the Motion.

1

If you have any further questions regarding this matter, please, do not hesitate to contact me by phone (718)548-1271, or by e-mail: borisgerasimov@yahoo.com  . I would be glad to answer you promptly.

Very truly yours,

Boris Gerasimov

Re: In lieu of demand for discovery

From: Elizabeth Filardi (efilardi@mdafny.com)

To: borisgerasimov@yahoo.com

Cc: msoliman@mdafny.com

Date: Monday, April 1, 2019, 11:37 AM EDT

Hi Boris,

I am out of the office until Wednesday. We do not represent NMM. You must direct all correspondence and demands as to NMM to Mr. Roberts.

Thank you,

Elizabeth A. Filardi, Esq.
Morris Duffy Alonso & Faley
101 Greenwich Street, 22nd Floor
New York, New York 10006
Office: 212-766-1888
Cell: 516-724-0517
Efilardi@mdafny.com

On Apr 1, 2019, at 11:04 AM, Boris Gerasimov <borisgerasimov@yahoo.com> wrote:


# Dear Mrs. Elizabeth Filardi,
I am resending the following message sent to you yesterday.
Please, consider it as time sensitive Demand for Discovery.
Please, reply immediately.


------------------------------------------------------
Dear Mrs. Filardi,
I am in receiving your letter from March 19, 2019.
Thank you.
1) The letter was sent to the wrong address at the face of the envelope:
6985 Gouverneur Ave, Apt. 11B, Bronx, NY 10463. As a result, I received your letter yesterday, March 30, 2019.
The letter itself shows correct address: 3985, Gouverneur Ave., etc.
This happens not for the first time.
The envelope from your office dated by October 18, 2018 shows the same mistake which resulted in similar delay.
Answering your letter from October 18, 2018 I promptly pointed out this mistake to your office.
Please, take care to correct your record.

1/2

2)  Title of the sending reads "ORDER WITH NOTICE OF ENTRY", however the Notice itself is missing in the enclosure.

3)  My copy of Notice of Entry is stamped by March 21, 2019.

4)  Please, send to my e-mail address the Notice of Entry from your file, so that both of us be sure there is no mistakes and discrepancies.

5)  Also, please send me official confirmation that your Office now provides legal representation to the Norris McLaughlin & Marcus Law Firm. Unless I have this confirmation, I will assume that Mr. Dean M. Roberts is still acting NMM Attorney of Record for instant case.

Thank you.
Sincerely,
Boris Gerasimov

# EXHIBIT "U"
## Affidavits of Service

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK        )
                             ss.:
COUNTY OF NEW YORK   )

         I, KELLIE A. LEGGETT, being duly sworn, says: I am not a party to the action, am over 18 years of age and reside in Queens County, State of New York.  That on the 8th day of January, 2019, I served the within **NOTICE OF CROSS MOTION and AFFIRMATION IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**, upon:

BORIS GERASIMOV and EKATERINA GERSIMOV
Plaintiffs Pro Se
6985 Gouverneur Avenue, Apartment 11 B
Bronx, New York 10463

NORRIS MCLAUGHLIN & MARCUS
LAW FIRM
Co-Defendant
875 Third Avenue, 8th Floor
New York, New York 10022

those being the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office Department.

                                         _____
                                         Kellie A. Leggett

Sworn to before me this
8th day of January, 2019

_____
Notary Public

DEBORAH A. DEMENZIS
Notary Public, State of New York
No. 01DE6262803
Qualified in Richmond County
Commission Expires March 24, 2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

**BORIS GERASIMOV** and                                      Index No.: 30165/2018
**EKATERINA GERSIMOV**
3985 Gouveneur Ave., Apartment 11B                           **VERIFIED ANSWER**
Bronx, NY 10463                                              **WITH CROSS-CLAIMS**
Tel: (718) 548-1271
e-mail: borisgerasimov@yahoo.com

Plaintiffs,

against:

**AMALGAMATED HOUSING**
**CORPORATION (AHC)**
90 Van Cortlandt Park South
Bronx, New York 10463
Tel: (718) 796-9300

Defendant,

and

**NORRIS MCLAUGHLIN & MARCUS**
**LAW FIRM (NMM)**
875 Third Avenue, 8th Floor
New York, NY 10022
(212) 808-0700

Co-Defendant
------------------------------------------------------------------X

        The defendant AMALGAMATED HOUSING CORP. by its attorneys, MORRIS DUFFY
ALONSO & FALEY, upon information and belief, answers the plaintiffs' Complaint herein as
follows:

        1.      Denies any knowledge or information sufficient to form a belief as to the truth of
the allegations contained in the paragraphs or subdivisions of the Complaint designated "1", "2",
"4", "18", "120" and "121".

