UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

BORIS GERASIMOV,

                                  **Plaintiff,**

                 **-against-**

AMALGAMATED HOUSING CORP., et al.,

                           **Defendants.**

-------------------------------------------------------------------X

**21-CV-01760 (JPC)(SN)**

**REPORT AND
RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE JOHN PETER CRONAN:**

     This case is the latest chapter in a landlord-tenant dispute involving pro se Plaintiff Boris

Gerasimov. Following three summary holdover proceedings and one state court malicious

prosecution action, Gerasimov has filed this federal action against (1) his cooperative,

Amalgamated Housing Corporation ("Amalgamated"), (2) the law firm that represented the

cooperative in the housing court proceedings, Norris McLaughlin & Marcus Law Firm ("Norris

McLaughlin"), and (3) the law firm that defended the cooperative in Gerasimov's subsequent

state court action for malicious prosecution, Morris Duffy Alonso & Faley Law Firm ("Morris

Duffy").

     Gerasimov's complaint is 219 pages long. He alleges that Defendants violated his rights

under the Equal Protection and Due Process Clauses of the Fourteenth Amendment by filing

state court eviction proceedings against him and his wife, Ekaterina Gerasimov (now deceased).

See ECF No. 1 (Compl.) at 5.[1] He separately invokes claims under the law of evidence, elder

law, the doctrine of res judicata, the doctrine of unclean hands, N.Y. Penal Law § 210.10

(second-degree perjury), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 1621 (criminal perjury).

See id. at 6. He asserts "underlying" civil malicious prosecution and multiple counts of fraud on

the court. Id. at 8. All Defendants have moved to dismiss. Separately, Gerasimov moves for

judgment on the pleadings and to change venue to the U.S. District Court for the Southern

District of Texas because of "special circumstances" related to the death of his wife.

I recommend that the Court grant Defendants' motions to dismiss and deny Plaintiff's

motions as moot.

## BACKGROUND

Beginning in or before 2010, Gerasimov and his wife lived in a housing cooperative in

the Bronx pursuant to the terms of an occupancy agreement. See Compl. at 137-39. After

receiving "numerous" complaints of "loud and persistent" piano playing coming from the

Gerasimovs' apartment, the cooperative, Amalgamated, issued multiple notices requesting that

the Gerasimovs stop playing the piano at inappropriate times. Amalgamated ultimately

terminated their tenancy in March 2017. Id. at 61-62 (February 2, 2017 notice to cure), 139-40

(April 22, 2013 notice to cure); ECF No. 19-5 at 1. Amalgamated brought three eviction

proceedings against the Gerasimovs: the first was discontinued, ECF No. 19-3 (September 2012

Housing Court Order); the second was discontinued with prejudice, ECF No. 19-4 (December

2013 Housing Court Order); and the third (based on conduct which occurred after the second)

---

[1] Given that Plaintiff's lengthy complaint incorporates a number of exhibits, I cite to specific pages of the complaint in lieu of paragraphs.

was dismissed with prejudice after trial, ECF No. 19-5 (May 2018 Housing Court Order). Norris McLaughlin represented Amalgamated in all three eviction proceedings. Compl. at 5; May 2018 Housing Court Order at 4.

The Gerasimovs then sued Amalgamated for malicious prosecution and Norris McLaughlin for fraud on the court in Supreme Court, Bronx County. See ECF No. 21-10 (Supreme Court Compl.). In this action, Amalgamated was represented by Morris Duffy, and Norris McLaughlin represented itself. Compl. at 5; ECF No. 21 (Morris Duffy Mot.) at 3. The Gerasimovs and Amalgamated cross-moved for summary judgment. In early 2019, the court denied the Gerasimovs' motion and granted Amalgamated's, dismissing the case. ECF No. 21-3 (February 2019 Supreme Court Order) at 5. The Gerasimovs then moved the court to rescind its decision and disqualify the presiding judge. The court denied this motion as "devoid of merit." ECF No. 21-4 (May 2019 Supreme Court Order).

