UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
              :
BORIS GERASIMOV,              :
              :
          Plaintiff,         :
              :     21 Civ. 1760 (JPC) (SN)
     -v-            :
              :     <u>ORDER</u>
AMALGAMATED HOUSING CORP. *et al.*,  :
              :
         Defendants.      :
              :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Boris Gerasimov, proceeding *pro se*, brings this action against his housing cooperative which previously sought his eviction, the law firm that represented the cooperative in those eviction proceedings against Plaintiff in housing court, and the law firm that defended the cooperative in Plaintiff's subsequent state court action for malicious prosecution. Plaintiff alleges claims for violations of his constitutional rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment, under the "Law of Evidence," under the doctrine of *res judicata*, under the doctrine of unclean hands, for perjury under N.Y. Penal Law § 210.10 and 18 U.S.C. § 1621, for mail fraud under 18 U.S.C. § 1341, and under "Elder law." Dkt. 1 at 6. Defendants filed motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), for failure to state a claim pursuant to Rule 12(b)(6) and Rule 9(b), under the *Rooker-Feldman* doctrine, and for failure to include a necessary party as well as on statute of limitations and *res judicata* grounds. Dkts. 19, 21, 43. Defendant Norris McLaughlin & Marcus Law Firm also moved to dismiss for insufficient service of process under Rule 12(b)(5). Dkt. 43. Plaintiff cross-moved for judgment on the pleadings, Dkt. 26, and for change of venue,

Dkt. 32. On December 17, 2021, the Honorable Sarah Netburn, to whom this case has been referred for both general supervision of pretrial proceedings and for a Report and Recommendation on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned grant Defendants' motions to dismiss, deny Plaintiff's motions for judgment on the pleadings and for change of venue as moot, and dismiss this action. Dkt. 53 ("R&R").

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. R&R at 21. No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d. Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court adopts the Report and Recommendation in its entirety. The Court therefore grants Defendants' motions to dismiss, dismisses Plaintiffs' Complaint in its entirety for lack of subject

matter jurisdiction, and denies Plaintiff's motions for judgment on the pleadings and for change of venue as moot. The Clerk of Court is respectfully directed to terminate all pending motions, close this case, and mail a copy of this Order to Plaintiff.

    SO ORDERED.

Dated: January 10, 2022
       New York, New York

                                        JOHN P. CRONAN
                                  United States District Judge