UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                              :
BORIS GERASIMOV,                                              :
                                                              :
                            Plaintiff,                        :
                                                              :
            -v-                                               :            21 Civ. 1760 (JPC) (SN)
                                                              :
AMALGAMATED HOUSING CORPORATION, *et al.*,    :            ORDER ADOPTING
                                                              :            REPORT AND
                            Defendants.                       :            RECOMMENDATION
                                                              :
------------------------------------------------------------------------ X

JOHN P. CRONAN, United States District Judge:

*Pro se* Plaintiff Boris Gerasimov initiated this action against Defendants Amalgamated Housing Corporation ("Amalgamated"), the law firm Norris McLaughlin & Marcus ("Norris McLaughlin"), and the law form Morris Duffy Alonso & Foley on March 1, 2021. Dkt. 1. On January 10, 2022, the Court granted Defendants' motions to dismiss the Complaint and closed the case. *Gerasimov v. Amalgamated Hous. Corp.*, No. 21 Civ. 1760 (JPC), 2022 WL 94879, at *2 (S.D.N.Y. Jan. 10, 2022). Over three years later, on June 18, 2025, Gerasimov moved under Federal Rule of Civil Procedure 60(d)(3) to set aside the Court's judgment. Dkt. 56 ("Motion"); *see also* Dkt. 60 ("Gerasimov Decl."). After Norris McLaughlin filed an opposition to Gerasimov's motion, Dkt. 58, Gerasimov also moved to strike Norris McLaughlin's opposition, Dkt. 62.

On November 18, 2025, the Honorable Sarah Netburn, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned deny Gerasimov's motion to set aside the judgment. Dkt. 89 ("R&R") at 4-7. Judge Netburn further

recommended that the undersigned deny Gerasimov's motion to strike Norris McLaughlin's opposition to Gerasimov's motion to set aside the judgment. *Id.* at 7-8.

Gerasimov filed objections to Judge Netburn's Report and Recommendation on November 26, 2025. Dkt. 90 ("Objections"). Then, in December 2025, Gerasimov made an additional filing objecting to the Report and Recommendation. Dkt. 91. After Norris McLaughlin responded to Plaintiff's objections on December 15, 2025, Dkt. 92, Gerasimov responded to that filing three days later, Dkt. 93. Finally, on January 5, 2026, Gerasimov submitted a document titled "Motion for Final Closing Instant Case," which asked the Court to close the case in his favor after setting aside the current judgment. Dkt. 94.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation, and must conduct *de novo* review of any part of the magistrate judge's disposition to which a party submits a proper objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "To be proper, an objection must be clearly aimed at particular findings, and may not be conclusory or general." *Riaz v. Comm'r of Soc. Sec.*, No. 20 Civ. 8418 (JPC) (SLC), 2022 WL 4482297, at *2 (S.D.N.Y. Sept. 27, 2022) (cleaned up). "Parties may neither regurgitate the original briefs to the magistrate judge nor raise new arguments not raised to the magistrate judge in the first instance." *Id.* (internal quotation marks omitted); *accord United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019). A district court reviews for clear error those parts of a report and recommendation to which no party has filed proper or timely objections. 28 U.S.C. § 636(b)(1)(A); *see Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) ("To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks omitted)).

2

"The objections of parties appearing *pro se* are generally accorded leniency and should be construed to raise the strongest arguments that they suggest." *DiPilato v. 7–Eleven, Inc.,* 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (internal quotation marks omitted). "However, even where an objection has been filed *pro se*, an objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of Rule 72(b)." *Williams v. Woodhull Med. & Mental Health Ctr.*, 891 F. Supp. 2d 301, 310 (E.D.N.Y. 2012) (cleaned up).

Gerasimov's objections do not warrant *de novo* review. Rather than make arguments "clearly aimed at particular findings," *Harden v. LaClaire*, No. 07 Civ. 4592 (LTS), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008), Gerasimov attempts to introduce "new fact[s]" and offers the Court "suggestions for taking the right way to close [the] case," Objections at 2.

Even so, the Court has conducted a *de novo* review of the Report and Recommendation, and finds its conclusions well-founded and entirely correct. Gerasimov brings his motion under Rule 60(d)(3) which requires a showing of "fraud on the court." Fed. R. Civ. P. 60(d)(3). Indeed, Gerasimov seems to agree that his motion to set aside this Court's judgment—filed well over three years after that judgment was entered—would be timely only under Rule 60(d)(3). *See* Motion at 5.[1] ("The one year limitations period for relief from judgment in Rule 60 does not apply to fraud on the court."); *see also* Fed. R. Civ. P. 60(b)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

"[F]raud upon the court is limited to that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can[]not perform in the usual manner its impartial task of adjudging cases that are presented for

---

[1] Citations to the Motion are to the ECF-generated page numbers.

3

adjudication." *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972) (cleaned up). No such miscarriage of justice occurred here. Gerasimov seems to argue that Amalgamated misled the Court into concluding both that he and his wife engaged in additional conduct of playing the piano during prohibited hours, Motion at 3-4; Gerasimov Decl. at 1-2, and that he did not properly serve Norris McLaughlin with a copy of the Summons and Complaint, Gerasimov Decl. at 3-5. As Judge Netburn noted, those arguments fail to warrant relief under Rule 60(d)(3) for multiple reasons. *See* R&R at 5-7. Most fundamentally, this case was dismissed due to a lack of subject-matter jurisdiction—not on account of any conclusions the Court reached about Gerasimov's or his wife's piano-playing or the inadequacy of his service of process on Norris McLaughlin. *See Gerasimov*, 2022 WL 94879, at *2. There is therefore no basis for setting aside the Court's judgment under Rule 60(d)(3). *See Anderson v. New York*, No. 07 Civ. 9599 (SAS), 2012 WL 4513410, at *4 (S.D.N.Y. Oct. 2, 2012) ("If a court's judgment was not influenced by the conduct at issue, the judgment should not be set aside." (internal quotation marks omitted)).

Because the Court denies Gerasimov's motion to set aside the judgment, it also denies his "Motion for Final Closing Instant Case" and denies as moot his motion to strike Norris McLaughlin's opposition. The Clerk of Court is respectfully directed to terminate the motions pending at Docket Numbers 56, 62, and 94.

  SO ORDERED.

Dated: February 9, 2026
  New York, New York

             JOHN P. CRONAN
          United States District Judge

4