UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
                                              :

BORIS GERASIMOV,                            :

                      Plaintiff,            :

              -v-                :            21 Civ. 1760 (JPC)

                                                :

AMALGAMATED HOUSING CORPORATION, *et al.*,   :       <u>OPINION AND ORDER</u>

                    Defendants.       :

                                                :
------------------------------------------------------------------------ X

JOHN P. CRONAN, United States District Judge:

On January 10, 2022, this Court granted Defendants' motions to dismiss Plaintiff Boris Gerasimov's Complaint and closed this case. *Gerasimov v. Amalgamated Hous. Corp.*, No. 21 Civ. 1760 (JPC), 2022 WL 94879, at *2 (S.D.N.Y. Jan. 10, 2022). Over three years later, on June 18, 2025, Gerasimov moved under Federal Rule of Civil Procedure 60(d)(3) to set aside the Court's judgment. Dkt. 56. On February 9, 2026, the Court denied Gerasimov's motion. *Gerasimov v. Amalgamated Hous. Corp.*, No. 21 Civ. 1760 (JPC), 2026 WL 366684, at *2 (S.D.N.Y. Feb. 9, 2026). One week later, Gerasimov filed a motion for reconsideration of the Court's denial of his motion to set aside the judgment. Dkt. 97.

Motions for reconsideration in this District are governed by Local Civil Rule 6.3, which requires the movant to "set[] forth concisely the matters or controlling decisions which the moving party believes the Court has overlooked." S.D.N.Y. Loc. Civ. R. 6.3. The standard for granting reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal

quotation marks omitted); *see Shrader*, 70 F.3d at 257 ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Gerasimov's motion for reconsideration is denied.  Gerasimov's latest filing points to no overlooked authority or new information.  While the Court grants solicitude to Gerasimov's status as a *pro se* litigant, the standard for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see Iowa Pub. Emps. Ret. Sys. v. Deloitte & Touche LLP*, 973 F. Supp. 2d 459, 462 (S.D.N.Y. 2013) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." (internal quotation marks omitted)).

Additionally, and in light of his numerous repetitive filings in this case, the Court warns Gerasimov that, should such repetitive filings continue, the Court will consider the issuance of an injunction preventing him from making further filings without prior leave.  Such an injunction is appropriate when a litigant has a "history of litigation entailing 'vexation, harassment and needless expense to [other parties]' and 'an unnecessary burden on the courts and their supporting personnel.'" *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)); *see Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." (internal quotation marks omitted)); *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per

curiam) (identifying factors that a court must consider in weighing whether to restrict a litigant's future access to the courts).

The Clerk of Court is respectfully directed to close Docket Number 97.

SO ORDERED.

Dated: March 6, 2026
       New York, New York

JOHN P. CRONAN
United States District Judge