        2.      Denies each and every allegation contained in the paragraph or subdivision of the
Complaint designated "3" as alleged except admits that Amalgamated Housing Corporation was
and is a domestic business corporation duly organized and existing pursuant to the laws of the
State of New York.



106

    (a)    The name and address of any school infant
                plaintiff attended at the time of this occurrence;

    (b)    The date or dates each infant plaintiff was absent from school as the result
                of the alleged injuries sustained in this occurrence.

43.    If it will be claimed that the limitations on liability set forth in CPLR Article 16 do
not apply, state specifically each and every exception to Article 16 set forth in CPLR Section 1602
which applies to the cause or causes of action herein and the basis for invoking such exemptions.

Dated: New York, New York
      October 18, 2018        Yours etc.,

                       MORRIS DUFFY ALONSO & FALEY

                       *Elizabeth A. Filardi*

                  By: _____
                       ELIZABETH A. FILARDI
                       Attorneys for Defendant
                       AMALGAMATED HOUSING
                       CORPORATION (AHC)
                       Office and Post Office Address
                       101 Greenwich Street, 22nd Floor
                       New York, New York 10006
                       T: (212) 766-1888
                       F: (212) 766-3252
                       Our File No.: (PIC) 69010

TO:
BORIS GERASIMOV and EKATERINA GERSIMOV
Plaintiffs Pro Se
6985 Gouverneur Ave, Apartment 11 B
Bronx, NY 10463
(718) 548-1271

NORRIS MCLAUGHLIN & MARCUS
LAW FIRM (NMM)
Co-Defendant
875 Third Avenue, 8th Floor
New York, NY 10022
(212) 806-0700

*16*

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                                                    ss.:
COUNTY OF NEW YORK   )

     I, KELLIE A. LEGGETT, being duly sworn, says:   I am not a party to the action, am over 18 years of age and reside in Queens County, State of New York.   That on the 19th day of March, 2019, I served the within **ORDER WITH NOTICE OF ENTRY**, upon:

BORIS GERASIMOV and EKATERINA GERSIMOV
Plaintiffs Pro Se
6985 Gouverneur Ave, Apartment 11 B
Bronx, NY 10463

NORRIS MCLAUGHLIN & MARCUS
LAW FIRM (NMM)
Co-Defendant
875 Third Avenue, 8th Floor
New York, New York 10022

those being the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office Department.

                            Kellie A. Leggett

Sworn to before me this
19th day of March, 2019

      Notary Public

DEBORAH A. DERENZIS
Notary Public, State of New York
No. 01DE6089503
Qualified in Richmond County
Commission Expires March 24, 20_19_

108

2.   Pursuant to CPLR §§3124 and 3126(2), compelling plaintiff to respond to defendant AHC'S Demand for a Verified Bill of Particulars, Combined Demands for Discovery and Demand for Medicare/Medicaid Information dated October 18, 2018, within thirty (30) days of the date of the determination of this motion or be precluded from introducing evidence supporting his claims of liability or damages, or opposing the defenses of defendant based upon the documents and/or information sought in AHC'S discovery demands; and

3.   For such and other further relief as this Court deems just and proper.

**PLEASE TAKEN FURTHER NOTICE**, that pursuant to CPLR §2214(b), answering affidavits, if any, are to be served upon the undersigned at least seven (7) days prior to the return date of this Motion.