The Gerasimovs appealed the dismissal and attempted to perfect their appeal by using the appendix method. See N.Y. CPLR § 5528(a)(5); 22 N.Y.C.R.R. §§ 1250.5(a), 1250.6-1250.7. Amalgamated moved to strike the brief and appendix on the grounds that the appendix included documents not previously part of the underlying motion papers. In October 2019, the First Department struck the brief and appendix and directed the Gerasimovs to file a replacement for the January 2020 term. ECF No. 19-7 (October 2019 First Department Order). Plaintiffs refiled the appendix, again including superfluous documents, and Amalgamated moved to dismiss or alternatively strike the appeal on the same grounds as before. The First Department granted Amalgamated's motion to strike and dismissed the appeal for failure to comply with the October 2019 First Department Order. ECF No. 21-11 (February 2020 First Department Order). The Gerasimovs' motion for reconsideration of the February 2020 First Department Order was

3

denied. ECF No. 21-5 (May 2020 First Department Order). Ekaterina Gerasimov passed away in June of 2020. Compl. at 6.

Gerasimov filed this complaint on March 1, 2021. All defendants have moved to dismiss. ECF Nos. 19, 21, 41. Gerasimov has opposed the motions, ECF Nos. 25, 26, 47, and moved for judgment on the pleadings, ECF Nos. 24, 27, and to change venue, ECF No. 31.

## DISCUSSION

Defendants Amalgamated and Morris Duffy both move to dismiss the Complaint: under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction; under Rule 12(b)(6) for failure to state a claim, including failure to state a valid claim of fraud as required by Rule 9(b); on the grounds that the action is barred by res judicata; and under N.Y. CPLR § 215(3) on the grounds that the action is barred by the applicable statute of limitations. Additionally, Morris Duffy moves to dismiss the Complaint on the grounds that the action is barred by the Rooker-Feldman doctrine. Amalgamated also moves to dismiss the Complaint pursuant to Rule 19 for failure to include the Estate of Ekaterina Gerasimov, a necessary party plaintiff. Finally, Norris McLaughlin joins Amalgamated's and Morris Duffy's motions and separately moves to dismiss the Complaint under Rule 12(b)(5) for insufficient service of process.

## I.    Construction of Pro Se Submissions and Universe of Materials for Review

The "submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); see Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011). The Court must, however, examine a *pro se* plaintiff's complaint "for factual allegations sufficient to meet the plausibility requirement." Hill, 657 F.3d at 122; see Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007) (a complaint must allege "enough facts to state a claim for relief that is plausible on its face"). Courts "are obligated to draw the most favorable inferences that [a *pro se*] complaint supports," but "cannot invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). The Court will not assume the truth of mere legal conclusions or conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Because a motion to dismiss "challenges the complaint as presented by the plaintiff," the Court may ordinarily review "only a narrow universe" of materials in assessing whether the motion should be granted. Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016). Courts may consider the complaint itself, as well as documents incorporated by reference or appended. Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). "[I]n ruling on a 12(b) motion to dismiss," courts are also "permitted to consider matters of which judicial notice may be taken." Simmons v. Trans Express Inc., 16 F.4th 357, 360 (2d Cir. 2021) (internal quotation omitted). Complaints filed in state court and prior rulings are public records and subject to judicial notice. See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004); Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings.") (internal quotation omitted).

## II.     Dismissal on Rule 12(b) Grounds

All defendants move to dismiss the complaint on Rule 12(b)(1) and 12(b)(6) grounds. "The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are substantively identical." Pearl River Union Free Sch. Dist. v. Duncan, 56 F. Supp. 3d 339, 351 (S.D.N.Y. 2014) (cleaned up).

The complaint "must allege sufficient facts . . . to state a plausible claim for relief." Johnson v. Priceline.com, Inc., 711 F.3d 271, 275 (2d Cir. 2013) (citing Twombly, 550 U.S. at 555-56). The Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

The only difference between Rule 12(b)(1) and 12(b)(6) motions is the allocation of the burden of proof. On a Rule 12(b)(1) motion, the plaintiff has the burden of proving subject matter jurisdiction exists by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). On a Rule 12(b)(6) motion, the movant bears the burden. Pearl River Union Free Sch. Dist., 56 F. Supp. 3d at 351 (citation omitted).