Dated: New York, New York
       January 8, 2019

                                   Yours etc.,

                                   MORRIS DUFFY ALONSO & FALEY

                                   *Elizabeth a. Filardi*

                          By:      _____
                                   ELIZABETH A. FILARDI
                                   Attorneys for Defendant
                                   AMALGAMATED HOUSING
                                   CORPORATION (AHC)
                                   Office and Post Office Address
                                   101 Greenwich Street, 22nd Floor
                                   New York, New York 10006
                                   Ph:  (212) 766-1888
                                   Fax: (212) 766-3252
                                   Our File No.: (PIC) 69010

TO:   BORIS GERASIMOV and EKATERINA GERSIMOV
      Plaintiffs Pro Se
→     6985 Gouverneur Avenue, Apartment 11 B
      Bronx, New York 10463
      (718) 548-1271

      NORRIS MCLAUGHLIN & MARCUS
      LAW FIRM (NMM)
      Co-Defendant
      875 Third Avenue, 8th Floor
      New York, New York 10022
      (212)808-9700

109

**UNITED LAWYERS**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X

**BORIS GERASIMOV and**                              Index No.: 300165/2018
**EKATERINA GERSIMOV**
3985 Gouveneur Ave., Apartment 11B
Bronx, New York 10463                                **ORDER WITH**
Tel: (718) 548-1271                                  **NOTICE OF ENTRY**
e-mail: borisgerasimov@yahoo.com

Plaintiffs,

against:

**AMALGAMATED HOUSING
CORPORATION   (AHC)**
90 Van Cortlandt Park South
Bronx, New York 10463
Tel: (718) 796-9300

Defendant,

and

**NORRIS MCLAUGHLIN & MARCUS
LAW FIRM (NMM)**
875 Third Avenue, 8th Floor
New York, NY   10022
(212) 808-0700

Co-Defendant
-----------------------------------------------------------------------X

      **PLEASE TAKE NOTICE,** that the within is a true copy of the Order by the Honorable

Lucindo Suarez, J.S.C., dated February 26, 2019 and entered and filed in the office of the Clerk of

the within named Court on March 6, 2019.

110

Dated: New York, New York
       March 19, 2019

                              Yours, etc.,

                              MORRIS DUFFY ALONSO & FALEY

                   By:

                              MICHAEL W. SOLIMAN
                              Attorneys for Defendant
                              AMALGAMATED HOUSING CORPORATION
                              Office & P.O. Address
                              101 Greenwich Street, 22nd Floor
                              New York, New York 10006
                              (212) 766-1888
                              Our File No. (PIC) 69010


TO:    BORIS GERASIMOV and EKATERINA GERSIMOV
       Plaintiffs Pro Se
       6985 Gouverneur Avenue, Apartment 11 B
       Bronx, New York 10463

       NORRIS MCLAUGHLIN & MARCUS
       LAW FIRM (NMM)
       Co-Defendant
       875 Third Avenue, 8th Floor
       New York, New York 10022


                              111

# 1EXHIBIT "V"

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX:  PART S
---------------------------------------------------------------X
AMALGAMATED HOUSING CORPORATION,                    DECISION/ORDER

                                    Petitioner,           Index No.:  L&T 16124/17

        -against-                                         Hon. Miriam Breier

BORIS GERASIMOV and EKATERINA
GERASIMOV,

                                    Respondents.

---------------------------------------------------------------X

     Petitioner, Amalgamated Housing Corporation, commenced this nuisance summary holdover proceeding against respondents, Boris Gerasimov and Ekaterina Gerasimov, members of the cooperative and lessees of apartment 11B in the building 3985 Gouverneur Avenue, Bronx, New York 10463.

     Petitioner alleged that respondents violated New York Administrative Code §§ 27-2005 and 27-2013, Multiple Dwelling Law §309 and paragraphs Fourth and Fifth of their Occupancy Agreement and paragraph 14 of the Rules and Regulation of the Occupancy Agreement because of complaints received by the cooperative of loud and prolonged noise caused by respondents' piano playing. Petitioner served respondents with a ten day notice to cure dated February 2, 2017 and a notice of termination dated February 21, 2017 terminating respondents' tenancy effective March 9, 2017. A notice of petition and petition holdover verified March 10, 2017, with a court date of March 30, 2017 followed.