A.      **Lack of Subject Matter Jurisdiction**

The Court should dismiss this action because it lacks subject matter jurisdiction. "A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." Id. (quoting Bryant v. Steele, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014)). Federal courts have jurisdiction over actions arising under the Constitution or federal law. See 28 U.S.C. § 1331; Perpetual Secs., Inc. v. Tang, 290 F.3d 132, 137 (2d Cir. 2002) (federal question where well-pleaded complaint establishes that federal law creates cause of action). "A private individual may bring suit under a federal statute only when Congress specifically intended to create a private right of action." Hill v. Didio, 191 F. App'x 13, 14 (2d Cir. 2006).

Gerasimov asserts federal question jurisdiction based on a violation of his Fourteenth Amendment due process and equal protection rights, including a violation of his "constitutional

right for fair trial guaranteed to all citizens of the United States." Compl. at 6. He also invokes the "protection" of 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1621 (criminal perjury), id., which the Court construes as alleging a violation of both those federal statutes. Specifically, he alleges that he did not receive a fair trial because Amalgamated submitted purportedly fraudulent papers that were unrelated to his Supreme Court complaint, Compl. at 21-22; that there were irregularities in the February 2019 Supreme Court Order due to Norris McLaughlin's fraud, id. at 29; that the 2017 eviction proceeding was fraudulently commenced and unconstitutionally adjudicated, id. at 80; and that his motion for reconsideration of the February 2020 First Department Order was improperly denied, id. at 81-82.

I recommend that the Court dismiss Gerasimov's complaint for lack of subject matter jurisdiction because he has not plausibly pleaded a federal question that would confer jurisdiction upon the Court.

### 1. Fourteenth Amendment

A plaintiff asserting a cause of action based on the Fourteenth Amendment's Due Process or Equal Protection Clauses must rely on 42 U.S.C. § 1983, which "provid[es] the basis for securing redress for constitutional violations." Pauk v. Bd. of Trustees of City Univ. of N.Y., 654 F.2d 856, 865 (2d Cir. 1981); see Lehman v. Doe, 66 F. App'x 253, 255 (2d Cir. 2003) ("[W]hen § 1983 provides a remedy, an implied cause of action grounded directly in the Constitution is not available.").

### a. State Action

"To prevail on a § 1983 claim, a plaintiff must prove that the challenged conduct was attributable at least in part to a person acting under color of state law . . . ." Wimmer v. Suffolk Cty. Police Dep't, 176 F.3d 125, 136-37 (2d Cir. 1999). The acts of a "nominally private entity"

can be attributed to the state when the entity is controlled or coerced to act by the state, when the entity acts jointly or in "close nexus" with the state, or when the entity has been delegated a public function by the state. Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008).

Gerasimov largely argues that Amalgamated and Norris McLaughlin's conduct is responsible for the violation of his constitutional rights. But these defendants are private actors that participated in standard eviction proceedings against, and a subsequent civil suit by, Gerasimov. There is no evidence that either was controlled or coerced by, acted jointly with, or was delegated a public function by the New York state judiciary, which oversaw the litigation. "[M]ere use, and even misuse, of the state courts does not turn private parties into state actors." Koziol v. King, No. 14-cv-946 (GLS)(TWD), 2015 WL 2453481, at *11 (N.D.N.Y. May 22, 2015) (citing Cramer v. Englert, 93 F. App'x 263, 264 (2d Cir. 2004)). Neither Amalgamated nor Norris McLaughlin are state actors for Section 1983 purposes, and Gerasimov accordingly cannot assert constitutional causes of action against them.

To the extent Gerasimov suggests that either of the non-party state court judges who oversaw the eviction proceedings or civil litigation are state actors, "judges generally have absolute immunity from suits for money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009); see Mireles v. Waco, 502 U.S. 9, 11 (1991) (judicial immunity is "from *suit*, not just from ultimate assessment of damages" (emphasis added)). Gerasimov cannot sue judges for adjudicating pending motions, a function they "normally perform[]." Stump v. Sparkman, 435 U.S. 349, 362 (1978). Gerasimov has failed to demonstrate state action necessary to assert a violation of the Due Process or Equal Protection Clauses.