     Respondents answered the petition and alleged that there was no legal or factual basis for the holdover. Respondents moved to dismiss the proceeding on various grounds, and those motions were denied.  The proceeding was tried before the Court on March 6, 2018. Petitioner was represented by counsel and respondents proceeding without counsel.

     The credible evidence adduced at trial proved that respondents play their piano only during hours permitted in their occupancy agreement. While their piano playing annoys their neighbors in apartment 10C, it does not violate the occupancy agreement or constitute a nuisance and accordingly, as will be explored below, the petition is dismissed.

# EXHIBIT W

## DEFENDANT'S AFFIRMATION IN REPLY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

**BORIS GERASIMOV and**                           Index No.: 300165/2018
**EKATERINA GERSIMOV**
3985 Gouveneur Ave., Apartment 11B
Bronx, NY 10463                                   **AFFIRMATION IN**
Tel: (718) 548-1271                               **REPLY**
e-mail: borisgerasimov@yahoo.com

Plaintiffs,

against:                                          **Return date 2/13/19**

**AMALGAMATED HOUSING
CORPORATION (AHC)**
90 Van Cortlandt Park South
Bronx, New York 10463
Tel: (718) 796-9300

Defendant,

and

**NORRIS MCLAUGHLIN & MARCUS
LAW FIRM (NMM)**
875 Third Avenue, 8th Floor
New York, NY 10022
(212) 808-0700

Co-Defendant
-------------------------------------------------------------------X

     **ELIZABETH A. FILARDI**, an attorney duly admitted to practice law before the Courts

of the State of New York, hereby affirms the truth of the following under penalty of perjury:

     1.    I am a partner of the law firm of MORRIS DUFFY ALONSO & FALEY,

attorney for defendant, AMALGAMATED HOUSING CORPORATION (hereinafter referred to

as "AHC") and as such am fully familiar with the facts and circumstances surrounding this

lawsuit based upon a file maintained in our office.

2.      This Reply Affirmation is submitted in further support of the instant cross-motion for an Order pursuant to CPLR §3211 and 3212 dismissing the plaintiff's Complaint and all cross claims and granting defendant AMALGAMATED HOUSING CORPORATION ("AHC") summary judgment; together with such other and further relief as this Court may deem just and proper.

3.      This affirmation is also submitted in opposition to plaintiff's Motion to Strike the Entire Defense.

## ARGUMENT

## AHC DID NOT MALICIOUSLY PROSECUTE PROCEEDING 16124/2017 AS IT WAS TRIED ON THE MERITS AND THE PLAINTIFFS' PRIOR MOTION BASED ON RES JUDICATA WAS DENIED BY THE COURT.

4.      As an initial matter, plaintiff's opposition mischaracterizes the standard for summary judgment. *See plaintiff's Affidavit in Opposition* dated February 4, 2019, paragraph 5.

5.      A motion for summary judgment should be granted "if upon all papers and proof submitted the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" pursuant to CPLR 3212(b). "To grant summary judgment, it must clearly appear that no material and triable issues of fact are presented." *Andre v. Pomeroy*, 35 N.Y.2d 361 (1974).

114

EXHIBIT "X"



EXHIBIT "Y"

## VII.            STATEMENT OF DAMAGES

119.    Plaintiffs did refrain from stating Counterclaim to the third Petition Holdover #16124-17 for the purpose to present judicial merit of the case in its purity. This circumstance in no way can be used as an argument that tortuous case #16124-17 has done no culpable damages to Plaintiffs.

*UNDERLYING HISTORY:*

→    **120.**    Late in 1988 Plaintiffs addressed the Soviet Authorities with a letter renouncing Soviet citizenship and asking permission to leave the country on the reason of "deep disappointment with the values and the future of socialism." After a year of bureaucratic procrastination and followed personal intervention of Mr. Robert A. Sorenson – then the US Vice-Consul in Moscow - permission was granted, and Plaintiffs entered the USA on June 4, 1990 as political refugees under auspices of International Rescue Committee (IRC).