### b.    Constitutional Deprivation

Even assuming, counter-factually, that there is state action, Gerasimov must still allege a

"deprivation of a right protected by the Constitution or by federal law." Alroy v. City of New

York L. Dep't, 69 F. Supp. 3d 393, 402 (S.D.N.Y. 2014). Section 1983 due process claims can

"be founded upon violations of Plaintiff's Fourteenth Amendment procedural due process rights,

substantive due process rights, or a conspiracy between a private entity and public actor to

commit unconstitutional acts, if an unconstitutional act is adequately alleged." Id. (citations

omitted). But "Section 1983 liability may not be predicated on a claim of malicious abuse of *civil*

process." Id. (citing Cook v. Sheldon, 41 F.3d 73, 79-80 (2d Cir. 1994)) (emphasis in original).

"[T]o establish a procedural due process violation, a plaintiff must prove that he or she

was deprived of 'an *opportunity* granted at a meaningful time and in a meaningful manner for a

hearing appropriate to the nature of the case.'" Brady v. Town of Colchester, 863 F.2d 205, 211

(2d Cir. 1988) (quoting Boddie v. Connecticut, 401 U.S. 371, 378 (1971)) (emphasis in Brady)

(alterations omitted). Gerasimov has not alleged that he was denied the opportunity to be heard.

Two eviction proceedings against him and his wife were dismissed or discontinued, the third

tried and dismissed, and after his civil suit was decided adversely, Gerasimov appealed the

court's decision. That his appeal was dismissed does not mean he was not heard; to the contrary,

Gerasimov availed himself of the avenues of the judicial process available to him. Any

procedural due process claim is without merit.

"Government conduct may be actionable under section 1983 as a substantive due process

violation if it shocks the conscience.'" Spear v. Town of W. Hartford, 954 F.2d 63, 68 (2d Cir.

1992) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)); Velez v. Levy, 401 F.3d 75, 94

(2d Cir. 2005) (intentional and malicious dissemination of falsehoods in order to deprive plaintiff

of job may shock the conscience). Gerasimov claims, for instance, that the defendants commenced premeditated and "bogus" eviction proceedings, Compl. at 26, and committed "massive intrinsic fraud" in concert with the state courts, id. at 71, but he offers no proof of such beyond saying, in so many words, that it is so. The complaint does not state a plausible claim for a violation of his substantive due process rights.

And because Gerasimov has not alleged an underlying unconstitutional act, he cannot successfully state a conspiracy claim. See Alroy, 69 F. Supp. 3d at 403. His Fourteenth Amendment due process claim therefore cannot serve as a basis for federal question jurisdiction.

The same is true for Gerasimov's equal protection claim. "[T]he prototypical equal protection claim involves discrimination against people based on their membership in a vulnerable class," but "the equal protection guarantee also extends to individuals who allege no specific class membership but are nonetheless subjected to invidious discrimination at the hands of government officials." Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001). Construing Gerasimov's complaint liberally, he describes himself as an elderly United States citizen of Russian descent. Compl. at 33, 82. Gerasimov's status as an elder citizen does not make him a member of a vulnerable class for purposes of the equal protection analysis. To prove an equal protection claim based on his national origin, Gerasimov "must allege that a government actor *intentionally* discriminated against him . . . on the basis" of his being Russian. Jana-Rock Const., Inc. v. N.Y. State Dep't of Econ. Dev., 438 F.3d 195, 204 (2d Cir. 2006) (emphasis added). But all Gerasimov says on the matter is that the Defendants conspired to "entertain [the] playing card of Plaintiffs' Russian descent." Compl. at 33. Beyond this sentence, he makes no showing that he was "intentionally treated differently from others similarly situated

and that there [was] no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam).