116

**121.**   Plaintiffs do not have and never had relatives in the US. The reason for immigration was purely political.

**122.**   Committed by conspired Defendant/Co-Defendant assault on the very reason of Plaintiffs' emigration from the former Soviet Union into the United States - the *Country of Law*, therefore, assault on the very dignity of the American Citizenship, on Plaintiffs' intelligence and integrity, assault done with multiple and persistent actions of imposing Fraud Upon the Court, has inflicted on Plaintiffs unspeakable mental anguish.  Malicious prosecution of Plaintiffs committed by conspired Defendant/Co-Defendant with commencement, procurement, and completion of the three-fold fraudulent litigation comprising cases #31890/12, #32573/13 and #10124-17, have brought culpable damages to Plaintiffs' rights, time, health and wellbeing, and inflicted on Plaintiffs a lasting feeling of severe emotional distress.

123.   DAMAGES:

a.   Years of expecting the possibility of financial ruin by fraudulent eviction caused severe emotional distress to Plaintiffs. Co-Defendant Mr. D. M. Roberts openly threatened Plaintiffs with losing the apartment. If in fraudulent eviction proceeding #10124-17 Defendant prevailed, as it happened in case #31890/12, Plaintiffs being in advanced age and living on the tight budget would imminently face forceful moving into the only available to them for today's market prices tiny dwelling, lacking place for a

117

grand piano and for every day used home library of several thousand books and music scores collected for five decades - thus to undergo a radical and irreversible downgrade of their meaningful active lifestyle.

     b.    Damages to Plaintiffs' rights:

1) Plaintiffs' unalienable right - as the residents of the State of New York - for legal protection from Malicious Prosecution by the statute CPLR 3211 (a)(5) was violated by conspired Defendant/Co-Defendant with commencing fraudulent eviction proceeding #16124-17.

2) Plaintiffs unalienable right - as the residents of the State of New York - for fair trial in Court was violated by Co-Defendant with the commission of two counts of imposing Fraud Upon the Court.

3) by acting in willful, wanton, and reckless disregard to Law conspired Defendant/Co-Defendant have attempted multiple encroachments on protected by Occupancy Agreement Plaintiffs' Housing rights.

4) Conspired Defendant/Co-Defendant acted in willful, wanton, and reckless disregard to Elder Law which in its entirety and spirit considers any crime committed against the elderly as aggravated;

     c.    Damages to time:

Defendant's/Co-Defendant's actions have forced Plaintiffs to spend uncountable hours of their time with the burden of self-Defense against Malicious Prosecution.

      d.     Damages to health:

being in advanced age Plaintiffs suffer from HBP (High Blood Pressure). Damage done

by Defendant's/Co-Defendant's actions to Plaintiffs' health by inflicting lasting stress is

immeasurable and irreversible.

      e.     Pecuniary damages:

in amount of $5,000 as reasonable Attorney's fees paid by Plaintiffs to Attorney

Mr. Mark D. Lazarus.

      f.     Special injuries:

false Cause of Action in all 3 fraudulent eviction cases was stated by Defendant as

*playing piano* by Plaintiffs in apartment in legal time. Playing piano for Plaintiffs is more

than a pleasurable and unquestionably legal cultural activity in their leisure time. It has its

end in volitional creative work to benefit American musical culture. Plaintiff Boris

Gerasimov is an active member of ASCAP (American Society of Composers, Arrangers

and Producers). Plaintiff's composer's portfolio contains a number of published and still

unpublished musical compositions. Among completed and prepared for publication

works there is composed in 2012 vocal cycle of 24 songs "Gems of English Poetry".

Author's choice of titles for this full-size musical composition reflects Plaintiff's

comprehensive studying of English classical poetry. (Exhibit 9d). Completion of this work

has taken two years of all Plaintiffs' free time, and, of course, would be impossible

without *playing piano*. However, publication of this work and completion of the second

book of the diptych - "Gems of American Poetry", was cut off by the devastating impact

of commenced in 2012 by Defendant initial #31890/12, and two followed malicious

eviction proceedings. The forced burden of self -Defense has taken its toll on Plaintiff's

time, energy and peace of mind, heavy enough to stop his contributive work for the

benefit of American classical music. Until today this musical composition – a token of

love and gratitude to Plaintiff's new home country -- remains unfinished. Considering

Plaintiff's age of 74 and not excluded possibility of facing further malicious prosecution

by Defendant (keeping in mind final disregard for violation by Co-Defendant of *'res*