### 2. Criminal Code Provisions and Other Federal Doctrines

Gerasimov also invokes 18 U.S.C. §§ 1341 and 1621. These are both criminal statutes that do not provide for civil remedies. See Kashelkar v. Bluestone, 306 F. App'x 690, 692 (2d Cir. 2009) (18 U.S.C. § 1341 does not create private cause of action); Ippolito v. Meisel, 958 F. Supp. 155, 167 (S.D.N.Y. 1997) (same as to 18 U.S.C. § 1621). The Court is not aware of any precedent that would support a cause of action arising out of the law of evidence. And as for res judicata and unclean hands, they are affirmative defenses, not causes of action. See Tierney v. Omnicom Grp. Inc., No. 06-cv-14302 (LTS)(THK), 2007 WL 2012412, at *10 (S.D.N.Y. July 11, 2007). None of these federal laws or doctrines is sufficient to support Gerasimov's assertion of federal question jurisdiction.

### 3. State Law Claims

Finally, any claims brought under elder law or N.Y. Penal Law § 210.10 are state law claims (though the latter is again a criminal provision and does not allow for civil remedies). The Court may exercise supplemental jurisdiction over any state law claims only if it has federal question jurisdiction and the state law claims are related to the federal claims. See 28 U.S.C. § 1367(c)(3); Cangemi v. United States, 13 F.4th 115, 134 (2d Cir. 2021) ("Where a district court dismisses all federal claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure, . . . the district court is *precluded* from exercising supplemental jurisdiction over the remaining state-law claims." (emphasis in original)). Accordingly, if the Court dismisses Gerasimov's federal claims, the Court cannot exercise jurisdiction over his state law claims, and they must be dismissed as well.

In sum, Gerasimov has not met his burden of establishing the Court's subject matter jurisdiction. On this ground alone, the Court should grant the motions to dismiss and close the case. For purposes of this Report and Recommendation, I briefly address several alternative grounds that support dismissal of the action.

### B.    Failure to State a Claim

A claim has "facial plausibility" sufficient to satisfy Rule 12(b)(6) "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Iqbal, 556 U.S. at 678). "[C]onclusions of law or unwarranted deductions of fact are not admitted," and "[t]his principle applies with even greater force in a fraud case governed by the more stringent pleading requirements of Fed. R. Civ. P. 9(b)." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (cleaned up). Rule 9(b) requires a party to state "with particularly the circumstances constituting" the fraud. Fed. R. Civ. P. 9(b). The complaint must specify the statements that the plaintiff contends are fraudulent and explain "*why*" they were fraudulent. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) (emphasis added).

Gerasimov alleges fraud by Amalgamated and Norris McLaughlin during the eviction proceedings, e.g., Compl. at 5, 33-34, fraud by Amalgamated, Norris McLaughlin, and Morris Duffy during the civil suit, e.g., id. at 5, 19, 23, 25-26, 35-40, 65-66, and collusion and conspiracy with the judge presiding over the civil suit, e.g., id. at 40-41, 71-74. In support, Gerasimov contends that the eviction proceedings were premised on a "bogus violation" of the New York City Administrative Code. Id. at 26. He argues that certain provisions of the code, which Amalgamated cited in the notices to cure, described building owners' duties, not tenants',

so the eviction proceedings relied on inherently phony charges. Id. at 26-27. Gerasimov quotes the code selectively: Section 27-2005 of the New York City Administrative Code imposes duties on building owners "except insofar as responsibility for compliance is imposed upon the tenant alone," N.Y.C. Admin. Code § 27-2005(b), and Section 309 of the Multiple Dwelling Law describes all nuisances as unlawful and does not differentiate between building owners and tenants, N.Y. Mult. Dwell. Law § 309(1)(a). That the May 2018 Housing Court Order ultimately dismissed the third eviction proceeding does not render the underlying charges *fraudulent*, merely unsubstantiated. See May 2018 Housing Court Order at 4 ("Petitioner failed to establish nuisance conduct . . . .").

Gerasimov is incorrect that dismissal or discontinuance of the first two eviction proceedings necessarily rendered the third unconstitutional or fraudulent. The third eviction proceeding was based on evidence of allegedly nuisance behavior that occurred in 2016, after the September 2012 and December 2013 Housing Court Orders. Compl. at 29; May 2018 Housing Court Order at 2. The Court does not see evidence of collusion or conspiracy in the Supreme Court's adjudication of Gerasimov's civil suit. Compl. at 39-42. Beyond assertions that such collusion resulted in the dismissal of his civil suit, Gerasimov offers no evidence that the presiding judge conspired with opposing counsel or that the court clerk's office tampered with court documents. See id. at 39-52. He does not show how Morris Duffy's serving papers on the wrong mailing address was anything more than a clerical error. Id. at 52-53. And he does not explain his basis for concluding that fraud caused the docket entry for the February 2019 Supreme Court Order to lack an index, chronological organization, or searchability, all of which purportedly made it impossible for the First Department to consider in the appeal. Id. at 25.