*judicata'* principle in adjudicated by the Bronx Housing Court fraudulent case #16124-

17) - perspectives of finishing this work and realization of other Plaintiff's creative

projects remain uncertain. So, special Damages done to Plaintiffs by Defendant may be

considered as *private and public.*

→        Special Damages done to Plaintiffs' creative work by Defendant  "… is hard to

detect and the monetary value of non-economic harm might have been difficult to

determine." (538 U.S. 408, 425).

      g.        Punitive Damages:

→ Principle of *'res judicata'* doctrine incorporated into statute 3211 (a)(5) of NY CPLR has

been proved to be of no effect to deter Defendant/Co-Defendant from fraudulent

commencement, procurement, and completion of illegal relitigation of *'res judicata'*

matter of Petition Holdover #16124-17 with imposing Fraud Upon the Court. Failure of

the Bronx Housing Court to consider and properly adjudicate violation by Co-Defendant

of statute 3211(a)(5) of CPLR makes awarding Plaintiffs with punitive damages in

120

adjudication of instant case warranted for the two-fold purpose: i) to uphold and enforce already broken Law, and ii) as the only judicial action sanctioned by Law which can effectively stop continuing years-long persistent Malicious Prosecution of Plaintiffs by conspired Defendant/Co-defendant in the Bronx Housing Court.

124.   IN SUM:

considering that

1) The claim of commission by Defendant of the crime of imposing Fraud Upon the Court for committing another crime - Malicious Prosecution of Plaintiffs, is fully founded upon documentary evidence;

2) the case #10124-17 is *sui generis* in its lawlessness, malice, and cynicism;

3) the crime of Malicious Prosecution with imposing Fraud Upon the Court was premeditated, *organized*, and committed by *conspiracy* of Defendant with Codefendant;

4) the crime of Malicious Prosecution of Plaintiffs was committed by Defendant - once a *convicted felon* - in conspiracy with Co-Defendant *who has committed multiple felonies* in commencement, proceeding, and completion of this very malicious litigation;

5) Malicious Prosecution of Plaintiffs with imposing Fraud Upon the Court has been accomplished by conspired Defendant/Co-Defendant with multiple deliberate and

121

purposeful violations of statutory and procedural Law - in willful, wanton and reckless disregard to Plaintiffs' rights;

6) Defendant's/Co-Defendant's actions rise to a sufficiently high level of moral turpitude associated with a criminal indifference to civil obligations;

7) multiple legal violations committed by conspired Defendant/Codefendant in their entirety demonstrate criminal indifference to civil obligations - *as not occasional, but as accepted modus operandy* (p. 36).

8) tort crime of Malicious Prosecution has been committed against the elderly;

9) Co-Defendant's conduct was more than merely *wanton, reckless, malicious and bordering criminal* - which is NY standard for awarding punitive damages, but was *actually crossing the line of criminality* with persistent violations of statutes §175.10 and §210.10 of NY Penal Law;

10) Co-Defendant's *wrong* was *private and public,*

11) legal barrier of *'res judicata'* doctrine - a fundamental principle of jurisprudence, and strong legal prohibition of imposing Fraud Upon the Court have been proved *to be of no effect* to deter conspired Defendant/Co-defendant from commencement, proceeding, and completion of fraudulent malicious eviction proceeding #16124-17;

12) severe damage to the *integrity and dignity of the judicial system* was done by Co-Defendant by "the most egregious misconduct directed to the court itself" (Memorandum of

Law **3**) with commencement, proceeding, and completion of the three-fold fraudulent malicious litigation comprising cases #31890/12, #32573/13, and #16124-17 in the Bronx Housing Court - damage resulted in repeated miscarriage of justice;

⸻ awarding punitive damages in instant case is warranted, and, pursuant to the ruling in precedential case 538 U.S. 408, 425. /State Farm Mut. Automobile Ins. Co. v. Campbell (2003), the application of the higher single digit (9) multiplier to the total of compensatory damages in determination of the right amount of punitive damages is necessary. (Memorandum of Law **9**)