In short, Gerasimov fails to plead facts that allow the Court reasonably to infer Defendants' liability. Accordingly, in the alternative, the Court could dismiss this action under Rule 12(b)(6) and Rule 9(b) for failure to state a claim.

### C.      Insufficient Service of Process

Norris McLaughlin moves separately under Rule 12(b)(5) to dismiss the complaint for insufficient service of process. "Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." Preston v. New York, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002), aff'd sub nom. Preston v. Quinn, 87 F. App'x 221 (2d Cir. 2004).

Federal Rule 4(h) prescribes the means of serving a corporation, partnership, or association in a judicial district of the United States: either (1) in the manner for serving an individual under Rule 4(e)(1), or (2) by delivering a copy of the summons and complaint to an officer or agent authorized by appointment or law to receive service of process and also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1)(A)-(B). Under Rule 4(e)(1), individuals can be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Id. 4(e)(1). The applicable state law is N.Y. CPLR § 311, which governs service on corporations.[2] Service may be made upon a corporation by (1) delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by

---

[2] Norris McLaughlin is incorporated as a professional corporation in New Jersey. See State of New Jersey Division of Revenue & Enterprise Services Business Name Search, https://www.njportal.com/DOR/ BusinessNameSearch/Search/BusinessName (last visited December 17, 2021).

appointment or by law to receive service," N.Y. CPLR § 311, or (2) pursuant to N.Y. CPLR § 306, via the New York Secretary of State.

Gerasimov filed proof of service indicating that he served Norris McLaughlin on March 2, 2021, via Federal Express. ECF No. 7. In a letter to the Court filed on June 29, 2021, ECF No. 36, Gerasimov argues that no local or federal rule or regulation precludes service by Federal Express, and that he himself was regularly served papers by Morris Duffy via Federal Express during the pendency of his civil suit. Setting aside that the rules for service of *filings* are different than the rules for service of *pleadings*, Gerasimov is an individual, whereas Norris McLaughlin is a corporation, and the same rules do not apply to both. Service via Federal Express is not contemplated by N.Y. CPLR §§ 306 and 311, or by Federal Rule 4(h)(1). Gerasimov therefore failed to serve Norris McLaughlin properly. Thus, insufficient service of process provides the Court with a separate alternative ground to dismiss the claims against Norris McLaughlin.

### D.    Failure to Include Necessary Party

Amalgamated moves to dismiss the Complaint pursuant to Rule 12(b)(7) and Rule 19 for failure to include Gerasimov's wife, Ekaterina Gerasimov, as a necessary party plaintiff. A party must be joined under Rule 19(a) in three situations:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Ekaterina Gerasimov, who passed away in June of 2020, was co-owner of the shares of the cooperative corporation pursuant to which the couple lived in the apartment,

co-respondent in the prior eviction proceedings, and co-plaintiff in the Bronx County Supreme Court civil suit. Gerasimov's complaint describes damages he and his wife allegedly sustained together, but he has not named her estate as a party plaintiff. See Compl. at 5, 6, 82, 83, 90.

Amalgamated has not shown that the Court cannot "accord complete relief" among the existing parties in Ekaterina Gerasimov's absence. Gerasimov seeks the following relief: that the Court set aside the February 2019 Supreme Court Order; that the Court grant summary judgment in Gerasimov's favor as to his civil suit in state court; that Amalgamated, Norris McLaughlin, and Morris Duffy each pay $1,000,000 in compensatory damages to him as "plaintiff in [the] instant case"; and that Norris McLaughlin and Morris Duffy each pay the Southern District of New York $9,000,000 in punitive damages. Compl. at 82-83. None of this relief necessitates the participation of Ekaterina Gerasimov's Estate. The Court cannot re-adjudicate the state court decisions that involved her (discussed further in Sections III and IV), and Gerasimov seeks damages only for himself.