## VIII.                              CONCLUSION

125.   Based upon the foregoing, Plaintiffs respectfully request this Court to issue a final judgment awarding Plaintiffs with

i) $1,000,000 (one million dollars) as relief of compensatory damages done to Plaintiffs by Defendant (AHC) with actually committed tort crime of Malicious Prosecution; (538 U.S. 408, 425. /State Farm Mut. Automobile Ins. Co. v. Campbell (2003)) (Memorandum of Law **11**, clauses **2**, **3**)

ii) $1,000,000 (one million dollars) as relief of punitive damages done to Plaintiffs by Defendant (AHC) with actually committed tort crime of Malicious Prosecution; (ibid.)

iii) $1,000,000 (one million dollars) as relief of compensatory damages done to Plaintiffs by Co-Defendant (NMM) with actually committed tort crime of Malicious Prosecution; (ibid.)

iv) $9,000,000 (nine million dollars) as relief of punitive damages done to the integrity and dignity of the judicial system of this State and this Country by Co-Defendant (NMM) with actually committed twice the crime of imposing Fraud Upon the Bronx Housing Court and actually committed tort crime of Malicious Prosecution of elderly Plaintiffs; (ibid.)

or such other amount as determined by the Court.

Date: September 25, 2018

Signed/Boris Gerasimov.

## EXHIBIT "Z"
## Corruption of AHC Administration (Complaint #300165/2018, part G)

G)     MOTIVES BEHIND COMMENCEMENT OF THE THIRD BASELESS
       FRAUDULENT MALICIOUS EVICTION PROCEEDING #16124-17
       BY EFENDANT AGAINST PLAINTIFFS.

67.     As stated in point 3 above, all three fraudulent eviction proceedings were initiated

by the AHC General Manager Mr. Charles M. Zsebedics, who was previously convicted

in Grand Larceny felon.  (Exhibit 8a, 8a')

68.     In the year 2011 Mr. Charles M. Zsebedics was picked out by the AHC

Administration (Defendant) from 50 other applicants as the best candidate for the

Position of AHC General Manager - in disregard to discovered fraud on his Resume

(*intentional omission of information regarding his criminal past*). (Exhibit 8a) (source:

http://riverdalepress.com/stories/Amalgamateds-new-manager-has-fraud-on-resume-,48948 )

69.     In the spring 2013 Mr. Zsebedics presented to the AHC community of

shareholders his first significant managerial achievement: processing from the NCB Bank

a huge $30 million loan with extremely high for the time 4.51% APR - while *interest free*

*financing* of ostensibly needed several capital repair projects by the NYS DHCR was

(*and is*) available. Allegedly, this asking for a criminal investigation financial affair could

generate up to $6 million in illegal kickbacks split between the Bank and the prospective

contractors. (Exhibit 8a')   Legal services for processing the loan were provided by the

NMM' (Co-Defendant) Attorneys. The official letter from July 8, 2013, introducing the

loan to the AHC community and signed by the AHC President Emeritus Mr. E. Yaker,

was silent about the total sum of the loan. A promotion article posted on the NCB official

125

web page and advertising the huge loan country-wide was silent about the 4.51% APR. (Exhibits **8b, 8c**)

70.    The loan stipulated steady increase of regular maintenance charges. The letter from July 8, 2013 was missing this uncomfortable financial information as well. The future of the AHC Co-op as affordable housing became questionable.

Later on, in 2016 the AHC Administration (Defendant) processed the next huge loan of $17 million from the same NCB Bank, with the same APR, allegedly for the same purpose: getting huge kickbacks under the pretext of urgently needed capital repairs. This shady financial affair allegedly could generate an additional $3 million in kickbacks (Exhibit **8a'**).  Apparently, in the foreseeable future losing by the AHC Co-op of its current status as affordable housing for working New Yorkers with low income has become imminent.

Corruption in the City Housing business existed long ago. It was successfully investigated by the City Department of Investigation's (DOI) in the year 1999. The result was publicized in the DOI official Press Release (Exhibit **8a'**). The document announced indictment of ten individuals working for "ELM MANAGEMENT - Mr. Zsebedics included - with defrauding buildings they managed out of $1.3 million.

Today it looks like a small fraction of the scope of corruption alleged here.