To the extent that Ekaterina Gerasimov's Estate has any interest in this action, Gerasimov shares that interest as her surviving husband, co-tenant, co-respondent in the prior eviction proceedings, and co-plaintiff in the state civil suit. "Not only does [he] share the same interest in the outcome of the litigation, but [he] . . . would be expected to raise virtually the same arguments that [she] would raise." Lang v. Barnhart, No. 05-cv-7263 (KMK)(MDF), 2008 WL 4852692, at *3 (S.D.N.Y. Apr. 23, 2008), report and recommendation adopted as modified sub nom. Lang ex rel. Morgan v. Astrue, 2008 WL 4829946 (S.D.N.Y. Nov. 5, 2008); see Holland v. Fahnestock & Co., Inc., 210 F.R.D. 487, 502-03 & n.18 (S.D.N.Y. 2002) ("[T]he court looks to the adequacy with which a party to the suit represents the absent party's interests." (internal quotation omitted)). Amalgamated's claim that Ekaterina Gerasimov "alleged by [sic] sustained

damages similar to those alleged by plaintiff" is insufficient. ECF No. 28 at 3. Of course, the Court need not reach this issue; but in the interest of completeness, the failure to include the Estate of Ekaterina Gerasimov would not be a basis to dismiss this action.

The motions under Rule 12(b) establish multiple grounds to dismiss this action. The Court, however, briefly addresses several additional alternative theories for dismissal.

## III.   Action Barred by Res Judicata

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). The principle applies to federal courts' review of state court judgments through the Full Faith and Credit Clause, 28 U.S.C. § 1738, which requires federal courts "to give to a state court judgment the same preclusive effect that it would have in a state court." Yoon v. Fordham Univ. Fac. & Admin. Ret. Plan, 263 F.3d 196, 200 (2d Cir. 2001). In New York, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357 (1981). Res judicata also binds privies to the parties in the prior action, including "those who control an action although not formal parties to it" and "those whose interests are represented by a party to the action." Watts v. Swiss Bank Corp., 27 N.Y.2d 270, 277 (1970).

Gerasimov sued Amalgamated for malicious prosecution and Norris McLaughlin for fraud on the court in Bronx County Supreme Court. See Supreme Court Compl. The state court found that the Gerasimovs had not met their burden as to either the malicious prosecution or fraud claims, granted summary judgment in Amalgamated's favor, and dismissed the case. See February 2019 Supreme Court Order. The Gerasimovs' motion for the court to rescind its

17

decision was denied, and their appeal was struck and ultimately denied. See May 2019 Supreme

Court Order; October 2019 First Department Order; February 2020 First Department Order. The

Gerasimovs' motion for reconsideration of the denial of their appeal was also denied. See May

2020 First Department Order.

Gerasimov now again alleges malicious prosecution and fraud on the court based on the

same underlying eviction proceedings and civil suit that he previously litigated and

unsuccessfully appealed, and in which all three Defendants were involved, either as parties or as

counsel to those parties. See Compl. at 8. Under New York's "transactional" approach to res

judicata, Gerasimov is barred from bringing the same claims against the same parties twice, and

cannot sue Morris Duffy based on a cause of action "so inextricably involved with . . . the

[transaction underlying the civil suit] that it must have entered into the composition of the

[Supreme Court] judgment." Statter v. Statter, 2 N.Y.2d 668, 673 (1957). The Court may

therefore also dismiss Gerasimov's complaint as barred by res judicata.

## IV.     Action Barred by Rooker-Feldman Doctrine

"The Rooker-Feldman doctrine recognizes that Congress did 'not authorize district courts

to exercise appellate jurisdiction over state-court judgments' when it defined the district courts'

original subject matter jurisdiction in 28 U.S.C. § 1331." Alroy, 69 F. Supp. 3d at 399 (quoting

McKithen v. Brown, 481 F.3d 89, 96 (2d Cir. 2007)). "Thus, when faced with a claim that is in

effect an appeal of a final state court judgment, a district court should dismiss for lack of subject

matter jurisdiction." Id.