71.    On December 26, 2013 Plaintiff Boris Gerasimov addressed the Office of Commissioner of NYC DOI Mrs. Rose Jill Hearn with allegation of corrupt AHC

financial practices. Plaintiff's complaint has been evaluated by the DOI and referred to the State Inspector General's Office "for appropriate attention and action." (Exhibit 8h)

72.     Appropriate attention was paid. This explanation provides the rationale behind undertaken by Defendant multiple persistent attempts to terminate Plaintiffs' tenancy *by all means.*

# National Cooperative Bank Provides $30 Million in New Financing to Amalgamated Houses in the Bronx

*Country's Oldest Limited Equity Co-op Secures New Loan; Plans Major Capital Improvement Projects for 1,500 Unit Property*

New York, NY (July 22, 2013) -- National Cooperative Bank (NCB), a leading financial services company dedicated to providing banking products to cooperatives nationwide, just completed a $30 million loan for Amalgamated Houses in the Bronx, New York. The country's oldest limited equity cooperative in the country, secured the financing to refinance approximately $8.5 million of existing debt and $19.6 million to bolster its reserves and undertake substantial capital improvements to the property. NCB worked with Fannie Mae in securing the transaction.  Edward Howe III, Managing Director of NCB's New York office, arranged the financing.

"Amalgamated Houses is a shining example of how the cooperative structure can work, and thrive for many generations, and provide an excellent affordable housing option in New York City," said Mr. Howe. "We are thrilled to be a vital part of this co-op's future success, and know this financing will play an important role in improving the financial and physical health of the co-op for current residents and those who will live there down the road."

Founded in 1927, Amalgamated Houses provides a beautiful and strong community for 1,500 moderate-income families. The new financing will enable the community to refinance $8.5 million of existing debt at a lower interest rate. It will utilize the $19.6 million to undertake a number of substantial exterior renovations projects over the next ten years, as well as place some of the funds to strengthen its reserves for any unplanned needs.

"I believe that NCB's $30 Million financing for Amalgamated Housing Corporation is another important milestone in the long and illustrious history of this cooperative," said the property's General Manager Charles M. Zsebedics. "This loan signifies and solidifies the true responsibility and commitment that this Board of Directors has made to its cooperators in addressing the necessary repair and maintenance of major interior and exterior building systems. These improvements will help ensure



# AMALGAMATED HOUSING CORPORATION

**98 Van Cortlandt Park South ♦ Bronx, New York 10463**
(718) 796-9300 ♦ Fax: (718) 543-5743 ♦ www.amalgamated-bronx.coop

*Founded 1927*

Abraham E. Kazan
Founder

*President*
*1927-1967*
*Manager*
*1927-1959*

July 8, 2013

Fellow Cooperators,

We have finally closed our new mortgage with NCB (National Cooperative Bank). The closing took place on Wednesday, June 26th.

Unfortunately, because of the lengthy time it took for this loan to close, and rising interest rates in recent weeks, the loan rate is 4.51%. That is about a full percent higher than loan rates at the time we began this process. By my estimate this will cost the Amalgamated about $180,000 a year more than we were looking at when we applied for the loan. That will not affect our current budget, as we had budgeted setting aside money for capital reserves even with the new mortgage. It does reduce the amount we will be setting aside for future capital expenses after the new $20 million has been spent. As I see it, it will affect us most five through fifteen years from now.

I am not happy with the loan rate or the amount of time it took to close the loan, but I do know that our Manager and attorneys worked diligently throughout the process, and the delays were not of our making. I commend our Manager, Charles Zsebedics, and all members of management staff who worked with him on this, particularly Jennifer Rankin, Robert Massre, and JoAnn Sparacio. The loan process was extremely difficult and frustrating. New obstacles were thrown at us every step of the way, but Mr. Zsebedics stayed on top of it. I also commend our attorneys Karol Robinson and Burt Solomon of Norris, McLaughlin & Marcus for their outstanding work in this long and tedious process.

With the loan closing now behind us, we can begin to move forward on the numerous capital projects ahead of us. Cooperators will be informed as details of the work and schedules are laid out.

Cooperatively,

Ed Yaker
President

129