The Rooker-Feldman doctrine applies when the following four requirements are met:

First, the federal-court plaintiff must have lost in state court. Second, the plaintiff
must 'complain of injuries caused by a state-court judgment.' Third, the plaintiff
must 'invite district court review and rejection of that judgment.' Fourth, the state-

> court judgment must have been 'rendered before the district court proceedings commenced'—i.e., <u>Rooker-Feldman</u> has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

<u>Hoblock v. Albany Cty. Bd. of Elections</u>, 422 F.3d 77, 85 (2d Cir. 2005) (alterations omitted) (quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005)).

All four prongs are plainly satisfied. First, Gerasimov's complaint is based entirely on injuries he alleges were caused by the three eviction proceedings and civil suit in state court. <u>E.g.</u>, Compl. at 5. Second, that civil suit was unsuccessful. Third, Gerasimov asks the Court to set aside the February 2019 Supreme Court Order, reject the Bronx County Supreme Court's argument, and grant summary judgment in his favor. And fourth, the First Department denied his motion for reconsideration in May of 2020, almost a year before he initiated this action. Gerasimov's argument that the <u>Rooker-Feldman</u> doctrine is irrelevant and intended to "mislead" the Court is without merit. ECF No. 25 (Pl.'s First Opp.) at 28-29; ECF No. 26 (Pl.'s Second Opp.) at 29-30. Thus, alternatively, the Court may dismiss Gerasimov's complaint as barred by the <u>Rooker-Feldman</u> doctrine.

## V.    Action Barred by Applicable Statute of Limitations

Assuming Gerasimov *did* assert actionable state law claims of malicious prosecution or fraud upon the court, such claims must be timely under New York law. Malicious prosecution claims must be brought within one year of their accrual. N.Y. CPLR § 215(3). Such claims accrue when the underlying action terminates in the plaintiff's favor. <u>See</u> <u>Galicia v. Tobiko Rest., Inc.</u>, No. 16-cv-4074(ADS)(SIL), 2017 WL 2437260, at *2 (E.D.N.Y. June 3, 2017) (plaintiffs "required to plausibly allege that the [defendant] initiated an action against them, without probable cause to believe it could succeed, and that the case terminated in the [plaintiffs] favor," with termination an "essential element"). The only relevant proceedings which terminated in

Gerasimov's favor are the three eviction proceedings, the last of which was resolved on May 3, 2018, almost three years before Gerasimov filed this case. Any malicious prosecution claims are untimely.[3]

## CONCLUSION

Gerasimov has failed to plead federal question jurisdiction, failed to state a plausible claim sufficient to satisfy Rule 12(b)(6), and did not properly serve Norris McLaughlin. Furthermore, his action is barred by res judicata and by the Rooker-Feldman doctrine, and his state law claims are untimely. Accordingly, I recommend that the Court grant the Defendants' motions to dismiss, mooting the Plaintiff's pending motions for judgment on the pleadings and to change venue. The Clerk of Court is respectfully requested to mail a copy of this Report and Recommendation to the pro se Plaintiff.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:        December 17, 2021
              New York, New York

---

[3] The fraud upon the court to which Gerasimov refers appears to be that contemplated by Rule 60 of the Federal Rules of Civil Procedure, which permits courts to relieve parties from a judgment or order for fraud by the opposing party. Fed. R. Civ. P. 60(b)(3); see Compl. at 10-11. "Motions for relief from judgment pursuant to 60(b) alleging fraud . . . may not support a motion filed more than a year after judgment." Wilson v. City of New York, No. 03-cv-2495 (RLC), 2009 WL 3614612, at *2 (S.D.N.Y. Nov. 2, 2009). The one-year statute of limitations is "absolute." Id. (citing Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000)). The First Department denied Gerasimov's appeal on February 4, 2020, over a year before Gerasimov filed his complaint, and the Court is not aware of any precedent suggesting that a motion for reargument tolls the applicable statute of limitations.

\*                    \*                    \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS

## REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable John Peter Cronan at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Cronan. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

21